1   PENELOPE A. PREOVOLOS (CA SBN 87607)
    PPreovolos@mofo.com
2   STUART C. PLUNKETT (CA SBN 187971)
    SPlunkett@mofo.com
3   MORRISON & FOERSTER LLP
    425 Market Street
4   San Francisco, California  94105-2482
    Telephone: 415.268.7000
5   Facsimile: 415.268.7522

6   Attorneys for Defendant
    APPLE INC.

7

8               UNITED STATES DISTRICT COURT

9             NORTHERN DISTRICT OF CALIFORNIA

10                  SAN JOSE DIVISION

11

12   IN RE APPLE IN-APP PURCHASE          | **Master File No. 11-CV-1758-JF**
     LITIGATION,
13                                         | **CLASS ACTION**

14   _____          | **DEFENDANT APPLE INC.'S**
                                            **MOTION TO DISMISS**
15   This Document Relates to:             **PLAINTIFFS' CONSOLIDATED**
                                            **CLASS ACTION COMPLAINT**
16        All Actions

17                                          Date:      To Be Determined
                                            Time:      To Be Determined
18                                          Ctrm:      3, 5th Floor
                                            Judge:     Honorable Jeremy Fogel

19

20

21

22

23

24

25

26

27

28

# <u>TABLE OF CONTENTS</u>

**Page**

NOTICE OF MOTION AND MOTION ....................................................................... v

ISSUES TO BE DECIDED ........................................................................................ v

INTRODUCTION ...................................................................................................... 1

FACTUAL BACKGROUND ....................................................................................... 3

LEGAL STANDARD ................................................................................................... 5

ARGUMENT ................................................................................................................ 5

I.   PLAINTIFFS' DECLARATORY JUDGMENT CLAIM FAILS AS A MATTER
     OF LAW .............................................................................................................. 5

    A.   The Contracts Governing In-App Purchases Are Between Apple and
          Plaintiffs, Not Between Apple and Plaintiffs' Minor Children, and Thus
          Are Not Voidable ......................................................................................... 6

    B.   Plaintiffs Lack Standing To Disaffirm Any Alleged Contracts of Their
          Minor Children ............................................................................................ 9

II.  PLAINTIFFS FAIL TO STATE A CLAIM FOR BREACH OF THE implied
     COVENANT OF GOOD FAITH AND FAIR DEALING ............................................. 10

III. RULE 9(b) REQUIRES DISMISSAL OF PLAINTIFFS' CLRA and UCL
     CLAIMS ............................................................................................................... 12

    A.   Plaintiffs Fail to Allege the Specific Representations or Omissions to
          Which They Were Exposed as Required for a Violation of the UCL or
          CLRA ............................................................................................................ 12

    B.   Plaintiffs Fail To Sufficiently Allege the Reliance and Causation Required
          for a Violation of the UCL and CLRA ...................................................... 13

IV.  PROCEDURAL DEFECTS BAR PLAINTIFFS' CLRA CLAIM ................................. 15

    A.   Plaintiffs Failed to File the Affidavits Required Under Section 1780(d) ............. 15

    B.   Plaintiffs Failed To Provide Timely Notice Under Section 1782(a) .................... 15

V.   PLAINTIFFS' FIFTH CAUSE OF ACTION DOES NOT STATE AN
     INDEPENDENT CLAIM FOR RELIEF UNDER CALIFORNIA LAW ....................... 16

CONCLUSION ............................................................................................................ 17

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**CASES**

4

*Ashcroft v. Iqbal,*
   129 S. Ct. 1937 (2009) ..................................................................................................... 5, 14

5

*Bell Atl. Corp. v. Twombly,*
6   550 U.S. 544 (2007) ......................................................................................................... 5, 14

7

*Berenblat v. Apple, Inc.,*
   Nos. 08-4969 JF (PVT), 09-1649-JF (PVT), 2010 U.S. Dist. LEXIS 46052
8   (N.D. Cal. Apr. 7, 2010) ..................................................................................................... 7, 16

9

*Berg v. Traylor,*
10   148 Cal. App. 4th 809 (2007) ........................................................................................... 9, 10

11

*Buckland v. Threshold Enters., Ltd.,*
   155 Cal. App. 4th 798 (2007) ............................................................................................... 15

12

*Casey Wasserman Living Trust Under Declaration of Trust*
13   *Dated June 29, 1999 v. Bowers,*
   No.09-0180-JMH, 2011 U.S. Dist. LEXIS 14165 (E.D. Ky. Feb. 11, 2011) ......................... 9
14

15

*Cattie v. Wal–Mart Stores, Inc.,*
   504 F. Supp. 2d 939 (S.D. 2007) ......................................................................................... 16

16

*Clemens v. DaimlerChrysler Corp.,*
17   534 F.3d 1017 (9th Cir. 2008) ................................................................................................ 5

18

*Cohen v. DirecTV,*
19   178 Cal. App. 4th 966 (2009) ......................................................................................... 12, 13

20

*Davie v. Padgett,*
   117 Ark. 544 (Ark. 1915) ..................................................................................................... 10

21

*Dostal v. Magee,*
22   272 Wis. 509, 76 N.W.2d 349 (1956) .................................................................................. 10

23

*Doyle v. Giuliucci,*
   62 Cal. 2d 606 (1954) ............................................................................................................. 6
24

25

*Glenway Indus., Inc. v. Wheelabrator-Frye, Inc.,*
   686 F.2d 415 (6th Cir. 1982) .................................................................................................. 9

26

*Hafiz v. Greenpoint Mortg. Funding, Inc.,*
27   652 F. Supp. 2d 1039 (N.D. Cal. 2009) ................................................................................ 17

28

*Hovsepian v. Apple Inc.*,
  No. 08-5788 JF (PVT), 2009 U.S. Dist. LEXIS 117562 (N.D. Cal. Dec. 17, 2009).. 12, 13, 17

*In re Apple & AT&T iPad Unlimited Data Plan Litig.*,
  No. 10-2553-RMW, 2011 U.S. Dist. LEXIS 77411 (N.D. Cal. July 18, 2011) .................... 15

*In re Facebook PPC Adver. Litig.*,
  No. 09-3043-JF, 2010 WL 3341062 (N.D. Cal. Aug. 25, 2010) .......................................... 13

*In re Gilead Scis. Sec. Litig.*,
  536 F.3d 1049 (9th Cir. 2008)............................................................................................... 7

*In re NVIDIA GPU Litig.*,
  No. 08-4312-JW, 2009 U.S. Dist. LEXIS 108500 (N.D. Cal. Nov. 19, 2009)...................... 17

*In re Sony Grand WEGA KDF-E A10/A20 Series Rear Projection HDTV TV Litig.*,
  758 F. Supp. 2d 1077 (S.D. Cal. 2010) ................................................................................ 15

*In re Tobacco II Cases*,
  46 Cal. 4th 298 (2009) ("*Tobacco II*")......................................................................... 13, 14

