1  PENELOPE A. PREOVOLOS (CA SBN 87607)
   PPreovolos@mofo.com
2  STUART C. PLUNKETT (CA SBN 187971)
   SPlunkett@mofo.com
3  MORRISON & FOERSTER LLP
   425 Market Street
4  San Francisco, California  94105-2482
   Telephone: 415.268.7000
5  Facsimile: 415.268.7522

6  Attorneys for Defendant
   APPLE INC.
7

8                UNITED STATES DISTRICT COURT

9                NORTHERN DISTRICT OF CALIFORNIA

10                      SAN JOSE DIVISION

| IN RE APPLE IN-APP PURCHASE LITIGATION, | **Master File No. 11-CV-1758-JF** |
|---|---|
| | **CLASS ACTION** |
| This Document Relates to:<br><br>All Actions | **DEFENDANT APPLE INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' CONSOLIDATED CLASS ACTION COMPLAINT** |
| | Date: To Be Determined<br>Time: To Be Determined<br>Ctrm: 3, 5th Floor<br>Judge: Honorable Jeremy Fogel |

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES .................................................................................................................. ii

INTRODUCTION ............................................................................................................................... 1

ARGUMENT ........................................................................................................................................ 1

I. PLAINTIFFS' FAIL TO PROVIDE ANY VALID BASIS FOR THEIR DECLARATORY JUDGMENT CLAIM. ................................................................................ 1

    A. The Contracts Governing In-App Purchases Are Not Voidable. ........................... 1

    B. Plaintiffs Lack Standing To Disaffirm Any Alleged Contracts of Their Minor Children. ................................................................................................. 3

II. PLAINTIFFS' CLAIM FOR BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING FAILS AS A MATTER OF LAW. ........................ 3

III. PLAINTIFFS' CLRA AND UCL CLAIMS FAIL TO MEET RULE 9(B). ..................... 6

    A. The CLRA and UCL Claims Are Subject to Rule 9(b). ......................................... 6

    B. Plaintiffs Fail to Allege the Specific Representations or Omissions to Which They Were Exposed. ................................................................................... 7

        1. Plaintiffs Fail to Allege the Specific Representations to Which They Were Exposed. ................................................................... 8

        2. Plaintiffs Fail to Plead a Fraudulent Omissions Claim Under the UCL or CLRA. .................................................................................. 8

    C. Plaintiffs Fail to Sufficiently Allege Reliance and Causation. ............................... 9

        1. Plaintiffs' Reliance Allegations Are Insufficient. ...................................... 9

        2. Plaintiffs' Causation Allegations Are Insufficient. .................................. 11

IV. PLAINTIFFS FAIL TO MEET THE PROCEDURAL REQUIREMENTS OF THE CLRA. ....................................................................................................................... 12

V. UNJUST ENRICHMENT .................................................................................................. 13

CONCLUSION .................................................................................................................................. 13

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*3W s.a.m. tout bois v. Rocklin Forest Prods., Inc.*,
　No. 2:10-cv-01070-MCE-KJN, 2011 WL 489735 (E.D. Cal. Feb. 7, 2011) ........................ 13

*Ashcroft v. Iqbal*,
　129 S. Ct. 1937 (2009) ................................................................................................... 10

*Balfour, Guthrie & Co. v. Gourmet Farms*,
　108 Cal. App. 3d 181 (1980) ............................................................................................. 6

*Berg v. Traylor*,
　148 Cal. App. 4th 809 (2007) ........................................................................................... 3

*Blennis v. Hewlett-Packard Co.*,
　No. C 07-00333 JF, 2008 WL 818526 (N.D. Cal. Mar. 25, 2008) .............................. 13 n.15

*Brandt v. Lockheed Missiles & Space Co.*,
　154 Cal. App. 3d 1124 (1984) ........................................................................................... 6

*Carma Developers (Cal.), Inc. v. Marathon Dev. Cal., Inc.*,
　2 Cal. 4th 342 (1992) ............................................................................................... 4, 5, 6

*Casey Wasserman Living Trust Under Declaration of Trust
　Dated June 29, 1999 v. Bowers*,
　No. 5:09-180-JMH, 2011 U.S. Dist. LEXIS 14165 (E.D. Ky. Feb. 11, 2011) ........................ 3

*Clerkin v. MyLife.com, Inc.*,
　No. C 11-00527 CW, 2011 WL 3607496 (N.D. Cal. Aug. 16, 2011) ........................... 13 n.15

*FDIC v. Dintino*,
　167 Cal. App. 4th 333 (2008) .................................................................................. 13 n.15

*Fields v. QSP, Inc.*,
　No. CV 10-5772 CAS, 2011 WL 1375286 (N.D. Cal. Apr. 8, 2011) ................................ 6 n.8

*Foley v. Interactive Data Corp.*,
　47 Cal. 3d 654 (1988) ....................................................................................................... 4

*Henderson v. J.M. Smucker Co.*,
　No. CV 10-4524-GHK, 2011 U.S. Dist. LEXIS 27953 (C.D. Cal. Mar. 17, 2011) ....... 12 n.13

