1   Joseph J. Tabacco, Jr. (SBN 75484)
    Christopher T. Heffelfinger (SBN 118058)
    Anthony D. Phillips (SBN 259688)
2   **BERMAN DEVALERIO**
    One California Street, Suite 900
3   San Francisco, CA 94111
    Telephone: (415) 433-3200
4   Facsimile: (415) 433-6382
    Email:  jtabacco@bermandevalerio.com
5           cheffelfinger@bermandevalerio.com
            aphillips@bermandevalerio.com
6
7   *Proposed Interim Liaison Counsel for Plaintiffs*

8   Michael J. Boni (Admitted 09/11/92)
    Joshua D. Snyder (Admitted Pro Hac Vice)
    **BONI & ZACK LLC**
9   15 St. Asaphs Road
    Bala Cynwyd, PA 19004
10  Telephone: (610) 822-0200
    Facsimile: (610) 822-0206
11  Email: mboni@bonizack.com
            jsnyder@bonizack.com
12
    *Proposed Interim Co-Lead Counsel for Plaintiffs*
13
    [Additional Counsel Appear on Signature Page]
14

15

16                  **UNITED STATES DISTRICT COURT**
                  **NORTHERN DISTRICT OF CALIFORNIA**
17                      **SAN JOSE DIVISION**

18                                              )
                                                )
19  IN RE APPLE IN-APP PURCHASE                 )   Case No. 11-cv-01758-EJD
    LITIGATION                                  )
20                                              )   **PLAINTIFFS' OPPOSITION TO**
                                                )   **DEFENDANT APPLE INC.'S**
21                                              )   **MOTION TO STAY DISCOVERY**
                                                )
22  _____ )   Date:   February 17, 2012
                                                )   Time:   9:00 a.m.
23  This document relates to:                   )   Ctrm:   1, 5th Floor
                                                )   Judge:  Honorable Edward J. Davila
24  ALL ACTIONS                                 )
    _____ )
25

26

27

28
_____
[Master File No. 11-cv-1758 EJD] PLAINTIFFS' OPPOSITION TO DEFENDANT APPLE INC.'S
MOTION TO STAY DISCOVERY

1

## STATEMENT OF ISSUES PRESENTED

2      1.      Whether Defendant Apple Inc.'s Motion to Stay Discovery should be denied,

3   and discovery ordered to proceed without further delay, because:

4          a.      Ninth Circuit precedent is well-settled that discovery should proceed
                   pending a Court's ruling on a motion to dismiss;

5

6          b.      Apple cannot show that Plaintiffs will be unable to state a claim for
                   relief;

7          c.      A stay of discovery would cause prejudice to Plaintiffs that exceeds any
                   minimal burden to Apple, especially given the targeted document

8                  requests at issue; and

9          d.      The cases Apple relies upon are inapposite.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

# **TABLE OF CONTENTS**

2    MEMORANDUM OF POINTS AND AUTHORITIES ...............................................................1

3    I.       INTRODUCTION .........................................................................................................1

4    II.      STATEMENT OF FACTS ............................................................................................1

5    III.     ARGUMENT..................................................................................................................2

6             A.      Well-Settled Ninth Circuit Precedent Holds that Discovery Should Proceed
                      Pending a Motion to Dismiss. ..........................................................................2
7
              B.      Apple Cannot Show that Plaintiffs Will Be Unable to State a Claim for
8                     Relief..................................................................................................................5

9             C.      A Stay of Discovery Would Cause Prejudice to Plaintiffs that Exceeds any
                      Minimal Burden to Apple, Especially Given the Targeted Document
10                    Requests at Issue. ..............................................................................................7

11            D.      Apple Relies upon Inapposite Case Law ...........................................................8

12   IV.      CONCLUSION.............................................................................................................12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## TABLE OF AUTHORITIES

2

**Cases**

3

*A. Kemp Fisheries, Inc. v. Castle & Cooke, Inc.*, 852 F.2d 493 (9th Cir. 1988) .......................... 6

4

*Adams v. Easley*, No. Civ S-11-0826 GEB CKD PS, 2011 U.S. Dist. LEXIS 98568 (E.D.
5
     Cal. Sept. 1, 2011) ................................................................................................................ 10

6

*APL Co. Pte Ltd. v. UK Aerosols Ltd.*, *Inc.*, 452 F. Supp. 2d 939 (N.D. Cal. 2006).................... 11

7

*Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009) ................................................................................. 8, 9

8

*Beck v. Dobrowski*, 559 F.3d 680 (7th Cir. 2009) ....................................................................... 11

9

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ............................................................... 8, 9

10

*Blankenship v. Hearst Corp.*, 519 F.2d 418 (9th Cir. 1975)......................................................... 3

11

*Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048 (9th Cir. 2003)....................................... 7

12

*Estate of Mendoza-Saravia v. Fresno Cnty. Sherriff's Dep't*, No. 1:10-CV-00618-OWW-
     SMS, 2010 U.S. Dist. LEXIS 78061 (E.D. Cal. Aug. 3, 2010)................................................ 11

13

*Gray v. First Winthrop Corp.*, 133 F.R.D. 39 (N.D. Cal. 1990)........................................... 5, 6, 8

14

*Hammocks, LLC v. Harleysville Mut. Ins. Co.*, No. 1:10-cv-22, 2011 U.S. Dist. LEXIS
15
     86344 (W.D. N.C. Aug. 3, 2011)............................................................................................. 11

16

*Hewlett-Packard Co. v. Ace Property & Cas. Ins. Co.*, No. C 07-4676 JW (RS), 2008 U.S.
     Dist. LEXIS 79175 (Sept. 4, 2008).......................................................................................... 11

