UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE APPLE IN-APP PURCHASE LITIGATION<br><br>_____ / | Case No. 5:11-CV-01758 EJD<br><br>**ORDER DENYING MOTION TO STAY DISCOVERY; CONTINUING CASE MANAGEMENT CONFERENCE** |

Presently before the court is a motion to stay discovery filed by Defendant Apple, Inc. ("Defendant") on November 14, 2011. See Docket Item No. 56. Defendant requests that the court stay discovery until Defendant's previous motion to dismiss Plaintiffs' Consolidated Class Action Complaint is decided. On November 23, 2011 Plaintiffs submitted a written opposition to the motion. See Docket Item No. 57. On December 5, 2011 Defendant submitted its reply in support of the motion to stay discovery after the parties stipulated to extended time to file. See Docket Item No. 60.

Having reviewed the parties' submissions, the court finds this matter appropriate for decision without oral argument pursuant to Civil Local Rule 7-1(b). Accordingly, the hearing scheduled for February 17, 2012 is VACATED. For the reasons below, the court denies Defendant's motion to stay discovery.

Generally, the scope of discovery is expansive, subject to the court's inherent power to control the proceedings before it. See Fed. R. Civ. P 26(b). There are, however, limits to the scope of discovery. Indeed, motions to stay discovery may be granted upon showing of good cause by the moving party or where "justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." White v. E-Loan, Inc., 2006 WL 2850041 *2 (N.D. Cal. Oct. 5, 2006) (quoting Fed.R.Civ.P. 26(c)(4); GTE Wireless, Inc. v. Qualcomm, Inc., 192 F.R.D. 284, 285-86. (S.D. Cal. 2000)).

Generally, such motions are disfavored because discovery stays may interfere with judicial efficiency and cause unnecessary litigation in the future. Id. Therefore, before a stay can be issued, the moving party must meet a "heavy burden of making a 'strong showing' why discovery should be denied . . . [by showing] a particular or specific need for the stay, as opposed to making stereotyped or conclusory statements." Id. (quoting Skellerup v. City of Los Angeles, 163 F.R.D. 598, 600 (C.D. Cal. 1995)). "Good cause" may be shown "by demonstrating harm or prejudice that will result from the discovery." Rivera v. NIBCO, Inc., 364 F.3d 1057, 1063 (9th Cir. 2004).

If, after examining the basis for good cause, "'a court finds particularized harm will result from disclosure of information to the public, then it balances the public and private interests to decide whether a protective order is necessary.'" Rivera, 364 F.3d at 1063–64 (quoting Phillips ex rel. Estates of Byrd v. Gen. Motors Corp., 307 F.3d 1206, 1211 (9th Cir. 2002)).

Here, Defendant requests the court to stay discovery pending a ruling on a potentially dispositive motion. In this context, the Ninth Circuit requires Defendant to make a "strong showing" of why discovery should be stayed. See Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975). However, Defendant has not made a strong showing proving the necessity of staying discovery. Defendant's contentions that Plaintiffs have not alleged a cognizable claim and that discovery would be costly do not prove the need for a stay.

Furthermore, as this court recently explained in a similar context, even if the court were to grant Defendant's motion to dismiss, it is not unreasonable to assume that it would grant leave to amend pleadings. See San Francisco Tech. v. Kraco Enterprises, 2011 WL 2193397 *3 (N.D. Cal.

June 6, 2011) (unpublished).  Thus, the discovery sought by Plaintiffs might "allow for a more detailed complaint" and "assist in expediting" the case.  Id.  Therefore, as in San Francisco Tech., the court finds that there is greater benefit to allowing discovery to proceed at this time as it would promote the court's interest, as well as that of the public, in judicial efficiency and timely resolution of litigation.

Accordingly, Defendant's motion to stay discovery is DENIED.

Furthermore, this case is scheduled for a Case Management Conference on February 17, 2012.  Based on the parties' Joint Case Management Statement and proposed schedule (see Docket Item No. 62), the court finds a Case Management Conference would be premature at this time.

Accordingly, the Case Management Conference is VACATED and continued until March 23, 2012.  The parties shall file an updated Joint Case Management Statement on or before March 13, 2012.

**IT IS SO ORDERED.**

Dated:  February 15, 2012

EDWARD J. DAVILA
United States District Judge
3

Case No. 5:11-CV-01758 EJD
ORDER DENYING MOTION TO STAY DISCOVERY; CONTINUING CASE MANAGEMENT CONFERENCE