*Janda v. T-Mobile, USA, Inc.*,
  No. 05-3729-JSW, 2009 U.S. Dist. LEXIS 24395 (N.D. Cal. Mar. 13, 2009),
  *aff'd*, 378 F. App'x 705 (9th Cir. 2010) ............................................................................. 16

*Kearns v. Ford Motor Co.*,
  567 F.3d 1120 (9th Cir. 2008)............................................................................................. 12

*Kinderstart.com, LLC v. Google, Inc.*,
  No. 06-2057-JF (RS), 2006 WL 3246596 (N.D. Cal. July 13, 2006).............................. 11, 12

*Kroeze v. Chloride Grp. Ltd.*,
  572 F.2d 1099 (5th Cir. 1978)............................................................................................... 9

*Laster v. T-Mobile USA, Inc.*,
  407 F. Supp. 2d 1181 (S.D. Cal. 2005) .......................................................................... 14, 16

*Meyer v. Sprint Spectrum L.P.*,
  45 Cal. 4th 634 (2009) ....................................................................................................... 14

*Oestreicher v. Alienware Corp.*,
  544 F. Supp. 2d 964 (N.D. Cal. 2008), *aff'd*, 322 F. App'x 489 (9th Cir. 2009) ................... 5

*Oliver v. Houdlet*,
  13 Mass. 237 Am. Dec. 134 (1816) .................................................................................... 10

*Quality Motors v. Hays*,
  216 Ark. 264 (1949).......................................................................................................... 10

*Robinson v. HSBC Bank USA*,
    732 F. Supp. 2d 976 (N.D. Cal. 2010) .................................................................. 17

*Rubio v. Capital One Bank*,
    613 F.3d 1195 (9th Cir. 2010).......................................................................... 4, 7

*Stearns v. Select Comfort Retail Corp.*,
    No. 08-2746-JF, 2009 U.S. Dist. LEXIS 48367 (N.D. Cal. June 5, 2009) ........................... 16

*Tietsworth v. Sears, Roebuck and Co.*,
    No. 09-0288-JF (HRL), 2009 WL 3320486 (N.D. Cal. Oct. 13, 2009)   ........................... 14

*Vectren Commc'ns Servs. v. City of Alameda*,
    No. 08-3137-SI, 2009 U.S. Dist. LEXIS 72811 (N.D. Cal. Aug. 18, 2009)......................... 11

*Vess v. Ciba-Geigy Corp. USA*,
    317 F.3d 1097 (9th Cir. 2003) ........................................................................ 12, 14

*Williams v. McImetro Access Transmission Servs.*,
    363 F. App'x 518 (9th Cir. 2010) ...................................................................... 5

*Wolf v. Walt Disney Pictures & Television*,
    162 Cal. App. 4th 1107 (2008) ........................................................................ 11

*Yates v. Aurora Loan Servs., LLC*,
    No. 11-695-EDL, 2011 U.S. Dist. LEXIS 62644 (N.D. Cal. June 13, 2011) ....................... 16

**STATUTES**

Cal. Bus. Prof. Code § 17200....................................................................................... 4

Cal. Bus. & Prof. Code § 17204 ................................................................................... 13

Cal. Bus. & Prof. Code § 17535 ................................................................................... 13

Cal. Civ. Code § 1582 .................................................................................................. 9

Cal. Civ. Code § 1750. ................................................................................................. 4

Cal. Civ. Code § 1780 ............................................................................................. 14, 15

Cal. Civ. Code § 1782(a) .......................................................................................... 15, 16

Cal. Fam. Code § 6710................................................................................................ passim

**OTHER AUTHORITIES**

2-6 Corbin on Contracts § 6.5 ...................................................................................... 8

Federal Rule of Civil Procedure 12(b)(6) ...................................................................... 5

Federal Rule of Civil Procedure 8........................................................................... 14, 15

Federal Rule of Civil Procedure 9(b) ..................................................................... passim

WILLISTON ON CONTRACTS § 9:10 (2011)....................................................................... 9

**NOTICE OF MOTION AND MOTION**

TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on a date to be determined by the court, in the Courtroom of the Honorable Jeremy Fogel, located at the Robert F. Peckham Federal Building, 280 South First Street, Fifth Floor, San Jose, California, Defendant Apple Inc., through its attorneys of record, will, and hereby does, move the Court for an order dismissing Plaintiffs' Consolidated Class Action Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) with prejudice.

This Motion is based upon this Notice, the attached Memorandum of Points and Authorities, the accompanying Request for Judicial Notice, Declaration of Stuart C. Plunkett and exhibits thereto, the complete files and records of this action, the arguments of counsel, and such other matters that the Court properly may consider.

**ISSUES TO BE DECIDED**

**(Local Rule 7-4(a)(3))**

1.      Whether plaintiffs' claim for declaratory relief, which seeks to void alleged contracts for in-app purchases between Apple and plaintiffs' minor children, fails as a matter of law because (1) plaintiffs admit the contracts governing in-app purchases are between Apple and plaintiffs and (2) plaintiffs lack standing to void any contracts of their minor children.

2.      Whether plaintiffs' claim for breach of the implied covenant of good faith and fair dealing fails as a matter of law because it improperly seeks to alter express terms of plaintiffs' contracts with Apple — terms requiring plaintiffs to maintain the confidentiality of their accounts and to be responsible for activity occurring on or through their accounts.

3.      Whether plaintiffs' claims under the Unfair Competition Law ("UCL") and Consumer Legal Remedies Act ("CLRA") must be dismissed because the complaint fails to satisfy Rule 9(b)'s pleading requirements, including that plaintiffs allege the specific misrepresentations or omissions they were exposed to and relied on.

4.      Whether plaintiffs' claim under the CLRA must be dismissed because plaintiffs failed to file the required affidavits and failed to provide timely notice of their claims, as required by the statute.

1        5.      Whether plaintiffs' claim for "restitution/unjust enrichment/money had and

2 received" fails as a matter of law because no such independent claim exists under California law.

## INTRODUCTION

Plaintiffs in this action are parents who say they are not responsible for charges incurred when their minor children used plaintiffs' iPhones, iPads, and other portable Apple devices. Plaintiffs allege that in the course of playing certain game applications (or "apps") on their parents' devices, the minor children purchased "game currencies" offered for sale during the course of the game.  Plaintiffs allege that they are not responsible for these "in-app purchases" because they were made without plaintiffs' "knowledge or permission."

Plaintiffs' claims cannot be squared with their own allegations.  As the complaint concedes, to download any app and to make in-app purchases, the user of the device must have an iTunes account and must provide the associated user name and password.  Each of the plaintiffs had an iTunes account, and it was their account that was legitimately accessed and used to make the in-app purchases plaintiffs now seek to disclaim.  None of the plaintiffs alleges unauthorized use of his or her device or account.  To the contrary, plaintiffs allege that they either gave their password and device to their child or entered their account password to download an app and then handed the device to their child.  In other words, in each instance where purchases were allegedly made without their "knowledge or permission," plaintiffs had turned over use of their device and their iTunes account to their minor child.