*In re Chase Bank USA, N.A.*,
　No. M:09-CV-2032 MMC, 2009 U.S. Dist. LEXIS 108636
　(N.D. Cal. Nov. 20, 2009) ............................................................................................ 6 n.8

| | |
|---|---|
| 1 | *In re Facebook PPC Adver. Litig.*, |
| 2 | No. 5:09-cv-3043-JF, 2010 U.S. Dist. LEXIS 87769 (N.D. Cal. Aug. 25, 2010) ................................................................ 7 & n.10, 8, 9 |
| 3 | *In re Tobacco II Cases*, |
| 4 | 46 Cal. 4th 298 (2009) ............................................................................................ 10 n.11 |
| 5 | *In re Yahoo! Litig.*, |
| 6 | 251 F.R.D. 459 (N.D. Cal. 2008) ................................................................................ 6 n.8 |
| | *IndyMac Fed. Bank, F.S.B. v. PMI Mortg. Ins. Co.*, |
| 7 | No. C 08-04303 WHA, 2009 U.S. Dist. LEXIS 14837 (N.D. Cal. Feb. 11, 2009) ............ 6 n.8 |
| 8 | *J.B. Enters. Int'l, L.L.C. v. Sid & Marty Kroft Pictures Corp.*, |
| 9 | No. CV-02-7779 CBM, 2003 U.S. Dist. LEXIS 7668 (C.D. Cal. Feb. 28, 2003) ..................... 2 |
| 10 | *Kearns v. Ford Motor Co.*, |
| 11 | 567 F.3d 1120 (9th Cir. 2009) ............................................................................................. 7 |
| | *Keilholtz v. Superior Fireplace Co.*, |
| 12 | No. C 08-00836 CW, 2009 WL 839076 (N.D. Cal. Mar. 30, 2009) ...................................... 12 |
| 13 | *Kinderstart.com LLC v. Google, Inc.*, |
| 14 | No. C 06-2057-JF (RS), 2006 U.S. Dist. LEXIS 82481 (N.D. Cal. July 13, 2006) ............ 4, 6 |
| 15 | *Kowalsky v. Hewlett-Packard Co.*, |
| 16 | No. 10-CV-02176-LHK, 2011 U.S. LEXIS 89379 (N.D. Cal. Aug. 10, 2011).............. 10 n.11 |
| | *Laster v. T-Mobile USA, Inc.*, |
| 17 | 407 F. Supp. 2d 1181 (S.D. Cal. 2005), |
| 18 | *aff'd*, 252 Fed. App'x 777 (9th Cir. 2007) ....................................................................... 10 |
| 19 | *Marsu, B.V. v. Walt Disney Co.*, |
| 20 | 185 F.3d 932 (9th Cir. 1999) ......................................................................................... 6 n.8 |
| | *Pac. Gas & Elec. Co. v. G.W. Thomas Drayage & Rigging Co.*, |
| 21 | 69 Cal. 2d 33 (1968) ............................................................................................................ 2 |
| 22 | *Sanders v. Apple, Inc.*, |
| 23 | 672 F. Supp. 2d 978 (N.D. Cal. 2009) ........................................................................ 13 n.15 |
| 24 | *Tietsworth v. Sears, Roebuck and Co.*, |
| | No. 09-0288-JF (HRL) 2009 WL 3320486 (N.D. Cal. Oct. 13, 2009)......................... 10 n.11 |
| 25 | *Vectren Commc'ns Servs. v. City of Alameda*, |
| 26 | No. C 08-3137 SI, 2009 U.S. Dist. LEXIS 72811 (N.D. Cal. Aug. 18, 2009) .................... 4, 6 |
| 27 | *Wolf v. Walt Disney Pictures & Tel.*, |
| 28 | 162 Cal. App. 4th 1107 (2008) ........................................................................................ 4, 6 |

**STATUTES**

Cal. Civ. Code § 1780(d) .................................................................................................................. 12

Cal. Fam. Code § 6710 .................................................................................................................... 3

**OTHER AUTHORITIES**

WILLISTON ON CONTRACTS § 9:10 at n.2 (2011) ............................................................................ 3

# INTRODUCTION

As set forth below, plaintiffs' opposition brief does not adequately address the points raised in Apple's motion. The complaint should be dismissed on several grounds.

# ARGUMENT

## I. PLAINTIFFS' FAIL TO PROVIDE ANY VALID BASIS FOR THEIR DECLARATORY JUDGMENT CLAIM.

### A. The Contracts Governing In-App Purchases Are Not Voidable.

Plaintiffs' declaratory relief claim fails because the contracts governing in-app purchases are between Apple and plaintiffs, not their minor children, and thus not voidable. Plaintiffs instead continue to press a flawed legal theory: that each in-app purchase constituted a separate and voidable contract between Apple and the minor who was using plaintiffs' device and iTunes account. Plaintiffs cite no authority to support this theory.