17

*In re Flash Memory Antitrust Litig.*, No. C 07-0086 SBA, 2007 U.S. Dist. LEXIS 95869
18
     (N.D. Cal. Jan. 4, 2008) ............................................................................................................ 9

19

*In re Graphics Processing Units Antitrust Litig.*, No. C 06-07417 WHA, MDL No. 1826 ,
     2007 U.S. Dist. LEXIS 57982 (N.D. Cal. July 24, 2007)........................................................... 9

20

*In re NetFlix Antitrust Litig.*, 506 F. Supp.2d 308 (N.D. Cal. 2007)............................................ 7

21

*In re Valence Tech. Secs. Litig.*, No. C 94-1542-SC, 1994 WL 758688 (N.D. Cal. Nov. 18,
22
     1994) .................................................................................................................................. 3, 4, 8

23

*Jarvis v. Regan*, 833 F.2d 149 (9th Cir. 1987)........................................................................... 10

24

*Kearns v. Ford Motor Co.*, 567 F.3d 1120 (9th Cir. 2009) ........................................................ 11

25

*Limestone Dev. Corp. v. Village of Lemont, Illinois*, 520 F.3d 797 (7th Cir. 2008) ................... 11

26

*Mlejnecky v. Olympus Imaging Am., Inc.,* No. 2:10-cv-02630 JAM KJN, 2011 U.S. Dist.
     LEXIS 16128 (E.D. Cal. Feb. 7, 2011) ............................................................................ passim

27

*Pac. Lumber Co. v. Nat'l Union Fire Ins. Co.*, 220 F.R.D. 349 (N.D. Cal. 2003)...................... 11

28

*Parker v. Stryker Corp.*, No. 08-CV-01093-REB-MEH, 2008 U.S. Dist. LEXIS 87518 (D.
   Colo. Oct. 1, 2008) ................................................................................................................ 7

*Pension Comm. of the Univ. of Montreal Pension Plan v. Banc of Am. Sec., LLC*, 685 F.
   Supp. 2d 456 (S.D.N.Y. 2010)............................................................................................ 11

*Qwest Commc'ns Corp. v. Herakles, LLC*, No. 2:07-CV-00393-MCE-KJM, 2007 U.S.
   Dist. LEXIS 57757 (E.D. Cal. Aug. 8, 2007) ................................................................ 3, 4, 7

*Rae v. Union Bank*, 725 F.2d 478 (9th Cir. 1984) ........................................................................ 10

*Ralston v. Mortg. Investors Group, Inc.*, No. C 08-536 JF (PVT), 2010 U.S. Dist. LEXIS
   35966 (N.D. Cal. Mar. 22, 2010)......................................................................................... 11

*Reiniger v. W.L. Gore & Assocs., Inc.*, No. CV-09-8185-PCT-PGR, 2010 U.S. Dist.
   LEXIS 46656 (D. Ariz. May 12, 2010) ............................................................................... 11

*Rivera v. NIBCO, Inc.*, 364 F.3d 1057 (9th Cir. 2004)................................................................ 11

*Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729 (9th Cir. 1987) ............................... 9, 10

*San Francisco Tech. v. Kraco Enters. LLC*, No. 5:11-cv-00355 EJD, 2011 U.S. Dist.
   LEXIS 59933 (N.D. Cal. June 6, 2011)......................................................................... passim

*Seven Springs Ltd. P'ship v. Fox Capital Mgmt. Corp.*, Civ. No. S-07-0142 LKK GGH,
   2007 U.S. Dist. LEXIS 32068 (E.D. Cal. Apr. 18, 2007) ............................................... 3, 4, 8

*Skellerup Indus. Ltd. v. City of Los Angeles*, 163 F.R.D. 598 (C.D. Cal. 1995)..................... 4, 6, 8

*Spencer Trask Software & Info. Servs. v. RPost Int'l*, 206 F.R.D. 367 (S.D.N.Y. 2002)............. 10

*Syverson v. IBM Corp.*, No. C-03-04529 RMW, 2007 U.S. Dist. LEXIS 75056 (N.D. Cal.
   Oct. 3, 2007) ........................................................................................................................ 11

*Trident Ctr. v. Connecticut Gen. Life Ins. Co.*, 847 F.2d 564 (9th Cir. 1988)............................... 6

*Wayne Inv. Inc. v. Gulf Oil Corp.*, 739 F. 2d 11 (1st Cir. 1984).................................................. 11

*White v. E-Loan, Inc.*, No. C 05-02080 SI, 2006 U.S. Dist. LEXIS 76051 (N.D. Cal. Oct. 5,
   2006) .................................................................................................................................. 3, 4

**Statutes & Rules**

Federal Rule 9(b) ........................................................................................................................... 6

Local Rule 7-1(b)......................................................................................................................... 12

1    <u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

2    **I.    INTRODUCTION**

3           Apple's Motion to Stay involves an attempt to unnecessarily delay discovery in this

4    action based only upon broad and unspecified assertions of expense and burden.  Contrary to

5    Apple's contentions, the five document requests propounded by Plaintiffs are just the type of

6    discovery "tailored to the limited issues presented by this case" that should be allowed to

7    proceed pending a decision on Apple's motion to dismiss.  *San Francisco Tech. v. Kraco*

8    *Enters. LLC*, No. 5:11-cv-00355 EJD, 2011 U.S. Dist. LEXIS 59933, at *10 (N.D. Cal. June 6,

9    2011).