Plaintiffs' complaint proceeds from the unsupported premise that "[h]ad any [parent] known what their children were purchasing and for how much, they would not have permitted the sales transaction from being consummated."  (Consolidated Class Action Complaint ("Compl." or "complaint") ¶ 86)  Plaintiffs' unfounded speculation is contradicted by common experience in the real world.  Parents have sent their children to arcades with rolls of quarters for decades. Parents allow their children to spend money playing games in numerous contexts, not only in arcades but also on video game boxes and on desktop computers, where payment is required for the devices, for games, and for game enhancements.  Adults as well play online games where they purchase virtual "game currency" with real money.  Plaintiffs offer no explanation for their assertion that parents would not also permit their children to spend money when playing games on Apple devices.  Parents who did not want their children to make in-app purchases could have

1    prevented them from doing so by not providing their passwords or devices to their children, or

2    disabling in-app purchases on the devices.  Plaintiffs here provided their devices and passwords to

3    their children.

4         To avoid the consequences of these actions, plaintiffs invent a novel theory pled as a

5    claim for declaratory relief:  that each in-app purchase by their minor children constituted a

6    separate contract between Apple and the minor child that is voidable under Section 6710 of the

7    California Family Code.  This theory fails as a matter of law because, as the complaint

8    acknowledges, the contracts governing in-app purchases are between plaintiffs and Apple, not

9    between plaintiffs' minor children and Apple.  Plaintiffs acknowledge that they signed contracts

10   with Apple when opening their iTunes accounts.  Among other things, those contracts obligated

11   plaintiffs to pay all charges incurred, including charges for in-app purchases, and required

12   plaintiffs to maintain the confidentiality of their passwords.  Plaintiffs allege no theory for

13   voiding these contracts.  Furthermore, the alleged existence of "separate contracts" with minors

14   does not state a claim for relief:  first, plaintiffs have no standing under Section 6710 to disaffirm

15   such contracts, and second, any disaffirmance would not alter plaintiffs' contractual obligations to

16   Apple.

17        Similarly, plaintiffs' claim for breach of the implied covenant of good faith and fair

18   dealing fails as a matter of law.  The implied covenant cannot alter the express terms of a

19   contract.  The contract here expressly requires plaintiffs to maintain the confidentiality of their

20   accounts and to pay charges incurred on their accounts.

21        Plaintiffs' UCL and CLRA claims should also be dismissed because they do not meet the

22   stringent pleading requirements of Rule 9(b).  Plaintiffs do not allege the specific

23   misrepresentations or omissions they were exposed to, and further fail to plead facts establishing

24   reliance and causation.  The CLRA claim suffers additional procedural defects.  Finally,

25   plaintiffs' claim for "restitution/unjust enrichment/money had and received" should be dismissed

26   because none of the three purported grounds for relief constitutes an independent cause of action

27   under California law.

28

1

**FACTUAL BACKGROUND**

2          This case concerns the use of "apps" to make "in-app purchases."  An "app" is a software

3   application that a customer can download onto a mobile computing device, such as Apple's

4   iPhone or iPad.  (Compl. ¶ 1.)  Customers download apps from Apple's App Store.  (*Id.* ¶ 15.)

5   There are many types of apps available for download, including apps for travel, business,

6   education, finance, and entertainment.  (*Id.* ¶ 15.)  Apps, including all of the apps mentioned in

7   plaintiffs' complaint, are developed by third parties and are purchased by the customer from the

8   developer, not from Apple.  Certain apps allow customers to make app-specific purchases while

9   using the app.  (*Id.* ¶ 1.)  Such purchases are called "in-app purchases."  (*Id.*)

10         Plaintiffs are parents who allege that they incurred unauthorized charges when their minor

11  children made in-app purchases.  (*Id.* ¶¶ 8-12, 33.)  Plaintiffs' claims concern purchases of what

12  plaintiffs call "game currency" — virtual objects such as supplies that are used in connection with

13  gameplay in certain apps.  (*Id.* ¶ 1.)  Plaintiffs allege that their minor children made in-app

14  purchases while playing games and that plaintiffs did not authorize their children to make such

15  purchases.  (*Id.* ¶¶ 2, 8-12.)

16         Although plaintiffs allege that the purchases were made without their authorization,

17  plaintiffs acknowledge that apps can be downloaded, and users can make in-app purchases, *only*

18  by accessing an iTunes Account with a user name and password.  (*Id.* ¶ 3 ("Apple requires its

19  users to authenticate their accounts by entering a password prior to purchasing and/or

20  downloading an App or [making an in-app purchase].").)[1]  Each of the plaintiffs had an iTunes

21  account and had selected a user name and password to access their account.  (*Id.* ¶¶ 3, 8-12, 83.)

22  Each of the plaintiffs used their password to download the apps at issue or gave their password to

23  their children and allowed the child to download the application.  (*Id.* ¶ 2 (action brought on

24  behalf of parents who "downloaded or permitted their minor children to download" apps).)

25         [1] Plaintiffs allege that, until recently, once a password was entered a user could make in-
26  app purchases for up to 15 minutes without re-entering the password.  (Compl. ¶ 3.)  But this
    allegation does not change the fact that a password was always necessary to authorize a user to
27  download apps and to make in-app purchases.  In other words, even before the change in the 15-
    minute window, a user could not have made an in-app purchase unless a password had previously
28  been entered to authorize access to the iTunes account.

Furthermore, each of the plaintiffs permitted their minor children to use plaintiff's Apple device and to access and play the downloaded apps.  (*Id.* ¶¶ 8-12.)  Plaintiff Lauren Scott, for example, used her iTunes account to download an app and then gave her iPhone to her three-year-old son, who then made in-app purchases.  (*Id.* ¶ 9.)  Plaintiff Twilah Monroe opened an iTunes account, downloaded an app, and gave her iPhone to her 5-year-old daughter; Monroe later saw that her daughter had made in-app purchases.  (*Id.* ¶ 12.)  Plaintiff Garen Meguerian apparently gave her device and iTunes account password to her nine-year-old, who proceeded to download an app and make in-app purchases.  (*Id.* ¶ 8.)

When plaintiffs opened their iTunes accounts, they "accepted and agreed to" Apple's "Terms & Conditions."  (*Id.* ¶ 83; *see also id.* ¶ 20.)  Under the terms of these contracts, plaintiffs agreed to be "solely responsible for maintaining the confidentiality and security of [their] Account and for all activities that occur on or through [their] Account."  (Declaration of Stuart C. Plunkett ("Plunkett Decl."), Ex. A. at 3, 8)[2]  Plaintiffs further agreed that their "use of the Services include[d] the ability to enter into agreements and/or to make transactions electronically" and that their "ELECTRONIC SUBMISSIONS CONSTITUTE [THEIR] AGREEMENT TO AND INTENT TO BE BOUND BY AND PAY FOR SUCH AGREEMENTS AND TRANSACTIONS."  (*Id.* at 2 (emphasis in original).)