The Court need look no further than plaintiffs' own allegations to conclude that the declaratory relief claim should be dismissed. Plaintiffs repeatedly admit that it is their contracts with Apple that govern the obligation to pay for in-app purchases. (Compl. ¶¶ 3, 19-22, 52, 83) Plaintiffs admit that they expressly agreed to pay Apple for content purchased using their accounts. (*Id.* ¶¶ 83-84) Indeed, plaintiffs agreed to be "solely responsible for maintaining the confidentiality and security of [their] Account and for all activities that occur on or through [their] Account." (Declaration of Stuart C. Plunkett ("Plunkett Decl."), Ex. A. at 3, 8) Those contractual terms bar plaintiffs' declaratory relief claim.[1]

Plaintiffs say that the Court cannot dismiss the declaratory relief claim because they must be permitted to introduce extrinsic evidence regarding the meaning of the term "unauthorized use" in their contracts. (Opp'n at 6-7) But the term "unauthorized use" — even it were ambiguous — is not relevant to plaintiffs' claim or to Apple's motion. The relevant terms of the

---

[1] Plaintiffs appear to argue that their contracts with Apple, including the Terms and Conditions of their iTunes accounts, are not binding contracts. (Opp'n at 6 (referring to Apple's reliance on the Terms and Conditions as "ironic"); Opp'n at 6 n.6 (arguing that Terms and Conditions are "general" and lack "essential terms")) Plaintiffs, however, have already admitted that the contracts are valid and binding. (Compl. ¶¶ 83-84)

contracts are those cited above — that plaintiffs must pay for products and services purchased using their accounts and that plaintiffs "are solely responsible for … all activities that occur on or through" their accounts. (Plunkett Decl. Ex. A at 1, 2, 3, 8) Plaintiffs do not dispute that these provisions are clear and unambiguous. As plaintiffs' own authority demonstrates, extrinsic evidence is not admissible to "add to, detract from, or vary the terms of a written contract." *Pac. Gas & Elec. Co. v. G.W. Thomas Drayage & Rigging Co.*, 69 Cal. 2d 33, 39 (1968); *see also J.B. Enters. Int'l, L.L.C. v. Sid & Marty Kroft Pictures Corp.*, No. CV-02-7779 CBM (SHx), 2003 U.S. Dist. LEXIS 7668, at *7-8 (C.D. Cal. Feb. 28, 2003) (granting motion to dismiss claim for breach of contract; extrinsic evidence could not be introduced to "contradict[] express language" of contract).

Plaintiffs next argue that they have identified "an offer, an acceptance, and consideration" for each alleged "individual" in-app purchase transaction. (Opp'n at 5) But as demonstrated in Apple's motion, this is a sleight of hand. A contract requires both offer and acceptance by the contracting parties. (Mot. at 9) By plaintiffs' own admission, only the element of acceptance involved the minor children; any "offer" with respect to in-app purchases was made only to the iTunes account holder (the plaintiffs). This is insufficient to form a contract. (*See id.* (citing authority)) Plaintiffs offer no response to Apple's authority, arguing instead that California law allows consideration to be paid by someone other than the contracting parties. (Opp'n at 7) This argument, however, does not address the defect with plaintiffs' theory: the lack of offer and acceptance by the contracting parties.[2]

---

[2] Plaintiffs also fail to adequately address the point that plaintiffs' contracts with Apple govern the parties' relationship, including in-app purchases. (*See* Mot. at 6-8) Where a contract governs the parties' relationship, subsequent purchases do not create discrete contracts, but involve performance of the existing contract. (*Id.* (citing 2-6 Corbin on Contracts § 6.5)) Plaintiffs respond that the contracts here "are not remotely analogous to requirements contracts" (Opp'n at 6 n.6), which is the type of contract mentioned in the treatise. Plaintiffs miss the point. Many contracts, like requirements contracts, distribution agreements and the contract between plaintiffs and Apple, govern the relationship and contemplate that transactions will occur during the course of the relationship. These subsequent transactions involve performance of the original contract. (*Id.*)

In sum, plaintiffs allege no basis for voiding the contracts that require them to pay for in-app purchases. The declaratory relief claim should be dismissed.[3]

### B. Plaintiffs Lack Standing To Disaffirm Any Alleged Contracts of Their Minor Children.

As a separate, independent ground for dismissal, the law is clear that plaintiffs lack standing to disaffirm any contracts of their minor children. (Mot. at 9-10) Thus, even if these contracts could be considered to be with children — which they cannot — plaintiffs' claim would fail. The applicable statute is clear (*see* Cal. Fam. Code § 6710 ("a contract of a minor may be disaffirmed *by the minor* before majority or within a reasonable time afterwards") (emphasis added), and the case law and other authority is in accord. *See Berg v. Traylor*, 148 Cal. App. 4th 809, 820 (2007); *see also Casey Wasserman Living Trust Under Declaration of Trust Dated June 29, 1999 v. Bowers*, No. 5:09-180-JMH, 2011 U.S. Dist. LEXIS 14165, at *14-15 (E.D. Ky. Feb. 11, 2011); WILLISTON ON CONTRACTS § 9:10 at n.2 (2011). Plaintiffs offer no authority in response, contending instead that it is "untenable" to require minors to disaffirm. (Opp'n at 8) Plaintiffs' personal opinion about the law is irrelevant.