10          There are four key reasons why Apple's Motion for a Stay should be denied.  First,

11   Ninth Circuit precedent is well-settled that discovery should proceed pending a Court's ruling

12   on a motion to dismiss.  Second, Apple cannot show, upon a preliminary review of the merits of

13   the motion to dismiss, that Plaintiffs will be unable to state a claim for relief.  Third, a stay of

14   discovery would cause prejudice to Plaintiffs that exceeds any minimal burden to Apple,

15   especially given the targeted document requests at issue.  And, fourth, the case law relied upon

16   by Apple is inapposite.[1]

17   **II.    STATEMENT OF FACTS**

18          As the leading seller of software applications ("apps") that users download on mobile

19   computing devices such as the iPhone and iPad, Apple offers thousands of apps to its

20   customers, many of which are geared toward children.  This class action concerns Apple's

21   scheme to offer supposedly "free" gaming apps targeted to children that, unbeknownst to

22   parents, are actually designed to induce minor children to purchase virtual supplies,

23   ammunition, fruits and vegetables, cash and other fake "currency," within the game ("game

24   currency").[2]  It is these "Bait Apps" that are the subject of Plaintiffs' claims.

25

26   ---
     [1] In addition, Plaintiffs respectfully submit that Apple's stay motion is appropriate for disposition
27   without oral argument.  *See San Francisco Tech.*, 2011 U.S. Dist. LEXIS 59933, at *1 (finding
     stay motion suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b)).

28   [2] Apple blandly refers to game currency as In-App Purchases or In-App Content.

1    Apple requires its users to enter a password prior to downloading (and/or purchasing) an

2  app or buying game currency.  Until recently, however, once the password was entered, Apple

3  permitted the user, even if a minor, to buy game currency for up to fifteen minutes without re-

4  entering the password.  In early 2011, after garnering millions of dollars of ill-gotten gains and

5  attracting the attention of the Federal Trade Commission ("FTC"), Apple eliminated this fifteen

6  minute purchase window.

7    The document requests at issue are narrowly tailored to seek documents concerning core

8  issues in the case without imposing significant burdens on Apple, namely:

9
   - Documents that Apple has received or provided to any government agency
10    including the FTC relating to game currency purchases by children;

11   - Documents sufficient to show Apple's basis for any policies relating to the 15-
      minute purchase window;
12
   - Documents relating to complaints concerning game currency purchases by
13    children;

14   - Documents relating to refunds or credits provided to customers concerning game
      currency purchases by children; and
15
   - Documents sufficient to show policies, guidelines, standards, procedures or
16    practices relating to Apple's approval for sale of gaming apps and game currency
17    purchases.[3]

18    On November 14, 2011, Apple moved to stay all discovery until the resolution of its

19  motion to dismiss.  Defendant Apple Inc.'s Notice of Motion and Motion to Stay Discovery,

20  ECF No. 56 ("Mot. to Stay").  Apple requested a hearing date of February 17, 2012, the same

21  date as the pending Motion to Dismiss is scheduled for oral argument.  *See id*.

22  **III.    ARGUMENT**

23    **A.    Well-Settled Ninth Circuit Precedent Holds that Discovery Should Proceed
         Pending a Motion to Dismiss.**
24

25    In the Ninth Circuit, it is well-settled that discovery should proceed pending a court's

26  ruling on a motion to dismiss.  Defendant Apple ignores this fulsome body of authority,

27  _____

28  [3] Plaintiffs' First Request for Production of Documents Directed to Defendant is appended to the
    Declaration of Stuart L. Plunkett, ECF No. 56-1.

[Master File No. 11-cv-1758 EJD] PLAINTIFFS' OPPOSITION TO DEFENDANT APPLE INC.'S
MOTION TO STAY DISCOVERY                                                              2

1   choosing instead to rely on its own proposed rule, that "discovery stays pending resolution of a

2   dispositive motion should be the rule, and not the exception."  Mot. to Stay at 7.  This is not the

3   law.

4           As many courts in California have recognized – including this Court – blanket stays of

5   discovery like the one sought here by Apple are *disfavored*, as they create inefficiencies and are

6   unfair to the party seeking discovery.  *See San Francisco Tech.*, 2011 U.S. Dist. LEXIS 59933,

7   at *5 ("[T]he Federal Rules of Civil Procedure do not provide for automatic or blanket stays of

8   discovery, similar to the one requested here.  In fact, district courts tend to look unfavorably

9   upon such blanket stays") (citations omitted); *Mlejnecky v. Olympus Imaging Am., Inc.,* No.

10  2:10-cv-02630 JAM KJN, 2011 U.S. Dist. LEXIS 16128, at *18 (E.D. Cal. Feb. 7, 2011)

11  (same); *Qwest Commc'ns Corp. v. Herakles, LLC*, No. 2:07-CV-00393-MCE-KJM, 2007 U.S.

12  Dist. LEXIS 57757, at *5 (E.D. Cal. Aug. 8, 2007) ("Generally, however, such motions are

13  disfavored because discovery stays may interfere with judicial efficiency and cause unnecessary

14  litigation in the future."); *White v. E-Loan, Inc.*, No. C 05-02080 SI, 2006 U.S. Dist. LEXIS

15  76051, at *5 (N.D. Cal. Oct. 5, 2006) ("Generally, such motions are disfavored because

16  discovery stays may interfere with judicial efficiency and cause unnecessary litigation in the

17  future.") (citations omitted).