The complaint asserts claims for declaratory judgment, breach of the implied covenant of good faith and fair dealing, violation of the California Consumers Legal Remedies Act, Cal. Civ. Code § 1750 *et seq.*, violation of California's Unfair Competition Law, Cal. Bus. Prof. Code § 17200 *et seq.*, and "restitution/unjust enrichment/money had and received."  (Compl. ¶¶ 45-96.)[3]

---

[2] In ruling on a motion to dismiss, the Court may consider documents specifically referred to in the complaint and whose authenticity neither party questions, even if the documents are not physically attached to the complaint.  *Branch v. Tunnell*, 14 F.3d 449, 453-54 (9th Cir. 1994), *overruled on other grounds by Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119, 1127 (9th Cir. 2002); *see also Rubio v. Capital One Bank*, 613 F.3d 1195, 1199 (9th Cir. 2010).

[3] On April 11, 2011, Plaintiff Garen Meguerian filed *Meguerian v. Apple Inc.*, No. 11-1758.  On April 22, 2011, Plaintiffs Lauren Scott, Kathleen Koffman, and Heather Silversmith filed *Scott v. Apple Inc.*, No. 11-1989.  On May 26, 2011, Plaintiff Twilah Monroe filed *Monroe v. Apple Inc.*, No. 11-2394.  The actions were consolidated.

1

**LEGAL STANDARD**

2          Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss should be granted if

3   the plaintiff is unable to articulate facts establishing a claim to relief that is "plausible on its face."

4   *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S.

5   544, 570 (2007)); *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008).  A

6   pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause

7   of action will not do."  *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555).  The

8   complaint must allege facts that, when taken as true, raise more than a speculative right to relief.

9   *Twombly*, 550 U.S. at 555.  The Court need not accept as true conclusory allegations or legal

10  characterizations, nor need it accept unreasonable inferences or unwarranted deductions of fact.

11  *See Oestreicher v. Alienware Corp.*, 544 F. Supp. 2d 964, 968 (N.D. Cal. 2008), *aff'd*, 322 F.

12  App'x 489 (9th Cir. 2009).  Dismissal may be based on either the lack of a cognizable legal

13  theory or the absence of sufficient facts alleged under a cognizable legal theory.  *See Williams v.

14  McImetro Access Transmission Servs.*, 363 F. App'x 518, 519 (9th Cir. 2010) (citing *Balistreri v.

15  Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).

16

**ARGUMENT**

17   **I.     PLAINTIFFS' DECLARATORY JUDGMENT CLAIM FAILS AS A**
         **MATTER OF LAW.**
18

19          Plaintiffs' First Cause of Action seeks declaratory relief on the ground that plaintiffs

20  allegedly may void the in-app purchase "contracts" entered into by their minor children.  (Compl.

21  ¶¶ 45-54.)  Plaintiffs allege that each in-app purchase by plaintiffs' minor children constituted a

22  separate contract between Apple and the minor child.  (*Id.* ¶ 31.)  Plaintiffs allege that "such

23  purchases . . . constitute voidable contracts because they were entered into with minors."

24  (*Id.* ¶ 31; *see also* ¶ 50 ("Under California law, minors have the right to disaffirm contracts such

25  as those at issue here.  *Cal. Fam. Code* § 6710 (2010).").)  Plaintiffs' declaratory relief theory

26  fails as a matter of law for at least two reasons.  First, the relevant contractual relationship

27  governing in-app purchases is with plaintiffs, not with their minor children.  Those contracts are

28  not voidable under California law.  Second, even if the contracts were with plaintiffs' children,

1    plaintiffs lack standing to disaffirm those contracts.  Any disaffirmance, moreover, would have no

2    effect on plaintiffs' contractual obligation to Apple to pay for all purchases made using plaintiffs'

3    iTunes accounts.

4              **A.      The Contracts Governing In-App Purchases Are Between Apple and
                         Plaintiffs, Not Between Apple and Plaintiffs' Minor Children, and**
5                        **Thus Are Not Voidable.**

6              Plaintiffs' theory that each in-app purchase constituted a separate, voidable agreement

7    with plaintiffs' minor children is flatly contradicted by the complaint's allegations.  The

8    complaint admits that the contracts governing in-app purchases on plaintiffs' devices are the

9    contracts *plaintiffs* entered into with Apple.  Those contracts are not voidable under the provision

10   plaintiffs cite in their declaratory relief claim because that statute applies only to contracts with

11   minors.  *See* Cal. Fam. Code § 6710; *see also Doyle v. Giuliucci*, 62 Cal. 2d 606, 698-99 (1954)

12   (section 6710 does not apply to contracts between adults).

13             As iTunes account holders, plaintiffs entered into contracts with Apple and agreed to be

14   bound by those contracts.  (Compl. ¶ 20 (alleging that opening iTunes account requires "selecting

15   a user name and password, providing contract and other information, and agreeing to Apple's

16   Terms & Conditions"); ¶ 83 (alleging "agreement *between Plaintiffs* and the other members of the

17   Class, on the one hand, *and Apple*, on the other").)  Apple offered plaintiffs an iTunes account

18   that enabled plaintiffs to download content onto their Apple devices.  (*Id.* ¶¶ 20-21.)  When

19   plaintiffs accepted those offers and opened their iTunes accounts, plaintiffs expressly agreed to

20   pay for any content purchased using the account.  (*Id.* ¶¶ 83-84.)  Plaintiffs allege that they "fully

21   performed their duties" under the contracts, and that one of their contractual duties was "to *pay*

22   *for content*" purchased on the device.  (*Id.* ¶ 84 (emphasis added).)  Plaintiffs further allege that if

23   they had failed to perform their duties under the contract, "Apple would not permit" them to

24   "open, or keep open, an account, and would prevent a sales transaction from occurring."  (*Id.*)

25             Indeed, plaintiffs acknowledge throughout the complaint that the governing contractual

26   relationship is between plaintiffs and Apple.  (*See, e.g.*, *id.* ¶ 3 (iTunes account holder must enter

27   password and iTunes account holder is charged for purchases); ¶ 19 ("sale of the App and/or any

28   Game Currency is a transaction directly between Apple and the consumer"; "Apple charges its

1    customers' credit (or debit) card or PayPal account" for in-app purchases); ¶¶ 20-21 (customer

2    must open iTunes Account and must enter password to download and make purchases); ¶ 22

3    (minors must use the account holder's password to make in-app purchases).)  In the allegations

4    supporting the declaratory judgment claim, plaintiffs expressly allege that the supposedly

5    "voidable" contracts are "contracts between Defendant [Apple] and the members of the Class" —

6    *i.e.* between Apple and plaintiffs (the iTunes account holders), *not* plaintiffs' minor children.  (*Id.*

7    ¶ 52.)  Not only do plaintiffs concede that the relevant contracts are between Apple and plaintiffs,

8    they further allege that Apple breached those contracts.  (*Id.* ¶¶ 80-88 (alleging breach of the

9    implied covenant of good faith and fair dealing).)