## II. PLAINTIFFS' CLAIM FOR BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING FAILS AS A MATTER OF LAW.

Plaintiffs' claim for breach of the implied covenant of good faith and fair dealing fails as a matter of law. Plaintiffs do not dispute that they seek to void in-app purchases made using their iTunes accounts after providing their passwords and devices to their minor children. Nor do they dispute that their contracts with Apple expressly provide that plaintiffs are responsible for activity occurring on or through their accounts. Their claim thus must be dismissed because it is black-

---

[3] Plaintiffs contend that Apple's motion to dismiss the declaratory relief claim ignores the fact of a 15-minute window during which in-app purchases could be made without re-entry of a password. (Opp'n at 6 n.7) However, plaintiffs offer no reason why transactions occurring during the 15-minute window are not also governed by the iTunes account contracts. Plaintiffs say that during this window game currency "could in fact be readily purchased by a minor without entering a password" (*id.*), but that argument ignores that it was plaintiffs' account. If a minor child purchased currency during the 15-minute window, it was because plaintiffs gave the child their device and provided the password, either entering it themselves or giving the child the password to enter.

letter law in California that a plaintiff cannot use the implied covenant to negate an express contractual provision. *See Wolf v. Walt Disney Pictures & Tel.*, 162 Cal. App. 4th 1107, 1120 (2008); *Vectren Commc'ns Servs. v. City of Alameda*, No. C 08-3137 SI, 2009 U.S. Dist. LEXIS 72811, at *18 (N.D. Cal. Aug. 18, 2009).

There is no dispute that Apple had express contractual authority to charge plaintiffs for activity occurring on their iTunes accounts. Plaintiffs cannot negate that contractual authority with an implied covenant claim. As the California Supreme Court stated in a case plaintiffs themselves cite repeatedly,

> We are aware of no reported case in which a court has held the covenant of good faith may be read to prohibit a party from doing that which is expressly permitted by an agreement. On the contrary, as a general matter, implied terms should never be read to vary express terms.

*Carma Developers (Cal.), Inc. v. Marathon Dev. Cal., Inc.*, 2 Cal. 4th 342, 374 (1992).[4]

Furthermore, plaintiffs' claim is defective because they do not and cannot show that they seek to protect any express covenant of their iTunes contracts. Indeed, plaintiffs fail to allege any express provision of their contracts that relates to their claim. An implied covenant claim untethered to an express contractual provision fails as a matter of law. *See Foley v. Interactive Data Corp.*, 47 Cal. 3d 654, 690 (1988) ("allegation of breach of the implied covenant of good faith and fair dealing is an allegation of breach of an 'ex contractu' obligation, namely one arising out of the contract itself"); *see also Carma*, 2 Cal. 4th at 373 (implied covenant read into contracts only to protect express terms); *Kinderstart.com LLC v. Google, Inc.*, No. C 06-2057-JF (RS), 2006 U.S. Dist. LEXIS 82481, at *37-38 (N.D. Cal. July 13, 2006) (claim for breach of implied covenant dismissed because covenant "may be implied only to protect the express terms of the contract").

---

[4] Plaintiffs argue in the alternative that their claim should survive at least with respect to allegations concerning the 15-minute window during which users could make an in-app purchase without re-entering the password. (Opp'n at 19 n.14.) This argument fails, because the purchases could not have been made if plaintiffs had not either entered their password and handed the device to their child or given the password to their child. The 15-minute window does not change the fundamental defect with the implied covenant claim: that plaintiffs seek to avoid the express language of their contracts.

That plaintiffs are seeking to promote a public policy argument against in-app purchases as opposed to protecting a contractual interest is clear: while ignoring the relevant contractual provisions, plaintiffs instead simply argue that such purchases are inherently bad, indeed the "quintessence of bad faith and unfair dealing." (Opp'n at 18)[5] The California Supreme Court has squarely held that such claims are barred: "the implied covenant of good faith is read into contracts 'in order to protect the express covenants or promises of the contract, not to protect some general public policy interest not directly tied to the contract's purpose.'" *Carma*, 2 Cal. 4th at 373 (quoting *Foley*, 47 Cal. 3d at 690).[6]

Plaintiffs rely heavily on *Carma*, but there the California Supreme Court *rejected* an implied covenant claim in circumstances similar to this case. Like the contracts here, which expressly permit Apple to charge plaintiffs for activity occurring on their accounts, the contract at issue in *Carma* permitted the lessor to terminate the lease if the lessee asked to sublet. When this occurred and the lessor terminated, the lessee sued for breach of the implied covenant, claiming bad faith because the lessor terminated solely to increase its profits. The Court held that because the express terms of the contract permitted the lessor to terminate, the implied covenant may not be invoked "to prohibit a party from doing that which is expressly permitted by an agreement." *Id.* at 374.

Similarly, here plaintiffs' claim is not grounded in any contractual promise in the parties' agreements; it instead seeks to advance a public policy position with respect to certain types of in-app purchases; and it attempts to negate an express provision of the contract — Apple's contractual right to charge plaintiffs for activity occurring on their iTunes accounts.[7] There is no

---

[5] Plaintiffs cite no authority for their position, which is contradicted by real world experience, as set forth in Apple's motion. (Mot. at 1-2)

[6] Plaintiffs address the public policy point in a footnote, arguing that they "are asserting claims based on specific bad faith conduct by Apple, not a 'general public policy interest.'" (Opp'n at 19 n.15) But the sole basis for plaintiffs' claim that Apple acted in "bad faith" is the policy assertion that in-app purchases by minors are inherently bad and should not be allowed.