18          Because discovery stays are disfavored in this context, the proponent of the stay faces a

19  "heavy burden" and must make a "strong showing" to obtain an order staying discovery.  *San*

20  *Francisco Tech.*, 2011 U.S. Dist. LEXIS 59933, at *5 ("[T]he Ninth Circuit requires Kraco to

21  make a 'strong showing'" to prevail on its motion to stay discovery pending a ruling on a

22  potentially dispositive motion) (quoting *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th

23  Cir. 1975)); *In re Valence Tech. Secs. Litig.*, No. C 94-1542-SC, 1994 WL 758688, at *2 (N.D.

24  Cal. Nov. 18, 1994) ("The party seeking a stay of discovery faces a heavy burden of making a

25  'strong showing' why discovery should be denied.") (citation omitted).[4]

26

27  [4] *See also Mlejnecky*, 2011 U.S. Dist. LEXIS 16128, at *19 ("[A] motion for a protective order
    seeking to preclude discovery must be supported by 'good cause' and a 'strong showing'");

28  *Seven Springs Ltd. P'ship v. Fox Capital Mgmt. Corp.*, Civ. No. S-07-0142 LKK GGH,
    2007 U.S. Dist. LEXIS 32068, at *11 (E.D. Cal. Apr. 18, 2007) (denying a motion to stay

1    As these demanding standards make clear, courts in the Ninth Circuit do not share

2  Apple's view that a stay of discovery is the natural consequence of the filing of a motion to

3  dismiss.  "[H]ad the Federal Rules contemplated that a motion to dismiss would stay discovery,

4  the Rules would have contained a provision to that effect."  *In re Valence Tech. Secs. Litig.*,

5  1994 WL 758688, at *2 (citation omitted).

6    In *San Francisco Technology*, 2011 U.S. Dist. LEXIS 59933, at *6-7, this Court recently

7  outlined the proper test for evaluating a request to stay discovery during the pendency of a

8  dispositive motion – a test widely applied in California federal courts but wholly ignored by

9  Apple.[5]  "First, the pending motion must be potentially dispositive of the entire case, or must at

10  least be dispositive on the issue to which the discovery is aimed.  Second, the court must

11  determine whether the potentially dispositive motion can be decided without the discovery.  A

12  protective order may issue if the moving party satisfies both prongs."  *San Francisco Tech.*,

13  2011 U.S. Dist. LEXIS 59933, at *7.

14    Consequently, numerous courts in the Ninth Circuit have denied requests to stay

15  discovery during the pendency of a motion to dismiss and held that even broader discovery than

16  is at issue here should proceed.  *See, e.g.*, *San Francisco Tech.*, 2011 U.S. Dist. LEXIS 59933

17  (denying request for a stay where pending discovery included twelve requests for production of

18  documents, thirteen interrogatories, and 23 requests for admission); *Mlejnecky*, 2011 U.S. Dist.

19  LEXIS 16128 (pending discovery included document requests and interrogatories); *Qwest*

20  *Commc'ns Corp.*, 2007 U.S. Dist. LEXIS 57757 (allowing all discovery); *Seven Springs Ltd.*

21  *P'ship*, 2007 U.S. Dist. LEXIS 32068 (allowing all discovery); *Skellerup Indus. Ltd. v. City of*

22  *Los Angeles*, 163 F.R.D. 598 (C.D. Cal. 1995) (pending discovery included requests for

23

24  discovery where the movant failed to make a "clear and convincing showing that it will prevail
    on its motion to dismiss"); *White*, 2006 U.S. Dist. LEXIS 76051, at *5 ("[B]efore a stay can be
25  issued, the moving party must meet a 'heavy burden of making a 'strong showing' why
    discovery should be denied ... [by showing] a particular or specific need for the stay, as opposed
26  to making stereotyped or conclusory statements.") (citation omitted).

27  [5] *See Mlejnecky,* 2011 U.S. Dist. LEXIS 16128, at *19 ("Judges in the Eastern District of
    California and Northern District of California have applied variations of this test with
28  frequency.") (collecting cases).

[Master File No. 11-cv-1758 EJD] PLAINTIFFS' OPPOSITION TO DEFENDANT APPLE INC.'S
MOTION TO STAY DISCOVERY                                                                    4

1   admissions, interrogatories and third party subpoenas); *Gray v. First Winthrop Corp.*, 133

2   F.R.D. 39 (N.D. Cal. 1990) (pending discovery included document requests and

3   interrogatories).

4        As demonstrated below, this Court should reach the same result.

5        **B.    Apple Cannot Show that Plaintiffs Will Be Unable to State a Claim for Relief**

6

7        Apple's stay motion fails the first prong of the two-pronged approach because Apple's

8   pending motion to dismiss is not likely to dispose of the entire case.  Indeed, under any possible

9   standard, Apple has not met its burden of showing that Plaintiffs will likely be unable to state a

10   claim for relief.  *See, e.g., Mlejnecky*, 2011 U.S. Dist. LEXIS 16128, at *27 (a consumer class

11   action in which the Court held that defendant had not met its burden of demonstrating that the

12   case was likely to be dismissed under either a "clear and convincing standard" or an "immediate

13   and clear possibility standard").[6]

14        To support its argument that its motion to dismiss is likely to dispose of this case, Apple

15   relies almost exclusively on arguments relating to the iTunes accounts' "Terms & Conditions."

16   Mot. to Stay at 3.  Specifically, Apple argues that any charges – no matter how outlandish –

17   incurred by Plaintiffs' minor children while playing the Bait Apps were appropriate because

18   Plaintiffs had "turned over use of their device and their iTunes account to their minor children."

19   *Id.*

20        Apple's argument is misplaced.  Plaintiffs are not relying on the "Terms & Conditions"

21   for their Declaratory Judgment Claim.  To the contrary, Plaintiffs allege facts supporting a

22   finding that each purchase and sale of Game Currency is a contract between Apple and a minor.

23   Specifically, Plaintiffs allege that (1) Apple offers to sell game currency to minors playing Bait

24   Apps, (2) the minors accept Apple's offer by clicking on buttons to purchase game currency,

25   and (3) the transactions are supported by consideration, i.e., the exchange of game currency for

26

27   [6]  Where, as here, the "defendant has not met its burden under the first step of the two-part test," there is no need to "address whether the pending motion to dismiss can be decided absent

28   discovery."  *Mlejnecky,* 2011 U.S. Dist. LEXIS 16128, at *33.