10           Having admitted the existence of the relevant contracts and that such contracts govern the

11   relationship between the parties, plaintiffs lack any basis for disputing the contractual terms that

12   govern in-app purchases.  To the contrary, the complaint expressly alleges that "plaintiffs and the

13   other members of the Class *accepted and agreed to Apple's 'Terms & Conditions'* when they

14   opened an account. . . ."  (*Id.* ¶ 83 (emphasis added).)  Those terms, which this Court may

15   consider in resolving this motion,[4] directly address plaintiffs' obligations with respect to in-app

16   purchases.  Plaintiffs agreed to pay for all products and services purchased using their accounts,

17   including in-app purchases.  (Plunkett Decl. Ex. A at 1, 2.)  The terms further provide that the

18   account holder is solely responsible for maintaining the confidentiality of his or her password

19   and, consequently, for all activity that occurs on or through his or her account.  The Terms and

20   Conditions state:

21              Don't reveal your Account information to anyone else.  You are
                solely responsible for maintaining the confidentiality and security
22              of your Account and for all activities that occur on or through your
                Account, and you agree to immediately notify Apple of any security
23              breach of your Account.  Apple shall not be responsible for any
                losses arising out of the unauthorized use of your Account.
24

25   ─────────────────────
        [4] The Court may properly consider the contracts on a motion to dismiss.  *See Rubio*, 613
26   F.3d at 1199; *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).  Judicial notice
     is also proper.  *Berenblat v. Apple, Inc.*, Nos. 08-4969 JF (PVT), 09-1649-JF (PVT), 2010 U.S.
27   Dist. LEXIS 46052, at *2 n.3 (N.D. Cal. Apr. 7, 2010).

28

1   (*Id.* at 3, 8.)  Plaintiffs allege no basis for the Court to void their contracts or to disregard the

2   express terms of the agreements.

3          Despite entering into binding contracts with Apple that explicitly cover future purchases

4   made with the iTunes account, plaintiffs assert that each in-app purchase was a "sales contract"

5   between Apple and plaintiffs' minor children.  (Compl. ¶¶ 3, 46-49.)  Plaintiffs, who have sole

6   possession and control over their devices and their account passwords, authenticated the

7   challenged purchases either by entering their passwords or by giving their passwords to their

8   children and handing them the device to use the apps.  (*Id.* ¶¶ 3, 9, 12.)  The minor children then

9   allegedly made in-app purchases without plaintiffs' "knowledge and permission."  (*Id.*)  By

10  providing children with authenticated account access or the means to do so, however, plaintiffs

11  implicitly had "knowledge" and had granted "permission" to their minor children to make the

12  purchases.

13         Plaintiffs' assertion that each in-app purchase creates a new contract does not square with

14  their multiple admissions regarding their contracts with Apple.  Those contracts govern the

15  parties' relationship, including all purchases made using the iTunes account.  As with other

16  relational contracts, transactions occurring during the course of the parties' performance do not

17  create separate individual contracts; rather, each transaction is governed by the terms of the

18  relational contract.  *See* 2-6 Corbin on Contracts § 6.5 (where requirements contract was

19  relational contract governing parties' ongoing business relationship, each separate purchase "is

20  not a discrete contract, but involves performance of the existing contract.").

21         Plaintiffs allege no facts to support their theory, instead attempting a pleading sleight of

22  hand.  Plaintiffs say separate contracts exist because each separate transaction is "possessed of the

23  three elements of a contract, *i.e.*, offer, acceptance and consideration."  (Compl. ¶ 49.)  But, as

24  alleged in the complaint, only the element of "acceptance" involved the minor children; any

25  "offer" with respect to in-app purchases was made only to the iTunes account holder (the

26  plaintiffs).  And, as plaintiffs allege, the "consideration" passed from *plaintiffs* to Apple when the

27  credit card associated with their iTunes account was charged, not from plaintiffs' children to

28  Apple.  (*Id.* ¶ 48 (alleging that "payment made by the members of the Class for the purchase of

1   Game Currency by their minor children constitutes consideration").)  Plaintiffs thus fail to allege

2   any contract between their minor children and Apple that is "possessed of the three elements of a

3   contract."  There is no legal basis for inferring a contract where the alleged offer is made to one

4   party but accepted by another party, and where the consideration is paid not by the party who

5   accepted the alleged offer, but by the original offeree.  *Cf. Glenway Indus., Inc. v. Wheelabrator-*

6   *Frye, Inc.*, 686 F.2d 415, 417 (6th Cir. 1982) (offeror is "master of his offer" and offeror's terms

7   of acceptance "must be complied with"); *Kroeze v. Chloride Grp. Ltd.*, 572 F.2d 1099, 1105 (5th

8   Cir. 1978) (offeror is "master of his offer" and may determine manner of acceptance); *see also*

9   Cal. Civ. Code § 1582 ("proposal prescribes any conditions concerning the communication of its

10   acceptance").

11        Because the terms of plaintiffs' contracts with Apple govern in-app purchases, plaintiffs

12   are not entitled to declaratory relief based on any theory plead in the complaint.  Plaintiffs allege

13   no basis for voiding the contracts — the relief sought in the First Cause of Action.  Accordingly,

14   the declaratory relief claim should be dismissed.

15                     **B.      Plaintiffs Lack Standing To Disaffirm Any Alleged Contracts of Their
16                               Minor Children.**

17        Even if plaintiffs had properly alleged the existence of contracts between Apple and

18   plaintiffs' minor children, plaintiffs lack standing to disaffirm those contracts.  Under California

19   law, the right to disaffirm is confined by statute to the minor.  Cal. Fam. Code § 6710 ("a contract

20   of a minor may be disaffirmed *by the minor* before majority or within a reasonable time

21   afterwards") (emphasis added); *see also* WILLISTON ON CONTRACTS § 9:10 at n.2 (2011) (citing

22   Cal. Fam. Code § 6710 as "expressly provid[ing] that *only* the infant may void the contract")

23   (emphasis added).  Pursuant to the statute, only a minor or his legal representative can disaffirm a

24   contract on the minor's behalf; a parent cannot.  *See, e.g.*, *Berg v. Traylor*, 148 Cal. App. 4th 809,

25   820 (2007) (letter from minor's parent stating that minor and parent no longer required agent's

26   services does not disaffirm contract, whereas notice of disaffirmance by minor does disaffirm

27   contract); *see also Casey Wasserman Living Trust Under Declaration of Trust Dated June 29,*

28   *1999 v. Bowers*, No.09-0180-JMH, 2011 U.S. Dist. LEXIS 14165, at *14-15 (E.D. Ky. Feb. 11,

APPLE INC.'S MOTION TO DISMISS CONSOLIDATED CLASS ACTION COMPLAINT
MASTER FILE NO.  11-CV-1758-JF                                                              9
sf-3024746

1    2011) (interpreting Cal. Fam. Code § 6710 and holding that e-mail from parents and minor child

2    failed to disaffirm contract because e-mail did not specify that minor "h[eld] the contract as void

3    in its entirety and disaffirm[ed] its binding force and effect").[5]  For plaintiffs to attempt to

4    disaffirm the contracts of their minor children, plaintiffs would at a minimum need to bring an

5    action in the name of their children.  This action, however, is brought only in the parents' names,

6    on behalf of a purported class of other parents.