[7] Plaintiffs contend that, because their contracts with Apple do not "expressly authorize" Apple to use the challenged apps to sell game currency, their claim for breach of the implied covenant does not run afoul of an express contractual provision. (Opp'n at 19) This argument fails. Plaintiffs do not dispute that Apple had the contractual right to hold plaintiffs responsible
(Footnote continues on next page.)

shortage of cases, like *Carma*, rejecting implied covenant claims of this type. *See, e.g.*, *Kinderstart.com*, 2006 U.S. Dist. LEXIS 82481, at *37-38; *Wolf*, 162 Cal. App. 4th at 1120; *Vectren*, 2009 U.S. Dist. LEXIS 72811, at *18; *Brandt v. Lockheed Missiles & Space Co.*, 154 Cal. App. 3d 1124, 1129 (1984); *Balfour, Guthrie & Co. v. Gourmet Farms*, 108 Cal. App. 3d 181, 191 (1980).

Plaintiffs argue that Apple's motion should be denied because Apple's bad faith "conduct" was not within the parties' "reasonable expectations." (Opp'n at 20) However, the law is to the contrary: as the court in *Carma* held, where the contract expressly confers a right, the exercise of that right is "certainly within the reasonable expectations of the parties." *Carma*, 2 Cal. 4th at 374.[8]

The complaint does not state a claim for breach of the implied covenant.

### III. PLAINTIFFS' CLRA AND UCL CLAIMS FAIL TO MEET RULE 9(B).

#### A. The CLRA and UCL Claims Are Subject to Rule 9(b).

Rule 9(b)'s heightened pleading standard applies to CLRA and UCL claims alleging "a unified course of fraudulent conduct," whether based on affirmative misrepresentations or omissions. (Mot. at 12 (citing cases)) Plaintiffs concede that Rule 9(b) applies to their CLRA claim, but argue that the particularity requirement applies only to their UCL claim for fraudulent business practices. This argument is wrong.

---

(Footnote continued from previous page.)

for activity on their account, and there is nothing in the contracts limiting that right only to certain types of activity. Furthermore, this argument is merely a restatement of plaintiffs' public policy position.

[8] Plaintiffs rely on irrelevant cases. The decisions in *Fields v. QSP, Inc.*, No. CV 10-5772 CAS (SSx), 2011 WL 1375286 (N.D. Cal. Apr. 8, 2011), and *Marsu, B.V. v. Walt Disney Co.*, 185 F.3d 932, 937-38 (9th Cir. 1999), hold that a plaintiff can state a claim without alleging a breach of the underlying agreement. That proposition is not relevant. Plaintiffs' claim fails because it does not relate to Apple's alleged bad faith with respect to the performance of any contractual provision. Plaintiffs' cases illustrate this very point: a plaintiff can state a claim only where the allegations of bad faith relate to the performance of an express contractual provision. *See In re Chase Bank USA, N.A.*, No. M:09-CV-2032 MMC, 2009 U.S. Dist. LEXIS 108636, at *29-30 (N.D. Cal. Nov. 20, 2009); *In re Yahoo! Litig.*, 251 F.R.D. 459, 472 (N.D. Cal. 2008). Similarly irrelevant is *IndyMac Fed. Bank, F.S.B. v. PMI Mortg. Ins. Co.*, No. C 08-04303 WHA, 2009 U.S. Dist. LEXIS 14837 (N.D. Cal. Feb. 11, 2009), which dealt with an implied covenant claim in the context of the performance of a contractual provision that conferred discretionary authority. No such provision is at issue here.

1      Rule 9(b) applies to each of the three prongs of the UCL where, as here, the claims are
2  based on a "unified course of fraudulent conduct." *See Kearns v. Ford Motor Co.*, 567 F.3d
3  1120, 1126-27 (9th Cir. 2009) (applying Rule 9(b) to all prongs of UCL claim); *In re Facebook
4  PPC Adver. Litig.*, No. 5:09-cv-3043-JF, 2010 U.S. Dist. LEXIS 87769, at *31 (N.D. Cal.
5  Aug. 25, 2010) (applying Rule 9(b) to UCL fairness prong where allegations were "premised on a
6  fraud theory involving misrepresentations and omissions").[9] The crux of plaintiffs' UCL claim is
7  that Apple fraudulently misrepresented or omitted information regarding in-app purchases.
8  Accordingly, Rule 9(b) applies to each prong of the UCL claim.[10]
9      Moreover, plaintiffs' argument that Rule 9(b) does not apply to the unfair or unlawful
10 prongs because "fraud is not a necessary element" of those claims is contradicted by case law.
11 *See Kearns*, 567 F.3d at 1124-25 (all "averments of fraud" must be specifically pled even where
12 "fraud is not an essential element of a claim"). Following plaintiffs' logic, Rule 9(b) would never
13 apply to unfair and unlawful business practices claims since fraud is not a required element. But
14 since courts routinely apply Rule 9(b) to those prongs of the UCL, plaintiffs are clearly wrong.
15 *See, e.g., id.* at 1126-27; *In re Facebook*, 2010 U.S. Dist. LEXIS 87769, at *31-32.

### B. Plaintiffs Fail to Allege the Specific Representations or Omissions to Which They Were Exposed.

18     Rule 9(b) and recent California decisions construing the UCL and CLRA require that
19 plaintiffs specifically identify the representations or omissions that caused them injury. (Mot. at
20 12-13 (citing cases)) Plaintiffs, however, do not identify any allegations satisfying this standard.