1   real currency.  *See, e.g.,* Plaintiffs' Consolidated Class Action Complaint ("Complaint") ¶¶ 46-

2   49, ECF No. 28.  Plaintiffs further allege that under California law, minors have the right to

3   disaffirm such contracts. Complaint ¶ 50 (citing Cal. Fam. Code § 6710 (2010)).  Consequently,

4   Plaintiffs seek a declaratory judgment that the "sales contracts between Defendant and the

5   children of the class members, relating to the purchase of Game Currency, are voidable at the

6   option of the respective class members on behalf of their minor children."  Complaint ¶ 54.[7]

7          Apple makes only passing reference to its arguments relating to Plaintiffs' other counts.

8   Mot. to Stay at 4.  Such "conclusory" arguments cannot be allowed to "undercut the Federal

9   Rules' liberal discovery provisions."  *Gray*, 133 F.R.D. at 40 (denying motion to stay

10  discovery).  *See also Skellerup*, 163 F.R.D. at 600 (denying motion for stay where defendant did

11  "no more than to argue in conclusory fashion that its motion to dismiss will succeed").

12         In any event, Apple's arguments on Plaintiffs' non-declaratory judgment counts only

13  underscore that its motion to stay should be denied.  For example, Apple argues that Plaintiffs'

14  claims under California's Unfair Competition Law and Consumer Legal Remedies Act are

15  insufficiently pled under Federal Rule 9(b).  Mot. to Stay at 4.  Apple is not only wrong on the

16  merits of this argument (see Plaintiffs' Opposition to Motion to Dismiss at 8-15, ECF No. 44),

17  but this is yet another reason to deny its motion for a stay.  As this Court recently explained in a

18  similar context, if the Court were to grant a motion to dismiss on these grounds, it likely would

19  grant leave to re-plead.  *San Francisco Tech.*, 2011 U.S. Dist. LEXIS 59933, at *8; *see also*

20  *Mlejnecky*, 2011 U.S. Dist. LEXIS 16128, at *32 ("The undersigned need not delve into each

21  element of the fraud claim because even if plaintiff failed to plead fraud with particularity and

22  her First Amended Complaint was dismissed, the undersigned anticipates that Judge Mendez

23

24  ─────────────────────

25  [7] Moreover, the meaning and application of the terms from the "Terms and Conditions" that
    Apple relies upon to defend its scheme are ambiguous and cannot be the lynchpin of a motion to
    dismiss.  It is well-settled under California law that "courts may not dismiss on the pleadings

26  when one party claims that extrinsic evidence renders the contract ambiguous" and "[t]he case
    must proceed beyond the pleadings so that the court may consider the evidence."  *A. Kemp*

27  *Fisheries, Inc. v. Castle & Cooke, Inc.*, 852 F.2d 493, 497 (9th Cir. 1988); *accord Trident Ctr. v.*
    *Connecticut Gen. Life Ins. Co*., 847 F.2d 564, 569 (9th Cir. 1988).

28

[Master File No. 11-cv-1758 EJD] PLAINTIFFS' OPPOSITION TO DEFENDANT APPLE INC.'S
MOTION TO STAY DISCOVERY                                                                    6

1   would grant leave to amend."); *Qwest Commc'ns Corp.*, 2007 U.S. Dist. LEXIS 57757, at *6

2   (rejecting motion to stay discovery, noting "the likelihood that leave to amend will be granted");

3   *In re NetFlix Antitrust Litig.*, 506 F. Supp.2d 308, 321 (N.D. Cal. 2007) (permitting "narrowly-

4   tailored" discovery to go forward, notwithstanding grant of motion to dismiss with leave to

5   amend); *cf. Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003)

6   ("Generally, Rule 15 advises the court that 'leave shall be freely given when justice so requires.'

7   This policy is 'to be applied with extreme liberality.'") (citation omitted).  Thus, the discovery

8   sought might "allow for a more detailed complaint" and "assist in expediting" the case.  *San*

9   *Francisco Tech.*, 2011 U.S. Dist. LEXIS 59933, at *8.

10  **C.    A Stay of Discovery Would Cause Prejudice to Plaintiffs that Exceeds any
           Minimal Burden to Apple, Especially Given the Targeted Document**
11  **       Requests at Issue.**

12          It is well-recognized that Plaintiffs have an interest in a timely resolution of their claims.

13  Not only does a stay of discovery cause delay in resolving Plaintiffs' claims, but as time passes,

14  memories fade, percipient witnesses become unavailable, and documents are destroyed.  The

15  initial complaint in this matter was filed on April 11, 2011 and the argument on Apple's motion

16  to dismiss is set for February 17, 2012.  If discovery is stayed pending the motion to dismiss,

17  this case will be at least ten months old before Apple produces even a single document.

18  Particularly here, where Plaintiffs seek injunctive relief, denying Apple's motion "would

19  promote the court's interest, as well as that of the public, in judicial efficiency and timely

20  resolution of litigation."  *San Francisco Tech.*, 2011 U.S. Dist. LEXIS 59933, at *10.

21          Moreover, Apple has not met its burden of demonstrating any harm or prejudice that

22  would result to it from having to produce the documents at issue.  *See Mlejnecky*, 2011 U.S.

23  Dist. LEXIS 16128, at *13 (denying motion to stay discovery pending motion to dismiss where

24  defendant failed "to 'show good cause' by demonstrating harm or prejudice that will result from

25  the discovery."); *Parker v. Stryker Corp.*, No. 08-CV-01093-REB-MEH, 2008 U.S. Dist.

26  LEXIS 87518, at *5 (D. Colo. Oct. 1, 2008) ("staying this case while Defendants' Motion to

27  Dismiss is pending could substantially delay the ultimate resolution of the matter, with adverse

28  consequences such as a decrease in evidentiary quality and witness availability").  To the

1  contrary, without any specificity whatsoever, Apple – perhaps the world's most sophisticated

2  computer company – hollowly complains of being "forced to search for and compile data from

3  several databases and several custodians separately; pay a vendor to house and cull the

4  documents; review the data for privilege; and produce documents."  Mot. to Stay at 8.   Such

5  generalized assertions are insufficient to justify a discovery stay.  *See Mlejnecky*, 2011 U.S.