7          Furthermore, even if plaintiffs could disaffirm the supposed contracts of their minor

8    children in this action, it is black-letter law that the disaffirmance would not terminate plaintiffs'

9    contractual obligations to Apple.  *See, e.g.*, *Berg*, 148 Cal. App. 4th at 822 (disaffirmance of

10   agreement by minor "does not operate to terminate the contractual obligations of the parent").  As

11   set forth above, plaintiffs are bound by their contractual commitment to maintain the security of

12   their accounts and to pay for charges incurred, including for in-app purchases.  Disaffirming the

13   contracts of their children — even if such contracts existed and even if plaintiffs had standing to

14   disaffirm — cannot alter plaintiffs' obligations.

15         Plaintiffs' declaratory relief claim should be dismissed.

16   **II.    PLAINTIFFS FAIL TO STATE A CLAIM FOR BREACH OF THE
           IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING.**
17

18         In their Fourth Cause of Action, plaintiffs contend that Apple breached the covenant of

19   good faith and fair dealing implied in plaintiffs' contracts with Apple.  (Compl. ¶¶ 80-88.)

20   Plaintiffs allege that Apple breached the implied covenant by charging plaintiffs' iTunes accounts

21   for in-app purchases that were allegedly made by plaintiffs' minor children without plaintiffs'

22

23

24         [5]  California is not alone in requiring that the minor disaffirm the contract.  *See, e.g.*,
     *Quality Motors v. Hays*, 216 Ark. 264, 267 (1949) (father cannot disaffirm for son because "the
25   right to avoid contracts is personal to the infant and that he must make the election to disaffirm
     his contract"); *Oliver v. Houdlet*, 13 Mass. 237, 7 Am. Dec. 134 (1816) (guardian may not
26   disaffirm for ward); *Dostal v. Magee*, 272 Wis. 509, 76 N.W.2d 349 (1956) (father cannot ratify
     for son); *Davie v. Padgett*, 117 Ark. 544, 548 (Ark. 1915) ("As a general rule, no one but the
27   infant himself, or his legal representatives, executors and administrators, can avoid the voidable
     acts, deeds and contracts of an infant.").

28

APPLE INC.'S MOTION TO DISMISS CONSOLIDATED CLASS ACTION COMPLAINT
MASTER FILE NO.  11-CV-1758-JF                                                    10
sf-3024746

"knowledge or permission." (*Id.* ¶ 87.) In other words, plaintiffs seek to void the in-app purchase transactions because, according to plaintiffs, they were unauthorized.

This claim fails as a matter of law. As outlined above, plaintiffs' agreements with Apple required plaintiffs to maintain the security of their accounts by not revealing their passwords, and the contracts expressly provided that plaintiffs would be responsible for activity occurring on or through their accounts. (Plunkett Decl., Ex. A at 3, 8.) Under California law, "implied terms cannot vary the express terms of a contract; if the defendant did what it was expressly given the right to do, there can be no breach" as a matter of law. *Wolf v. Walt Disney Pictures & Television*, 162 Cal. App. 4th 1107, 1120 (2008). A plaintiff cannot use the implied covenant of good faith and fair dealing to negate an express contractual provision. *Vectren Commc'ns Servs. v. City of Alameda*, No. 08-3137-SI, 2009 U.S. Dist. LEXIS 72811, at *18 (N.D. Cal. Aug. 18, 2009).

The plaintiff in *Vectren*, for example, argued that defendant had breached the implied covenant of good faith in a contract for a municipal telecommunications system by failing to modify the system to include certain voice services. *Id.* at *17-18. The contract, however, provided that the defendant would have "sole discretion" regarding modifications to the system. *Id.* at *18. The court held that defendants could not have breached the implied covenant as a matter of law because the implied term could not vary the contract's express terms. Similarly, in *Kinderstart.com, LLC v. Google, Inc.*, No. 06-2057-JF (RS), 2006 WL 3246596 (N.D. Cal. July 13, 2006), the court dismissed a claim for breach of the implied covenant where the contract expressly disclaimed liability for the harm plaintiff alleged. *Id.* at *12. The court held that the implied covenant could not, as a matter of law, extend "to conduct expressly disclaimed by the express terms of the contract." *Id.* at *13.

Plaintiffs' claim here falls squarely within the black-letter principle applied in these cases. By providing their password and device to their minor children, plaintiffs authorized the purchases at issue. Moreover, plaintiffs' contracts with Apple required plaintiffs to be responsible for activities that occur on or through their iTunes accounts. Plaintiffs' claim is nothing more than an attempt to circumvent that express provision. Furthermore, to the extent

1   plaintiffs' claim is intended as a more sweeping attack on in-app purchases, that claim too would

2   necessarily fail:  "The covenant of good faith is read into contracts in order to protect the express

3   covenants or promises of the contract, not to protect some general public policy interest not

4   directly tied to the contract's purposes."  *Id.* at *12 (quoting *Foley v. Interactive Data Corp.*, 47

5   Cal. 3d 654, 690 (1988)).

6          Accordingly, the complaint fails to state a claim for breach of the implied covenant of

7   good faith and fair dealing and the Fourth Cause of Action should be dismissed.

8          **III.    RULE 9(B) REQUIRES DISMISSAL OF PLAINTIFFS' CLRA AND UCL**
            **CLAIMS.**

9

10          The Ninth Circuit has "specifically ruled that Rule 9(b)'s heightened pleading standards

11   apply to claims for violations of the CLRA and UCL."  *Kearns v. Ford Motor Co*., 567 F.3d

12   1120, 1125 (9th Cir. 2008) (citations omitted).  Rule 9(b) requires that "a party must state with

13   particularity the circumstances constituting fraud or mistake."  Conclusory allegations of fraud

14   are insufficient.  *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003).

15   "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the

16   misconduct charged" (*Kearns*, 567 F.3d at 1124), as well as the circumstances indicating

17   fraudulent conduct (*Vess*, 317 F.3d at 1106).  Rule 9(b)'s heightened pleading standard applies to

18   all causes of action that are based on allegations of "a unified course of fraudulent conduct,"

19   whether affirmative misrepresentations or omissions.  *Kearns*, 567 F.3d at 1127.  Here, as in

20   *Hovsepian v. Apple Inc.*, because plaintiffs' CLRA and UCL claims are predicated on allegedly

21   fraudulent omissions by Apple, those claims are subject to the pleading requirements of Rule

22   9(b).  No. 08-5788 JF (PVT), 2009 U.S. Dist. LEXIS 117562, at *6 (N.D. Cal. Dec. 17, 2009).