---

[9] Contrary to plaintiffs' assertions (Opp'n at 11), they have failed to allege any non-fraudulent conduct supporting their UCL claim. (*Cf.* Compl. ¶¶ 65-79 (UCL cause of action based on allegedly fraudulent misrepresentations and omissions)) Moreover, the allegations underlying their claim for breach of the implied covenant cannot support a UCL claim. As discussed above, those allegations are insufficient in any event.

[10] Even if Rule 8 applied to plaintiffs' "unfair" claim — which it does not — they cannot show that their alleged harm was unavoidable. *See In re Facebook*, 2010 U.S. Dist. LEXIS 87769, at *32 (applying the "section 5" test articulated in *Camacho v. Auto. Club of S. Cal.*, 142 Cal. App. 4th 1394, 1405 (2006)). Plaintiffs could have avoided their alleged injuries by maintaining the confidentiality of their accounts and not allowing others to access their devices. And because plaintiffs' other claims fail, their UCL claim under the "unlawful" prong necessarily fails as well. (*See* Opp'n at 12)

Instead, they attempt to shift the focus away from their defective allegations by misconstruing the controlling case law.

**1.      Plaintiffs Fail to Allege the Specific Representations to Which They Were Exposed.**

To the extent plaintiffs attempt to plead a fraudulent misrepresentation claim, they utterly fail to allege the "who, what, when, where, and how" of Apple's alleged representations. For example, they fail to identify the representation that each plaintiff was exposed to, the specific content of the representation, and when the exposure occurred.

Plaintiffs assert that they have "pled specific facts" to support their misrepresentation claim, but none of the allegations they cite identifies Apple's specific alleged misrepresentations that each plaintiff was exposed to. (*See* Opp'n at 13-14 (citing Compl. ¶¶ 1, 8-12, 21-24, 26, 28, 30-31, 58, 72 (failing to attribute any specific representations to Apple))   Nor do allegations regarding when the charges occurred answer the question of when Apple made the alleged misrepresentations. (*See* Opp'n at 13 (citing Compl. ¶¶ 8-10, 12))  Because plaintiffs have not specifically identified the representations to which they were exposed, their UCL and CLRA claims should be dismissed.

**2.      Plaintiffs Fail to Plead a Fraudulent Omissions Claim Under the UCL or CLRA.**

Unable to satisfy the above pleading requirements, plaintiffs turn to a fraudulent omissions theory. They concede that to satisfy Rule 9(b), a plaintiff in a fraudulent omissions case must "identify with particularity" the "specific policies and representations that they reviewed." (Opp'n at 13-14 (citing *In re Facebook*, 2010 U.S. Dist. LEXIS 87769, at *30)) Plaintiffs suggest that the Court should apply a more relaxed pleading standard in an omissions case (Opp'n at 12, 14), but plaintiffs' assertion contradicts controlling law.

This Court addressed the requisite pleading standard for fraudulent omissions in *In re Facebook*, 2010 U.S. Dist. LEXIS 87769, at *30. There, the plaintiffs alleged that they had "'reviewed and relied on the policies, practices and representations set forth on Facebook's website regarding its advertising services.'" *Id.* This Court held that those allegations were

insufficient under Rule 9(b) because the allegations do not identify the "*specific* policies and representations" plaintiffs had reviewed on Facebook's website. *Id.* (emphasis added).

Plaintiffs' allegations here are even less specific than those found insufficient in *In re Facebook*. Their fraudulent omissions claim is based on the conclusory assertion that Apple "breached [a] duty to disclose" because it "represented" that certain apps were free, but "did not tell parents . . . that their child was then able to purchase Game Currency for fifteen minutes without any supervision, oversight or permission." (Opp'n at 14 (citing Compl. ¶¶ 4, 21, 22)) Those allegations fall far short of identifying any specific Apple policies or representations that the plaintiffs reviewed prior to downloading the apps. Indeed, plaintiffs' own contracts with Apple expressly inform plaintiffs that certain applications will include the ability to make in-app purchases. (Plunkett Decl. Ex. A at 11)

Plaintiffs also ignore the specific pleading requirements in a CLRA omissions case. (*See* Mot. at 13 (citing *Hovsepian v. Apple, Inc.*, No. 08-5788 JF (PVT), 2009 U.S. Dist. LEXIS 117562, at *7-8 (N.D. Cal. Dec. 17, 2009) (in CLRA omissions case plaintiff must plead either omission contrary to representation actually made or facts establishing defendants were "obliged" to disclose information allegedly omitted)) They have not plead any omission contrary to a representation actually made by Apple, or any facts showing that Apple was "obliged" to disclose the allegedly omitted information. Plaintiffs thus fail to allege a UCL or CLRA claim based on allegedly fraudulent omissions.

### C. Plaintiffs Fail to Sufficiently Allege Reliance and Causation.

Plaintiffs' UCL and CLRA claims also fail because they do not sufficiently allege reliance or causation.