6  Dist. LEXIS 16128, at \*13.  *See also Seven Springs Ltd. P'ship*, 2007 U.S. Dist. LEXIS 32068,

7  at \*3 ("To prevail on a motion for a protective order, the party seeking the protection has the

8  burden to demonstrate 'particular and specific demonstration[s] of fact, as distinguished from

9  conclusory statements….'") (citation omitted); *Skellerup Industries Ltd.*, 163 F.R.D. at 600

10  ("The moving party must show a particular and specific need for the protective order, as

11  opposed to making stereotyped or conclusory statements."); *In re Valence Tech. Secs. Litig*.,

12  1994 WL 758688, at \*2 (the "defendant must make a clear showing of hardship or inequity to

13  justify a blanket stay of discovery pending resolution of a challenge on the pleadings").

14       Indeed, the five document requests at issue are neither "oppressive nor burdensome,"

15  but rather, are "tailored to the limited issues presented by this case."  *San Francisco Tech.*,

16  2011 U.S. Dist. LEXIS 59933, at \*10.[8]  Accordingly, the Court should decline Apple's request

17  for a stay.

18       **D.**    **Apple Relies upon Inapposite Case Law**

19       Apple supports its motion with citations to cases having little or no bearing on the

20  question before the Court.  It relies heavily on *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544

21  (2007) and *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009), suggesting these decisions created a new

22  procedural rule staying discovery when a motion to dismiss is filed.  *See* Mot. to Stay at 6-7.

23

24  ———————————

[8] If Apple wishes to articulate a specific burden with respect to any of the requests at issue, it
25  should meet and confer, and, if necessary, seek specific relief from the Court.  That is what is
contemplated by the Federal Rules of Civil Procedure.  The blanket stay sought by Apple is both
26  unnecessary and contrary to well-settled authority.  *See, e.g., Gray*, 133 F.R.D. at 40 (denying
motion to stay discovery and noting that while defendants await ruling on their motions to
27  dismiss they "may only seek to attack the discovery requests by means of objections, if
appropriate, as provided in the Federal Rules.").

28

1   This Court has flatly rejected that argument.  *See, e.g.*, *In re Graphics Processing Units*

2   *Antitrust Litig.*, No. C 06-07417 WHA, MDL No. 1826, 2007 U.S. Dist. LEXIS 57982, at *23

3   (N.D. Cal. July 24, 2007); *In re Flash Memory Antitrust Litig.*, No. C 07-0086 SBA, 2007 U.S.

4   Dist. LEXIS 95869, at *24 (N.D. Cal. Jan. 4, 2008) ("Such a reading of that opinion [*Twombly*]

5   is overbroad and unpersuasive.").

6       Neither *Iqbal* nor *Twombly* established any rule or policy regarding discovery; to the

7   contrary, both cases expressly limited their holdings to the issue of pleading requirements.  *See*

8   *Iqbal*, 129 S.Ct. at 1952 ("Our decision is limited to the determination that respondent's

9   complaint does not entitle him to relief from petitioners."); *Twombly*, 127 S.Ct. at 556 ("[W]e

10  hold that stating such a claim requires a complaint with enough factual matter (taken as true) to

11  suggest that an agreement was made.").  To the extent those decisions commented on discovery

12  issues, their commentary extended only to the unique concerns stemming from "sprawling,

13  costly, and hugely time-consuming" antitrust litigation (*Twombly*, 550 U.S. at 560 n.6; *see also*

14  *id.* at 558-59) and the compelling policies underlying qualified immunity.  *See Iqbal*, 129 S.Ct.

15  at 1954 ("[W]e are impelled to give real content to the concept of qualified immunity for high-

16  level officials who must be neither deterred nor detracted [by discovery demands] from the

17  vigorous performance of their duties.").  Those concerns are absent from this consumer fraud

18  action.

19      Apple's other primary authority, *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d

20  729 (9th Cir. 1987), is plainly distinguishable.  There, the district court dismissed the plaintiffs'

21  antitrust claims for failure to allege injury to competition – an "indispensable" element of the

22  claim.  829 F.2d at 734.  The plaintiff amended its complaint, but the district court dismissed the

23  antitrust counts again "due to the same deficiency."  *Id*. at 732.  Having failed twice to allege

24  any cognizable injury to competition, the plaintiff then requested leave "to conduct discovery

25  and amend anew," which the district court denied.  *Id*.  The Ninth Circuit affirmed, agreeing

26  with the district court that no injury to competition was or could be alleged, 829 F.2d at 734-36,

27  and that the plaintiffs' other antitrust theories were equally meritless.  *Id*. at 736-38.  Given the

28  striking faults in the plaintiffs' complaint, and the plaintiffs' failure to cure the deficiencies after

1    two opportunities to do so, it comes as no surprise that the district court and the Ninth Circuit

2    brushed aside the plaintiffs' belated request to conduct discovery.  That it was an antitrust case,

3    where "the costs of discovery in such actions are prohibitive," was of particular concern to the

4    court.  *Id*. at 738.  Given that there was no "reasonable likelihood that plaintiffs can construct a

5    claim," denying access to discovery was proper.  *Id*.

6         Here, none of the same concerns are present.  Unlike *Rutman Wines*, where the

7    complaint was deemed insufficient on multiple occasions, here the Court has yet to rule on

8    Apple's motion to dismiss.  Moreover, in contrast to the woefully inadequate pleadings

9    presented in *Rutman Wines*, here the Consolidated Class Action Complaint properly asserts

10   multiple state law causes of action, as demonstrated *supra*.  Finally, the discovery sought here is

11   narrowly tailored to the issues presented in this case; the five document requests cannot begin to

12   compare to the volume and cost of discovery typically attendant to antitrust litigation.