23          **A.    Plaintiffs Fail to Allege the Specific Representations or Omissions to**
                **Which They Were Exposed as Required for a Violation of the UCL or**
24              **CLRA.**

25          Both Rule 9(b) and recent California decisions construing the UCL and CLRA require that

26   plaintiffs specifically identify the representations or omissions that caused them injury.  *Kearns*,

27   567 F.3d at 1126.  An individual plaintiff who was not exposed to a specific representation or

28   omission that is claimed to be deceptive may not state a claim under the UCL or CLRA.  *Cohen v.*

1    *DirecTV*, 178 Cal. App. 4th 966, 978-79 (2009). The *Cohen* court stated that "we do not

2    understand the UCL to authorize an award for injunctive relief and/or restitution on behalf of a

3    consumer who was never exposed in any way to an allegedly wrongful business practice" and that

4    "the Supreme Court's decision in *Tobacco II* does not persuade us to reach a different

5    conclusion." 178 Cal. App. 4th at 980 (emphasis added; citation omitted).

6       Here, the complaint offers only the generic allegation that Apple violated the CLRA and

7    the UCL by "actively marketing and promoting certain gaming apps as 'free' or nominal (e.g.,

8    99¢) with the intent to induce from minors the purchase of Game Currency." (Compl. ¶ 58; *see*

9    *also id.* ¶ 72.) But the individual plaintiffs never attempt to allege that they were exposed to any

10    affirmative misrepresentation by Apple. Nor do the named plaintiffs identify the omissions that

11    supposedly led to their individual decisions to provide their devices and/or passwords to their

12    young children. This Court has expressly held that in a UCL or CLRA omissions case, the

13    plaintiffs must "identify with particularity" the "specific policies and representations that they

14    reviewed." *In re Facebook PPC Adver. Litig.*, No. 09-3043-JF, 2010 WL 3341062, at *10 (N.D.

15    Cal. Aug. 25, 2010) (granting motion to dismiss). Because plaintiffs here fail to do so, their

16    claims must be dismissed. Further, for a CLRA omissions claim, plaintiffs must plead either an

17    omission that was contrary to a representation actually made or facts establishing that defendants

18    were "obliged" to disclose the information that was allegedly omitted. *Hovsepian*, 2009 U.S.

19    Dist. LEXIS 117562, at *7-8. Plaintiffs do not even attempt to meet this requirement, and their

20    CLRA claim must be dismissed for this reason as well.

21             **B.**      **Plaintiffs Fail To Sufficiently Allege the Reliance and Causation**
22                        **Required for a Violation of the UCL and CLRA.**

23       Where, as here, the named plaintiffs do not allege facts demonstrating that they each

24    relied upon the alleged misrepresentations or omissions, they may not maintain a claim under the

25    UCL or the CLRA. That is clear under California case law interpreting these statutes, and is even

26    more clear when the strict pleading requirements of Rule 9(b) are applied.

27       The UCL statutorily limits relief to "a[ny] person who has suffered injury in fact and has

28    lost money or property *as a result of* such unfair competition." Cal. Bus. & Prof. Code §§ 17204,

1    17535 (emphasis added).  The California Supreme Court recently interpreted this language as

2    "impos[ing] an actual reliance requirement on plaintiffs prosecuting a private enforcement action

3    under the UCL's fraud prong."  *In re Tobacco II Cases*, 46 Cal. 4th 298, 326 (2009) ("*Tobacco*

4    *II*").  As a result, plaintiffs "must allege with specificity that Defendants' alleged

5    misrepresentations or omissions:  (1) were relied upon by the named plaintiffs; (2) were material;

6    (3) influenced the named plaintiffs' decisions to purchase the product; and (4) were likely to

7    deceive members of the public."  *Tietsworth v. Sears, Roebuck and Co.*, No. 09-0288-JF (HRL)

8    2009 WL 3320486, at *8 (N.D. Cal. Oct. 13, 2009) (citing *Tobacco II*, 46 Cal. 4th at 326-28).

9    Plaintiffs' UCL claim fails to satisfy these four basic pleading requirements.  Indeed,

10   plaintiffs do not offer *any* allegation of reliance.  Plaintiffs' only nod to the requirement that they

11   plead reliance and causation is the vague assertion that "[a]s a direct and proximate cause of

12   Apple's violation of the UCL, plaintiffs and the Class have suffered harm in that they have not

13   been reimbursed for the purchases of Game Currency their children made from Apple without

14   their knowledge or permission."  (Compl. ¶ 77.)  Plaintiffs do not so much as hint at what

15   representation or omission on Apple's part they relied on, nor that their reliance on such

16   misrepresentation or omission caused them harm.  Their conclusory allegations do not meet the

17   basic pleading requirements of Rule 8, much less the more stringent requirements of Rule 9(b).

18   *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555) ("A pleading that offers 'labels and

19   conclusions' or 'a formulaic recitation of the elements of a cause of action' will not do."); *Vess*,

20   317 F.3d at 1106; *see also, e.g., Laster v. T-Mobile USA, Inc.*, 407 F. Supp. 2d 1181, 1194 (S.D.

21   Cal. 2005) (dismissing UCL claim where "none of the named Plaintiffs allege that they saw, read,

22   or in any way relied on the advertisements; nor do they allege that they entered into the

23   transaction *as a result* of those advertisements").

24   The CLRA's actual reliance and causation requirements similarly require dismissal.  The

25   CLRA affords relief only to California consumers "who suffer . . . damage *as a result of* the use

26   or employment by any person of a method, act, or practice declared to be unlawful by Section

27   1770."  Cal. Civ. Code § 1780 (emphasis added); *Meyer v. Sprint Spectrum L.P.*, 45 Cal. 4th 634,

28   641 (2009).  Because "[r]elief under the CLRA is specifically limited to those who suffer

APPLE INC.'S MOTION TO DISMISS CONSOLIDATED CLASS ACTION COMPLAINT
MASTER FILE NO.  11-CV-1758-JF                                                              14
sf-3024746

1  damage," each individual plaintiff must adequately allege both reliance and causation.

2  *Buckland v. Threshold Enters., Ltd.*, 155 Cal. App. 4th 798, 809 (2007). "[P]laintiffs asserting

3  CLRA claims sounding in fraud must establish that they *actually relied* on the relevant

4  representations or omissions." *Id.* at 810 (emphasis added). Plaintiffs do not even attempt to

5  allege reliance. Rather, they make the conclusory assertion that "Plaintiffs and the class suffered

6  actual damages as a proximate result of Apple's actions, concealment and/or omissions in the

7  marketing and promotion" of the apps. (Compl. ¶ 61.) Generic legal conclusions do not satisfy

8  the Rule 8 requirement that plaintiffs plead *facts* establishing reliance and causation, let alone the

9  more demanding requirements of Rule 9(b). Plaintiffs' UCL and CLRA claims fail.