#### 1. Plaintiffs' Reliance Allegations Are Insufficient.

Plaintiffs concede that to plead a UCL claim, they must allege with specificity that Apple's alleged misrepresentations or omissions: (1) were relied upon by the named plaintiffs; (2) were material; (3) influenced the named plaintiffs' decisions to purchase the [product]; and

(4) were likely to deceive members of the public." (Opp'n at 15 (citing *Tietsworth v. Sears, Roebuck and Co.*, No. 09-0288-JF (HRL) 2009 WL 3320486, at *8 (N.D. Cal. Oct. 13, 2009)))[11]

As noted above, plaintiffs do not identify the specific misrepresentations to which they allegedly were exposed, much less that these unidentified misrepresentations were material or that they relied on them in purchasing the app. Plaintiffs do not even attempt to satisfy these requirements with respect to four of the five plaintiffs. With respect to one plaintiff, the complaint makes only the bare allegation that plaintiff purchased a particular app because it was "free." (Opp'n at 15-16 (quoting Compl. ¶ 9)) The complaint is thus wholly insufficient to meet the *Tietsworth* requirements.

Plaintiffs' remaining arguments are similarly insufficient under *Tietsworth*. With respect to the second prong — materiality — plaintiffs offer only the general assertion that "materiality is generally a question of fact" and that Apple's statements that certain apps were free "would have influenced a reasonable consumer" in deciding whether to download them. (Opp'n at 16) But, as noted, the complaint does not identify the misrepresentations and includes no allegations from which materiality could be inferred. Similarly, with respect to the fourth prong — that Apple's misrepresentations or omissions were likely to deceive members of the public — plaintiffs assert that the apps were "targeted to young children" and were "often designed solely to lure children to purchase Game Currency." (*Id.*) Such generic allegations are insufficient to meet the standard set forth in *Tietsworth*, or even the basic pleading requirements of Rule 8. *See Laster v. T-Mobile USA, Inc.*, 407 F. Supp. 2d 1181, 1194 (S.D. Cal. 2005) (dismissing UCL claim where "none of the named Plaintiffs allege that they saw, read, or in any way relied on the advertisements; nor do they allege that they entered into the transaction *as a result* of those advertisements"), *aff'd*, 252 Fed. App'x 777 (9th Cir. 2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)

---

[11] Plaintiffs cite several other cases discussing the reliance requirement for a UCL claim. None undermines the pleading requirements set forth in *Tietsworth*. *See Kowalsky v. Hewlett-Packard Co.*, No. 10-CV-02176-LHK, 2011 U.S. LEXIS 89379, at *19 (N.D. Cal. Aug. 10, 2011); *In re Tobacco II Cases*, 46 Cal. 4th 298, 327 (2009).

(quoting *Bell Atl. v. Twombly*, 550 U.S. 544, 555 (2007) ("A pleading that offers 'labels and conclusions' or 'formulaic recitation of the elements of a cause of action' will not do.").

Further, plaintiffs do not address the CLRA's actual reliance requirement. (*See* Mot. at 15 (plaintiffs asserting "CLRA claims sounding in fraud must establish that they *actually relied* on the relevant representations or omissions") (quoting *Buckland v. Threshold Enters., Ltd.*, 155 Cal. App. 4th 798, 809 (2007) (emphasis added)

### 2. Plaintiffs' Causation Allegations Are Insufficient.

The UCL limits relief to any person "who has suffered injury in fact and has lost money or property *as a result of* such unfair competition." (Mot. at 13-14 (citing Cal. Bus. & Prof. Code §§ 17204, 17535 (emphasis added)) Plaintiffs, however, are not entitled to such relief because they do not allege any facts demonstrating that they each relied upon an alleged misrepresentation or omission by Apple that caused them harm.[12]

Plaintiffs assert that the following allegations regarding Plaintiff Silversmith satisfy causation: "Without Ms. Silversmith's knowledge and permission, Ms. Silversmith's daughter purchased 'Gems' while playing the 'Fashion Story' App, and Ms. Silversmith's iTunes account was charged $99.99 . . . ." (Opp'n at 17 (citing Compl ¶ 11)) These allegations, however, state nothing about how Silversmith's reliance on a specific Apple representation or omission caused her any harm. Such allegations cannot satisfy the causation requirement for Silversmith or any of the other plaintiffs.

Plaintiffs also do not plead causation under the CLRA. The CLRA affords relief only to California consumers "who suffer . . . damage *as a result of* the use or employment by any person of a method, act, or practice declared to be unlawful by Section 1770." (Mot. at 14-15 (citing Cal. Civ. Code § 1780) (emphasis added)) Plaintiffs make no attempt to explain how they have met this standard.

For these reasons, the UCL and CLRA claims should be dismissed.

---

[12] Plaintiffs cite numerous cases discussing the causation requirement under the UCL, but none addresses the heightened pleading requirements under Rule 9(b), which governs here.