13        Apple cites other cases, like *Rutman Wine*, where the complaint was so clearly deficient

14   that the court was "convinced" that the plaintiff could not plead a cognizable claim, and thus

15   stayed discovery.  *See, e.g.*, *Wenger v. Monroe*, 282 F.3d 1068, 1077 (9th Cir. 2002) (post-

16   *Rutman* decision finding no error in discovery stay, where the district court was "*convinced* that

17   the plaintiff will be unable to state a claim for relief") (emphasis added, citation omitted).  As

18   explained *supra*, Apple has *not* made a showing sufficient to "convince" the Court that

19   Plaintiffs will be unable to state a claim.[9]

20        The rest of Apple's citations are wholly inapposite and thus merit only cursory

21   discussion.  Indeed, nine of the cited cases did not concern the question of whether to stay

22

23   _____

24   [9] *Cf. Rae v. Union Bank*, 725 F.2d 478, 479, 481 (9th Cir. 1984) (stay of discovery was not an
     abuse of discretion where the claims "were wholly insubstantial and frivolous"). *See also Jarvis
     v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987) (stay not abuse of discretion, citing *Rae*); *Adams v.*

25   *Easley*, No. Civ S-11-0826 GEB CKD PS, 2011 U.S. Dist. LEXIS 98568, at *9 (E.D. Cal.
     Sept. 1, 2011) (denying discovery where the *pro se* plaintiff had filed five lawsuits relating to

26   mold contamination of his rental residence, and the complaint was so patently frivolous that the
     plaintiff was "cautioned that he may be declared a vexatious litigant… subject to a limiting

27   order"); *Spencer Trask Software & Info. Servs. v. RPost Int'l*, 206 F.R.D. 367, 368 (S.D.N.Y.
     2002) ("defendants do appear to have substantial arguments for dismissal of many, if not all, of

28   the claims asserted in this lawsuit").

1  discovery.[10]  Others involved stays of discovery entered *after* the complaint already had been

2  dismissed,[11] or where some discovery already had occurred.[12]  Still others provided no

3  substantive analysis on which to rely,[13] involved unusual circumstances bearing no resemblance

4  to this case,[14] or actually *denied* the motion to stay discovery.  *See Pac. Lumber Co. v. Nat'l*

5  *Union Fire Ins. Co.*, 220 F.R.D. 349, 352, 354 (N.D. Cal. 2003).

6

---

7  [10] *See Kearns v. Ford Motor Co.*, 567 F.3d 1120 (9th Cir. 2009) (no motion to stay discovery was at issue); *Limestone Dev. Corp. v. Village of Lemont, Illinois*, 520 F.3d 797, 805 (7th Cir. 2008)

8  (no motion to stay discovery was at issue; in fact, plaintiff's counsel affirmatively stated he did *not* want to conduct discovery); *Beck v. Dobrowski*, 559 F.3d 680, 682 (7th Cir. 2009) (no

9  motion to stay discovery at issue); *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1072 (9th Cir. 2004) (affirming a protective order forbidding an employer-defendant's proposed "fishing expedition"

10  to obtain evidence of the plaintiff-employees' immigration status); *Wayne Inv. Inc. v. Gulf Oil Corp.*, 739 F. 2d 11, 14 (1st Cir. 1984) (no motion to stay discovery was at issue); *Hammocks,*

11  *LLC v. Harleysville Mut. Ins. Co.*, No. 1:10-cv-22, 2011 U.S. Dist. LEXIS 86344 (W.D. N.C. Aug. 3, 2011) (same); *Estate of Mendoza-Saravia v. Fresno Cnty. Sherriff's Dep't*, No. 1:10-CV-

12  00618-OWW-SMS, 2010 U.S. Dist. LEXIS 78061 (E.D. Cal. Aug. 3, 2010) (same); *Reiniger v. W.L. Gore & Assocs., Inc.*, No. CV-09-8185-PCT-PGR, 2010 U.S. Dist. LEXIS 46656 (D. Ariz.

13  May 12, 2010) (same); *Pension Comm. of the Univ. of Montreal Pension Plan v. Banc of Am. Sec., LLC*, 685 F. Supp. 2d 456, 461 (S.D.N.Y. 2010) (same, stay previously imposed pursuant to

14  federal statute).

15  [11] *See Ralston v. Mortg. Investors Group, Inc.*, No. C 08-536 JF (PVT), 2010 U.S. Dist. LEXIS 35966, at *10 (N.D. Cal. Mar. 22, 2010) (staying discovery because "the disposition of the

16  motions to dismiss leaves Plaintiff without an operative complaint"); *Syverson v. IBM Corp.*, No. C-03-04529 RMW, 2007 U.S. Dist. LEXIS 75056, at *21 n.6 (N.D. Cal. Oct. 3, 2007) (following

17  dismissal of the complaint, denying plaintiffs' request to conduct discovery "prior to filing an amended complaint"); *APL Co. Pte Ltd. v. UK Aerosols Ltd.*, *Inc.*, 452 F. Supp. 2d 939, 945

18  (N.D. Cal. 2006) (denying plaintiffs' request to conduct discovery prior to filing an amended complaint so as to cure deficiencies identified by the court).

19  [12] *See Hewlett-Packard Co. v. Ace Property & Cas. Ins. Co.*, No. C 07-4676 JW (RS), 2008 U.S. Dist. LEXIS 79175 at *4-5 (Sept. 4, 2008) (initial disclosures and discovery responses had

20  already occurred when a stay of discovery was entered six years into the litigation).