10  **IV.   PROCEDURAL DEFECTS BAR PLAINTIFFS' CLRA CLAIM.**

11      Plaintiffs' CLRA claim is also procedurally defective for two reasons: plaintiffs' failure

12  to attach the required affidavit under CLRA Section 1780(d) and plaintiffs' failure to give timely

13  notice under CLRA Section 1782(a).

14      **A.   Plaintiffs Failed to File the Affidavits Required Under Section 1780(d).**

15      The CLRA mandates that "[i]n any action [under the CLRA], concurrently with the filing

16  of the complaint, the plaintiff shall file an affidavit stating facts showing that the action has been

17  commenced in a county described in this section as a proper place for the trial of the action." Cal.

18  Civ. Code § 1780(d). If "a plaintiff fails to file the affidavit required by this section, *the court*

19  *shall*, upon its own motion or upon motion of any party, *dismiss the action* without prejudice."

20  *Id.* (emphasis added). Plaintiffs failed to attach any affidavit to the complaint, and the CLRA

21  claim should accordingly be dismissed. *See In re Apple & AT&T iPad Unlimited Data Plan*

22  *Litig.*, No. 10-2553-RMW, 2011 U.S. Dist. LEXIS 77411, at *16-17 (N.D. Cal. July 18, 2011)

23  (dismissing CLRA claims in consolidated class action complaint as to all plaintiffs because each

24  failed to provide required affidavit); *In re Sony Grand WEGA KDF-E A10/A20 Series Rear*

25  *Projection HDTV TV Litig.*, 758 F. Supp. 2d 1077, 1094 (S.D. Cal. 2010) (same).

26      **B.   Plaintiffs Failed To Provide Timely Notice Under Section 1782(a)**

27      "The CLRA requires that written notice be provided to the seller at least thirty days prior

28  to commencement of an action seeking damages. Failure to provide such notice prior will result

1  in dismissal of the claim with prejudice." *Stearns v. Select Comfort Retail Corp.*, No. 08-2746-

2  JF, 2009 U.S. Dist. LEXIS 48367, at *45-46 (N.D. Cal. June 5, 2009) (citations omitted); *see also*

3  Cal. Civ. Code § 1782(a); *Janda v. T-Mobile, USA, Inc.*, No. 05-3729-JSW, 2009 U.S. Dist.

4  LEXIS 24395, at *15-16 (N.D. Cal. Mar. 13, 2009) (dismissing CLRA claim for damages with

5  prejudice), *aff'd*, 378 F. App'x 705 (9th Cir. 2010).

6        Four of the five named plaintiffs made no attempt whatsoever to give the required notice

7  under Section 1782(a). The fifth plaintiff, Garen Meguerian, fares no better under

8  Section 1782(a). The complaint alleges that "on April 11, 2011" Meguerian's counsel "served

9  Apple, by certified mail, with notice of its alleged violations of the CLRA." (Compl. ¶ 63.)

10  Because he filed his action requesting damages on his CLRA claim on the same day (April 11,

11  2011), Plaintiff Meguerian failed to comply with the statute's thirty-day requirement. (*See* ECF

12  No. 1.) Such alleged notice-by-suit is insufficient because the "clear intent of the [CLRA] is to

13  provide and facilitate pre-complaint settlements of consumer actions wherever possible and to

14  establish a limited period during which such settlement may be accomplished." *Cattie v. Wal–*

15  *Mart Stores, Inc.*, 504 F. Supp. 2d 939, 950 (S.D. 2007) (quotations omitted). "Strict adherence

16  to the [CLRA's] notice provision is required to accomplish the Act's goals of expeditious

17  remediation before litigation." *Laster*, 407 F. Supp. 2d at 1196 (dismissing CLRA claim for

18  damages with prejudice). Because the complaint does not allege that plaintiffs submitted a

19  demand letter thirty days prior to filing this action, the CLRA claim should be dismissed with

20  prejudice.

21      **V.    PLAINTIFFS' FIFTH CAUSE OF ACTION DOES NOT STATE AN**

22                  **INDEPENDENT CLAIM FOR RELIEF UNDER CALIFORNIA LAW**

23        Plaintiffs' Fifth Cause of Action purports to state a claim for "Restitution/Unjust

24  Enrichment/Money Had and Received." (Compl. ¶¶ 89-96.) No such independent claim exists in

25  California.

26        "There is no claim for unjust enrichment in California, rather it is an equitable remedy."

27  *Yates v. Aurora Loan Servs., LLC*, No. 11-695-EDL, 2011 U.S. Dist. LEXIS 62644, at *23 (N.D.

28  Cal. June 13, 2011) (dismissing with prejudice unjust enrichment claim); *see also Berenblat*,

1   2010 U.S. Dist. LEXIS 46052, at *29-30 ("claim for unjust enrichment cannot stand alone");

2   *Hovsepian*, 2009 U.S. Dist. LEXIS 117562, at *16-17 ("claim for unjust enrichment cannot stand

3   alone as an independent claim for relief").

4        Likewise, "[t]here is no cause of action for restitution." *Robinson v. HSBC Bank USA*,

5   732 F. Supp. 2d 976, 987 (N.D. Cal. 2010) (dismissing with prejudice unjust enrichment claims

6   and refusing leave to amend to add restitution claim); *Hafiz v. Greenpoint Mortg. Funding, Inc.*,

7   652 F. Supp. 2d 1039, 1049 (N.D. Cal. 2009) ("Unjust enrichment, also known as restitution, is

8   not a theory of recovery but is instead a result thereof.").

9        To the extent the complaint purports to assert a separate claim for "money had and

10  received," the claim fails for the same reason as the unjust enrichment and restitution claims:

11  "California also does not recognize an independent cause of action for money had and received."

12  *In re NVIDIA GPU Litig.*, No. 08-4312-JW, 2009 U.S. Dist. LEXIS 108500, at *38 (N.D. Cal.

13  Nov. 19, 2009) (dismissing cause of action for unjust enrichment and money had and received

14  with prejudice).

15       Because there is no independent cause of action in California for unjust enrichment,

16  restitution, or money had and received, the Fifth Cause of Action should be dismissed with

17  prejudice.

18                              **CONCLUSION**

19       For the foregoing reasons, Apple respectfully requests that the Court dismiss the

20  complaint in its entirety.

21  Dated: August 5, 2011                    MORRISON & FOERSTER LLP

22

23                                    By:    */s/ Stuart C. Plunkett*

24                                           STUART C. PLUNKETT
                                             PENELOPE A. PREOVOLOS
25
                                             Attorneys for Defendant
26                                           APPLE INC.

27

28

1

**GENERAL ORDER 45 ATTESTATION**

2

I, Kay Fitz-Patrick, am the ECF User whose ID and password are being used to file the

3

foregoing document.  In compliance with General Order 45, X.B., I hereby attest that Stuart C.

4

Plunkett has concurred in this filing.

5

6

      /s/ Kay Fitz-Patrick
           Kay Fitz-Patrick

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28