## IV. PLAINTIFFS FAIL TO MEET THE PROCEDURAL REQUIREMENTS OF THE CLRA.

Plaintiffs have not met the procedural requirements of the CLRA.[13] First, they did not attach the required affidavits under CLRA § 1780(d). (Mot. at 15-16) In response, plaintiffs assert that they met this requirement because Plaintiff Meguerian filed an affidavit in his prior individual action. Section 1780(d) states, however, that an affidavit must be filed in "any action . . . concurrently with the filing of the complaint." Cal. Civ. Code § 1780(d). Because Plaintiffs failed to file *any* affidavit when they filed the consolidated complaint in this action, they have not satisfied the strict requirements of § 1780(d). (Mot. at 15 (citing *In re Apple & AT&T iPad Unlimited Data Plan Litig.*, No. 10-2553-RMW, 2011 U.S. Dist. LEXIS 77411, at *16-17 (N.D. Cal. July 18, 2011) (dismissing CLRA claims in consolidated class action complaint as to all plaintiffs because each failed to provide required affidavit)))

Second, plaintiffs do not dispute that four of the five plaintiffs did not give the required 30-day pre-litigation notice under § 1780(d). (*See* Opp'n at 17) They argue only that Meguerian's CLRA demand letter satisfied the notice requirement in this action. (*Id.* at 17-18) Meguerian's letter, however, did not provide the required pre-litigation notice of this consolidated action — the letter was submitted in another action. Plaintiffs' failure to give Apple notice of this lawsuit "did not facilitate pre-complaint settlement, which is contrary to the spirit and purpose of the CLRA requirements." *See Keilholtz v. Superior Fireplace Co.*, No. C 08-00836 CW, 2009 WL 839076, at *2-3 (N.D. Cal. Mar. 30, 2009) (dismissing CLRA claim where plaintiffs argued that notice requirements were met by affidavit filed in previous action). Accordingly, their CLRA claim should be dismissed with prejudice. (*See* Mot. at 16 (citing cases))[14]

---

[13] Plaintiffs' half-hearted argument that § 1780 does not apply in federal cases is undermined by the numerous federal cases cited in Apple's motion. (Mot. at 15-16) Moreover, plaintiffs' only authority is inapposite because the defendant there made no effort to counter the plaintiff's argument that § 1780(d) was inapplicable. *Henderson v. J.M. Smucker Co.*, No. CV 10-4524-GHK (VBKx), 2011 U.S. Dist. LEXIS 27953, at *4-5, n.3 (C.D. Cal. Mar. 17, 2011).

[14] Plaintiffs argue in the alternative that if they failed to provide adequate notice under § 1782(d), their claims should not be dismissed with prejudice. (Opp'n at 18 n.13) But none of plaintiffs' cases presents the situation here: the filing of a CLRA damages claim without an affidavit.

1  **V.    UNJUST ENRICHMENT**

Plaintiffs concede that their unjust enrichment/restitution claim "will depend upon the viability of [their] other claims." (Opp'n at 22; *see also* Mot. at 16-17 (unjust enrichment/restitution not independent claim in California))  For the reasons stated above, Plaintiffs fail to plead any claim for relief.  Accordingly, their claim for unjust enrichment/restitution necessarily should be dismissed.[15]

Plaintiffs' authorities do not support the existence of an independent cause of action for "money had and received."  (*See* Opp'n at 21-22 (citing *Gutierrez v. Girardi*, 194 Cal. App. 4th 925, 937 (2011) (describing cause of action for money had and received, but not whether it stands as an independent claim); *3W s.a.m. tout bois v. Rocklin Forest Prods., Inc.*, No. 2:10-cv-01070-MCE-KJN, 2011 WL 489735, at *4 (E.D. Cal. Feb. 7, 2011) ("When a common count is used as an alternative claim seeking the same recovery demanded in a specific cause of action based on the same facts, the common count may be dismissed if the cause of action is dismissed."))

As such, their claim for "money had and received" should also be dismissed.  (*See* Mot. at 17 (citing cases))

## CONCLUSION

For the foregoing reasons, the Court should dismiss the complaint in its entirety.

---

[15] Plaintiffs' authorities in support of their unjust enrichment/restitution claim are distinguishable because the plaintiffs in those cases pursued a quasi-contract theory of recovery. *See Blennis v. Hewlett-Packard Co.*, No. C 07-00333 JF, 2008 WL 818526, at *4 (N.D. Cal. Mar. 25, 2008) ("'[a] plaintiff can recover for unjust enrichment only where there is no contractual relationship between the parties'") (citation omitted); *Sanders v. Apple, Inc.*, 672 F. Supp. 2d 978, 989 (N.D. Cal. 2009) (plaintiffs did not allege contractual relationship with defendant); *Clerkin v. MyLife.com, Inc.*, No. C 11-00527 CW, 2011 WL 3607496, at *8 (N.D. Cal. Aug. 16, 2011) (same); *FDIC v. Dintino*, 167 Cal. App. 4th 333, 346 (2008) (holding that unjust enrichment claim not subject to four-year statute of limitations for action based upon contract).  Here, plaintiffs acknowledge that they signed a written contract with Apple when they opened their iTunes account.  (Compl. ¶ 83)

| | | |
|---|---|---|
| 1 | Dated: September 21, 2011 | MORRISON & FOERSTER LLP |
| 2 | | |
| 3 | | By: /s/ Stuart C. Plunkett |
| 4 | | STUART C. PLUNKETT |
| 5 | | Attorneys for Defendant APPLE INC. |

**GENERAL ORDER 45 ATTESTATION**

I, Claudia M. Vetesi, am the ECF User whose ID and password are being used to file the foregoing document. In compliance with General Order 45, X.B., I hereby attest that Stuart C. Plunkett has concurred in this filing.

/s/ Claudia M. Vetesi
Claudia M. Vetesi