21  [13] *Wenger*, 282 F.3d at 1077; *Hall v. Tilton*, No. C 07-3233, 2010 U.S. Dist. LEXIS 11162, at *4 (N.D. Cal. Feb. 9, 2010) (providing two sentences of reasoning to stay discovery by *pro se*

22  prisoner).

23  [14] *See Alaska Cargo Transp., Inc. v. Alaska R.R. Corp.*, 5 F.3d 378, 383 (9th Cir. 1993) (no abuse of discretion in staying discovery in light of the district court's "concern that [the plaintiff] was engaging in delay in responding to the motions to dismiss") (internal quotes, brackets omitted);

24  *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 3 (D.D.C. 2001) (staying discovery where both parties "agreed that either plaintiffs' motion for summary

25  judgment or defendant['s] … motion to dismiss, if granted, would be 'thoroughly dispositive'"); *In re First Constitution S'holders Litig.*, 145 F.R.D. 291, 294 (D. Conn. 1991) (discovery sought

26  was so "unwieldy" that it "could require the production of virtually every document relating to First Constitution's banking practices during the class period"); *Maljack Prods., Inc. v. Motion*

27  *Picture Ass'n of Am.*, No. 90-1121, 1990 U.S. Dist. LEXIS 13284, at *2 (D.D.C. Oct. 3, 1990) (plaintiff seeking discovery did "not even allege[] that it will be prejudiced by deferring

28  discovery").

---

[Master File No. 11-cv-1758 EJD] PLAINTIFFS' OPPOSITION TO DEFENDANT APPLE INC.'S
MOTION TO STAY DISCOVERY                                                                                11

1    Lastly, Plaintiffs respectfully submit that Apple's stay motion is suitable for decision

2   without oral argument, as authorized by Local Rule 7-1(b).[15]  Absent an expedited ruling from

3   the Court without oral argument, Apple will receive a *de facto* stay at least through the date of

4   oral argument on its motion to dismiss, because Apple has noticed oral argument on its stay

5   motion for February 17, 2012, which is also the scheduled date for argument on Apple's motion

6   to dismiss.[16]

7   **IV.    CONCLUSION**

8    For the foregoing reasons, the Court should deny Apple's Motion for Stay of Discovery.

9   Dated:  November 23, 2011                    Respectfully submitted,

10                                               **BONI & ZACK LLC**

11

12                                               BY:  ___/s/ Joshua D. Snyder_____
                                                        Joshua D. Snyder

13                                               Michael J. Boni
                                                 15 St. Asaphs Road
14                                               Bala Cynwyd, PA 19004
                                                 Telephone: (610) 822-0200
15                                               Facsimile: (610) 822-0206
                                                 Email: mboni@bonizack.com
16                                                      jsnyder@bonizack.com

17                                               Simon Bahne Paris
                                                 Patrick Howard
18                                               **SALTZ, MONGELUZZI, BARRETT &**
                                                 **BENDESKY, P.C.**
19                                               One Liberty Place, 52nd Floor
                                                 1650 Market Street
20                                               Philadelphia, PA 19103
                                                 Telephone: (215) 575-3986
21                                               Facsimile: (215) 496-0999
                                                 Email: sparis@smbb.com
22                                                      phoward@smbb.com

23                                               *Proposed Interim Co-Lead Counsel for Plaintiffs*

24

25

26  [15] Local Rule 7-1(b) provides in relevant part:  "In the Judge's discretion, or upon request by
     counsel and with the  Judge's approval, a motion may be determined without oral argument[.]"

27  [16] Plaintiffs' counsel conferred with Apple's counsel and asked whether Apple would agree to a
     request for a ruling on Apple's stay motion without oral argument.  Apple's counsel indicated
28  Apple opposes such a request.

Joseph J. Tabacco, Jr.
Christopher T. Heffelfinger
Anthony D. Phillips
**BERMAN DEVALERIO**
One California Street, Suite 900
San Francisco, CA 94111
Telephone: (415) 433-3200
Facsimile: (415) 433-6382
Email: jtabacco@bermandevalerio.com
      cheffelfinger@bermandevalerio.com
      aphillips@bermandevalerio.com

*Proposed Interim Liaison Counsel for Plaintiffs*

Jonathan Shub
**SEEGER WEISS LLP**
1515 Market Street
Philadelphia, PA 19102
Telephone: (215) 564-2300
Facsimile: (215) 851-8029
Email: jshub@seegerweiss.com

Benjamin G. Edelman
**LAW OFFICES OF BENJAMIN EDELMAN**
27A Linnaean Street
Cambridge, MA 02138
Telephone: (617) 359-3360
Email: edelman@pobox.com

Roberta D. Liebenberg
Jeffrey S. Istvan
Gerard A. Dever
**FINE, KAPLAN AND BLACK, R.P.C.**
1835 Market Street, 28th Floor
Philadelphia, PA 19103
Telephone: (215) 567-6565
Facsimile: (215) 568-5872
Email: rliebenberg@finekaplan.com
      jistvan@finekaplan.com
      gdever@finekaplan.com

Shanon J. Carson
Sarah R. Schalman-Bergen
**BERGER & MONTAGUE, P.C.**
1622 Locust St.
Philadelphia, PA 19103
Telephone: (215) 875-3000
Facsimile: (215) 875-4604
Email: scarson@bm.net
      sschalman-bergen@bm.net

*Attorneys for Plaintiffs*

1

**E-Filing Attestation**

2          I, Anthony D. Phillips, am the ECF User whose ID and password are being used to file

3   this document.  In compliance with General Order 45 X.B., I hereby attest that Joshua D. Snyder

4   identified above has concurred in this filing.

5

6                                                     /s/ Anthony D. Phillips
                                                      Anthony D. Phillips

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28