**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE APPLE IN-APP PURCHASE LITIGATION | ) ) ) |
| This Document Relates To: | ) ) |
| All Actions. | ) ) ) ) |

Case No. 5:11-CV-1758  EJD

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS**

**(Re: Docket Item No. 37)**

## I.    INTRODUCTION

Presently before the court is Defendant Apple Inc.'s ("Apple") motion to dismiss Plaintiffs' Consolidated Class Action Complaint ("Complaint") pursuant to Rule 12(b)(6).  See Docket Item No. 37.

Apple, a Delaware corporation with its headquarters and principal place of business in California, is a leading seller of software applications ("apps") that users can download onto their mobile computing devices.  See Complaint, Docket Item No. 28, at ¶¶ 1, 14-18, 42.  Plaintiffs bring the instant class action on behalf of themselves and other similarly situated parents or guardians who (a) downloaded or permitted their minor children to download a supposedly free app from Apple and (b) then incurred charges for game-related purchases made by their minor children, without the parents' and guardians' knowledge or permission.  Id. at ¶ 2.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

On April 11, 2011, Plaintiff Garen Meguerian filed a complaint, individually and on behalf of others similarly situated, alleging that Plaintiffs' minor children were able to purchase "game currencies" without their parents' knowledge or authorization while playing game applications

1

("apps"), provided by Apple and advertised as free.  <u>See</u> Docket Item No. 1.  An "app" is a software application that a customer can download from Apple's App Store onto a mobile computing device.  "Game currencies" are virtual objects, such as supplies, that are used in connection with gameplay in certain apps.  <u>Id.</u> at ¶ 1-2.

On April 22, 2011, Plaintiffs Lauren Scott, Kathleen Koffman, and Heather Silversmith filed <u>Scott v. Apple Inc.</u>, No. 11-1989.  On May 26, 2011, Plaintiff Twilah Monroe filed <u>Monroe v. Apple Inc.</u>, No. 11-2394.  Plaintiffs filed their consolidated Complaint on June 16, 2011.  <u>See</u> Complaint, Docket Item No. 28.  Subsequently, these actions were consolidated by Judge Jeremy Fogel under the caption "In re Apple In-App Purchase Litigation."  <u>See</u> Docket Item No. 33.  In the Complaint, Plaintiffs allege that minors were able to make in-app purchases of game currency without Plaintiffs' knowledge or permission.  <u>See</u> Docket Item No. 28, at ¶¶ 2, 8-12.  The Complaint asserts claims for declaratory judgment, violation of the California Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750 <u>et seq</u>., violation of California's Unfair Competition Law ("UCL"), Cal. Bus. Prof. Code § 17200 <u>et seq</u>., breach of the implied covenant of good faith and fair dealing, and restitution /unjust enrichment/ money had and received.  <u>Id.</u>, at ¶¶ 45-96.

The sale of an app or any game currency is a transaction completed directly between Apple and the consumer.  <u>Id.</u> at ¶ 19.  Apple requires users to authenticate their accounts by entering a password prior to purchasing and/or downloading an app or buying game currency.  <u>Id.</u> at ¶¶ 3, 21.  Until early 2011, however, once the password was entered once, Apple permitted users to buy game currency for up to fifteen minutes without re-entering the password.  <u>Id.</u> at ¶¶ 3-4, 21.  Plaintiffs claim that they were unaware that purchases could be made without re-entering the password.  <u>Id.</u> at ¶ 21.  Plaintiffs downloaded and allowed their children to play free or nominal gaming apps, unaware that their children could, for fifteen minutes, purchase game currency without entering a password.  <u>Id.</u> at ¶¶ 8-12.  Plaintiffs' minor children were able to charge their parents' accounts in amounts ranging from $99.99 to $338.72 at a time.  <u>Id.</u>

On August 8, 2011, Defendants filed this instant motion to dismiss Plaintiffs' Complaint.  <u>See</u> Docket Item No. 37.  Plaintiffs filed a response on September 2, 2011.  <u>See</u> Docket Item No.

2

United States District Court<br>For the Northern District of California

1   44.  Defendants filed their reply on September 21, 2011.  See Docket Item No. 48.  This case was

2   reassigned to Judge Edward J. Davila on September 27, 2011.  See Docket Item No. 49.

3       On November 14, 2011 Defendant moved to stay discovery until the August 8, 2011 motion

4   to dismiss is resolved.  See Docket Item No. 56.  Plaintiffs filed a response on November 23, 2011.

5   See Docket Item No. 57.  After being granted enlarged time, Defendant filed a reply brief on

6   December 5, 2011.  See Docket Item Nos. 59, 60.

7                    III.    JURISDICTION AND VENUE

8       This court has jurisdiction pursuant to 28 U.S.C. § 1332(d) and venue is proper in this

9   district under 28 U.S.C. § 1391.  Plaintiffs bring this class action pursuant to Federal Rules of Civil

10  Procedure 23(b)(2) and (b)(3).

11      California substantive law applies to the instant case.  Apple account holders agree to a set

12  of Terms and Conditions ("Terms & Conditions") prior to making any purchases or downloads

13  from Apple's online store.  The Terms & Conditions provide that, "[a]ll transactions on the

14  Services are governed by California law . . . .  You expressly agree that all exclusive jurisdiction

15  for any claim or dispute with Apple or relating in any way to your use of the Services resides in the

16  courts of the State of California."  See Docket Item No. 28, at ¶ 40.  Furthermore, Apple's

17  headquarters and principal place of business is located in California.  Id. at ¶ 41.

18                       IV.    LEGAL STANDARD

19      Under Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed if it fails to

20  state a claim upon which relief can be granted.  "To survive a motion to dismiss, a complaint must

21  contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its

22  face."  Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (internal quotations omitted).

23  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

24  draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.  Recitals

25  of the elements of a cause of action and conclusory allegations are insufficient.  Id.

26      Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient

27  specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which it

28  rests."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations omitted).

Moreover, the factual allegations "must be enough to raise a right to relief above the speculative level" such that the claim "is plausible on its face." Id. at 555, 570. Pursuant to Rule 9(b), when an allegation involves fraud, a heightened pleading standard applies and a party must state with particularity the circumstances constituting fraud or mistake. Fed. R. Civ. P. 9(b). A motion to dismiss a complaint grounded in fraud under Rule 9(b) for failure to plead with particularity is the functional equivalent of a motion to dismiss under Rule 12(b)(6) for failure to state a claim. Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1107 (9th Cir. 2003)

In considering the sufficiency of a claim, the court must accept as true all of the factual allegations contained in the complaint. Twombly, 550 U.S. at 555-56. The court must also construe the alleged facts in the light most favorable to the plaintiff. Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1988). However, the court is not required to accept as true legal conclusions cast in the form of factual allegations. Twombly, 550 U.S. at 555.

If dismissal is granted under either Rule 12(b)(6) or 9(b), leave to amend should be allowed unless the pleading could not possibly be cured by the allegation of other facts. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Vess, 317 F.3d 1108. If amendment would be futile, however, a dismissal may be ordered with prejudice. Dumas v. Kipp, 90 F.3d 386, 393 (9th Cir.1996).

## V.      DISCUSSION

### A.  Declaratory Judgment

Plaintiffs seek declaratory judgment pursuant to 28 U.S.C. § 2201 *et seq.*, seeking a determination that: (a) the action may proceed and be maintained as a class action; (b) the sales contracts between Apple and the minor children of class members, relating to the purchase of in-app game currency, are voidable at the option of the respective class members on behalf of their minor children; (c) if the class members elect to void the contracts, they will be entitled to restitution and interest thereon; (d) an award of reasonable attorneys' fees and costs of suit to Plaintiff and Class is appropriate; and (e) such other and further relief as is necessary and just may be appropriate as well. See Docket Item No. 28, at ¶ 54.

Case No. 5:11-CV-1758 EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

**United States District Court**
For the Northern District of California

1    Plaintiffs allege that each in-app purchase constitutes a separate and voidable contract

2    between Apple and Plaintiffs' minor children, which may be disaffirmed by a parent or guardian on

3    behalf of the minors.  Id. at ¶¶ 45-54.  Plaintiffs allege that a contract between Apple and minor

4    existed each time that (1) Apple offered to sell game currency to a minor playing an app, (2) the

5    minor accepted Apple's offer, and (3) the transaction was supported by consideration, or payment

6    made by the Plaintiffs.[1]  Id. at ¶¶ 46-49.

7    Apple argues that this issue should be dismissed as a matter of law because the relevant

8    contractual relationship governing the in-app purchases is between Apple and Plaintiffs and is

9    based on the original Terms & Conditions signed by Plaintiffs, thus making the individual

10   purchases not voidable.[2]  See Docket Item No. 37, at 14.  Apple contends that the Terms &

11   Conditions governs the parties' relationships, including all subsequent purchases made using the

12   iTunes account.

13   However, Plaintiffs contend that the Terms & Conditions are not the contracts at issue.  See

14   Docket Item No. 44, at 14.  Furthermore, Plaintiffs argue that the Terms & Conditions are subject

15   to interpretation and that the court cannot dismiss the declaratory relief claim because Plaintiffs

16   should be permitted to introduce extrinsic evidence regarding the meaning of the term

17   "unauthorized use" in their contracts.[3]  Apple claims that this term is not relevant to Plaintiffs'

18   claim or to Apple's motion to dismiss.  Id. at 14-15.

19   ───────────────

[1] Apple argues that there is no legal basis for inferring a contract where the alleged offer is made to
20   one party but accepted by another party, and where the consideration is paid by the original offeree,
     rather than the party who accepted the alleged offer.  See Docket Item No. 37, at 17.  Plaintiffs
21   contend that their complaint alleges sufficient facts to establish the existence of a contract and that,
     pursuant to Cal. Civ. Code § 1605, consideration for a contract can be conferred upon the promisor
22   by any person, not only the offeree.

23   [2] This court may properly consider the Terms & Conditions on a Rule 12(b)(6) motion to dismiss
     since the document's contents are alleged in the complaint and no party questions its authenticity,
24   even though the document is not physically attached to the pleadings.  See Rubio v. Capital One
     Bank, 613 F.3d 1195, 1199 (9th Cir. 2010) (quoting Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir.
25   1994), overruled on other grounds by Galbraith v. County of Santa Clara, 307 F.3d 1119); Marder
     v. Lopez, 430 F.3d 445, 448 (9th Cir. 2006).

26   [3] The Terms & Conditions, which Plaintiffs accepted and agreed to when they opened iTunes
27   accounts, state, "[y]ou are solely responsible for maintaining the confidentiality and security of
     your Account and for all activities that occur on or through your Account . . . .  Apple shall not be
28   responsible for any losses arising out of the unauthorized use of your account."  See Docket Item
     No. 37, at 15.

Case No. 5:11-CV-1758 EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

United States District Court
For the Northern District of California

1

2

3

4

Additionally, Apple alleges that even if contracts exist between it and minors, Plaintiffs do not have standing to disaffirm any contracts of their minor children.[4]  Id. at 17.  However, Plaintiffs claim that parents may disaffirm contracts on behalf of their minor children, and in the alternative ask this court for an opportunity to cure the complaint.  See Docket Item No. 44, at 16 n. 9.

5

6

7

8

9

10

11

12

13

14

At this point, the court must construe the Complaint in the light most favorable to Plaintiffs, resolving any apparent ambiguity in their favor.  See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).  Apple argues that Plaintiffs' First Cause of Action should be dismissed as a matter of law, and yet offers no case law to support its contention that the Terms & Conditions constitute a relational contract and that each subsequent transaction between a minor child and Defendant is governed by the terms of the relational contract.  Even the U.S. Supreme Court has recognized that "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is remote and unlikely.'"  Twombly, 550 U.S. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).  Using this standard as a guide, Defendant's request to dismiss Plaintiffs' First Cause of Action must be denied.

15

**B.  CLRA and UCL Claims**

16

        **i.  Rule 9(b)**

17

18

19

20

21

Federal Rule of Civil Procedure 9(b) requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity.  Malice, intent, knowledge, and other condition of mind of a person may be averred generally."  It is established law that Rule 9(b)'s particularity requirement applies to state-law causes of action.  Vess, 317 F.3d at 1103.

22

23

24

25

26

27

28

---

[4] Cal. Civ. Code § 1556 states that minors are not capable of contracting.  A minor's lack of capacity to contract affects only the ability of the other party to enforce the contract against the minor, not the minor's ability to enforce the contract against the other party.  Under Cal. Fam. Code § 6710, minors may avoid liability on contracts, subject to certain exceptions.  However, only the minor, and not the other party, may disaffirm a contract.  The court has found no cases in California that have decided whether a minor's contract may be disaffirmed by someone other than the minor (such as a parent or guardian), except in the case of minor's death.

6

Fraud is not an essential element of either a CLRA or UCL claim, but that does not mean

that heightened pleading never applies to such claims.  <u>Id.</u>  As the Ninth Circuit has previously

stated:

> In cases where fraud is not a necessary element of a claim, a plaintiff may choose
> nonetheless to allege in the complaint that the defendant has engaged in fraudulent conduct.
> In some cases, the plaintiff may allege a unified course of fraudulent conduct and rely
> entirely on that course of conduct as the basis of a claim.  In that event, the claim is said to
> be "grounded in fraud" or to "sound in fraud," and the pleading of that claim as a whole
> must satisfy the particularity requirement of Rule 9(b) . . . .
> In other cases, however, a plaintiff may choose not to allege a unified course of fraudulent
> conduct in support of a claim, but rather to allege some fraudulent and some non-fraudulent
> conduct.  In such cases, only the allegations of fraud are subject to Rule 9(b)'s heightened
> pleading requirements."

<u>Id.</u> at 1103-04.

When averments of fraud are made, the circumstances constituting the alleged fraud must

be "specific enough to give defendants notice of the particular misconduct . . . ." [5]  <u>Vess</u>, 317 F.3d

at 1106 (internal quotation marks omitted).  Such averments "must be accompanied by the who,

what, where, and how of the misconduct charged."  <u>Id.</u> (internal quotations omitted).  However, in

the context of a fraudulent omission claim, a plaintiff cannot plead a specific time or place of a

failure to act and may accordingly plead fraud in alternative ways.  <u>Washington v. Baenziger</u>, 673

F. Supp. 1478, 1482 (N.D. Cal. 1987).

## ii.  Consumers Legal Remedies Act

As a preliminary matter, Apple argues that Plaintiffs' CLRA claim is procedurally defective

because of Plaintiffs' failure to attach the required affidavit under CLRA § 1780(d) and Plaintiffs'

failure to give timely notice under CLRA § 1782(a).  Plaintiffs contend that Plaintiff Meguerian

filed an affidavit meeting the requirements of § 1780(d) on April 11, 2011 when Plaintiff

Meguerian's original individual complaint was filed.  <u>See</u> Jonathan Shubb Dec'l, Docket Item No.

---

[5] In <u>Vess v. Ciba-Geigy Corp. USA</u>, 317 F.3d 1097 (9th Cir. 2003), the Ninth Circuit found that
plaintiff's claims of non-disclosure were not based in fraud.  However, the court in <u>Vess</u> derived its
elements of fraudulent misrepresentation from the California Court of Appeals case <u>Hackenthal v.
National Casualty Co.</u>, 189 Cal. App. 3d 1102 (1987) (stating the first element of a fraud claim
under California law as "false representation").  The elements have since been changed by the
Supreme Court of California to encompass false representation, concealment, and nondisclosure.
<u>Engalla v. Permanente Med. Group, Inc.</u>, 15 Cal. 4th 951, 974 (1997); <u>see also</u> <u>Kearns v. Ford
Motor Co.</u>, 567 F.3d 1120, 1126 (9th Cir. 2009).  As such, claims based non-disclosure must meet
the heightened pleading standard of Rule 9(b).

7

United States District Court
For the Northern District of California

1   45; Meguarian Affidavit, Docket Item No. 2.  Furthermore, Plaintiffs argue that Plaintiff

2   Meguerian's CLRA demand letter satisfied the notice requirement.

3          The CLRA states that "[i]n any action [under the CLRA], concurrently with the filing of the

4   complaint, the plaintiff shall file an affidavit stating facts showing that the action has been

5   commenced in a county described in this section as a proper place for the trial of the action." Cal.

6   Civ. Code § 1780(d).  If "a plaintiff fails to file the affidavit required by this section, the court

7   shall, upon its own motion or upon motion of any party, dismiss the action without prejudice." Id.

8   This court has previously dismissed CLRA claims filed in federal court where plaintiff did not file

9   the required affidavits.  In re Apple & AT&T iPad Unlimited Data Plan Litig., 802 F. Supp. 2d

10  1070, 1077 (N.D. Cal. 2011) (dismissing CLRA claims where no plaintiff filed an affidavit).

11  However, because Plaintiff Meguerian filed an affidavit concurrently with the original complaint

12  which showed that the action was properly commenced in this county, the purpose of the rule has

13  been satisfied.  See In re Easysaver Rewards Litigation, 737 F. Supp. 2d 1159, 1178 (S.D. Cal.

14  2010) (where plaintiff who had filed an affidavit along with the original complaint was no longer a

15  named plaintiff in the consolidated complaint, the "purpose of the rule" was still satisfied).

16         Under the CLRA, a plaintiff must also provide a company with thirty days' notice of the

17  specific alleged CLRA violation by certified registered mail before filing a CLRA claim for

18  damages. Cal. Civ. Code § 1782(a).  Federal courts have required "[s]trict adherence to the

19  statute's notice provision . . . to accomplish the [CLRA's] goals of expeditious remediation before

20  litigation."  In re Apple & AT&T, 802 F. Supp. 2d at 1077.

21         This court has previously dismissed a CLRA claim where plaintiffs argued that the notice

22  requirements were met by an affidavit filed by their attorneys in a previous class action case filed

23  in state court against the same defendants.  Keilholtz v. Superior Fireplace Co., 2009 WL 839076,

24  at *2-3 (N.D. Cal. March 30, 2009).  Keilhotz is distinguishable from the current case, however,

25  because the consolidated complaint at issue is not a separate action from Plaintiff Meguerian's

26  original complaint.  When the demand letter was sent, Defendant was on notice that it was being

27  sued by a putative class, and thus the notice was sufficient "to facilitate pre-complaint settlement,"

28  which is the purpose of the CLRA notice requirements.  Id. at *2 (quoting Outboard Marine Corp.

8

**United States District Court**
For the Northern District of California

1    v. Superior Court, 52 Cal. App. 3d 30, 41 (1975)).  Furthermore, Plaintiff Meguerian's original

2    complaint sought only injunctive relief, and such a claim may be commenced without compliance

3    with the notice requirements.  Id. at *3. After thirty days have passed, the consumer may amend the

4    complaint without leave of the court to include a request for damages.  Id.  Plaintiff Meguerian sent

5    his demand letter on April 11, 2011, concurrently with filing his original complaint, and amended

6    the complaint to include money damages after more than 60 days had elapsed.  Accordingly, the

7    notice requirement has been met.

8          Plaintiffs allege that Apple violated the CLRA by actively marketing and promoting certain

9    gaming apps as free or costing a nominal fee with the intent to induce minors to purchase in-app

10   game currency.[6]  See Docket Item No. 28, at ¶¶ 55-64.  Plaintiffs contend that Apple breached its

11   duty to disclose material facts about the game currency embedded in these gaming apps and the

12   ability to purchase such game currency for a fifteen-minute period without re-entering a password.

13   Apple contends that Plaintiffs' CLRA claims fail to meet Rule 9(b)'s heightened pleading standard.

14   See Docket Item No. 37, at 20-21.  Plaintiffs concede that Rule 9(b) applies to their CLRA claim.

15         The CLRA proscribes "unfair methods of competition and unfair or deceptive acts or

16   practices."  Cal. Civ. Code § 1770(a); In re Actimmune Marketing Litig., 2009 WL 3740648, at

17   *16 (N.D. Cal. Nov. 6, 2009).  Conduct that is "likely to mislead a reasonable consumer" violates

18   the CLRA.  Keegan v. American Honda Motor Co., Inc., 2012 WL 75443, at *5 (C.D. Cal. Jan. 6,

19   2012) (quoting Colgan v. Leatherman Tool Group, Inc., 135 Cal. App. 4th 663, 680 (2006)).

20   CLRA claims sounding in fraud must establish reliance and causation.  Buckland v. Threshold

21   Enters., Ltd., 155 Cal. App. 4th 798, 809 (2007), overruled on other grounds by Kwikset Corp v.

22   Superior Court, 51 Cal. 4th 310 (2011).

23         Omissions are actionable under the CLRA only when the omission is contrary to a

24   representation actually made by the defendant or where a duty to disclose exists.  Keegan, 2012

25   WL 75443, at *6.  Under California law, a duty to disclose arises in four circumstances: "(1) when

26   _____

27   [6] Plaintiffs allege that Apple violated three provisions of the CLRA: (1) representing that goods
     have uses or characteristics they do not have, Cal. Civ. Code § 1770(a)(5); (2) representing that
     goods are of a particular standard or quality when they are of another, Cal. Civ. Code § 1770(a)(7);
28   and (3) representing that a transaction confers or involves rights, remedies, or obligations which it
     does not have or involve, or which are prohibited by law, Cal. Civ. Code § 1770(a)(14).

Case No. 5:11-CV-1758 EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

1   the defendant is in a fiduciary relationship with the plaintiff; (2) when the defendant had exclusive

2   knowledge of material facts not known to the plaintiff; (3) when the defendant actively conceals a

3   material fact from plaintiff; or (4) when the defendant makes partial representations but also

4   supresses some material facts." Id. (quoting Smith v. Ford Motor Co., 749 F. Supp. 2d 980, 987

5   (N.D. Cal. 2010)).  In the instant case, Plaintiffs allege that Apple had a duty to disclose because it

6   concealed and/or omitted facts in the advertising, marketing, and promotion of its apps.  For a non-

7   disclosed fact to be material, a plaintiff must show that if the omitted information had been

8   available, the plaintiff would have been aware of it and behaved differently.  Id. (quoting

9   Oestreicher v. Alienware Corp., 544 F. Supp. 2d 964, 971 (N.D. Cal. 2008)).

10        Contrary to Apple's argument, Plaintiffs have alleged with specificity which

11   misrepresentations they were exposed to, their reliance on those misrepresentations, and the

12   resulting harm.  Plaintiffs pled specific facts that Apple "actively advertis[ed], market[ed] and

13   promot[ed] its bait Apps as 'free' or nominal . . . ."  See Docket Item No. 28, at ¶ 72.  The

14   Complaint explicitly states that at least one Plaintiff downloaded a game app and gave it to her son

15   "[b]ecause it said it was 'free'" and another Plaintiff gave her iPhone to her daughter so that she

16   could "play the 'free' game."  Id., at ¶¶ 9, 12.  Plaintiffs further assert that they were not informed

17   by Apple that once an iTunes account holder entered a password, he or she could make purchases

18   for up to fifteen minutes without re-entering the password.  Id. at ¶ 21.  Plaintiffs contend that,

19   "[h]ad any Plaintiff or other member of the Class known what their children were purchasing and

20   for how much, they would not have permitted the sales transaction from being consummated."  Id.

21   at ¶ 86.  Finally, the Complaint alleges that as a result of the fraud, Plaintiffs were charged large

22   sums of money after game currency was purchased without their knowledge.  Id. at ¶¶ 8-10, 12.

23        Drawing all inferences in Plaintiffs' favor, the court denies Apple's motion to dismiss

24   Plaintiffs' Second Cause of Action.

25

26            **iii.  Unfair Competition Law**

27        As a threshold matter, the parties disagree with respect to whether Plaintiffs' UCL claims

28   are subject to the pleading requirements of Rule 9(b).  The Ninth Circuit has determined that Rule

Case No. 5:11-CV-1758 EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

United States District Court
For the Northern District of California

9(b) applies to each of the three prongs of the UCL where the claims are based on a "unified course of fraudulent conduct." See Kearns v. Ford Motor Co., 567 F.3d 1120, 1126-27 (9th Cir. 2009); In re Facebook PPC Adver. Litig., 2010 WL 3341062, at *9 (N.D. Cal. Aug. 25, 2010). Although Plaintiffs argue that the pleading requirements of Rule 8, rather than Rule 9(b), apply to the "unfair" and "unlawful" prongs of their UCL claims because they are premised on Apple's alleged breach of the implied covenant of good faith and fair dealing, it appears that their claims, like those in Tietsworth v. Sears, Roebuck and Co., are entirely dependent upon allegations that Defendant made misrepresentations and omissions that are "grounded in fraud." Tietsworth, 2009 WL 3320489, at *6 (N.D. Cal. Oct. 13, 2009). Accordingly, those claims are subject to the heightened pleading requirement of Rule 9(b).

The UCL, California Business & Professions Code § 17200 *et seq*., prohibits acts of "unfair competition," defined as: (1) unlawful business acts or practices;[7] (2) unfair business acts or practices;[8] (3) fraudulent business acts or practices;[9] and (4) unfair, deceptive or misleading

---

[7] Under the "unlawful" prong, the UCL makes violations of other laws actionable under the UCL. In re Actimmune Marketing Litig., 2009 WL 3740648, at *15 (N.D. Cal. Nov. 6, 2009). Under this prong, "it is not necessary that plaintiffs allege violation of the predicate laws with particularity; they must at a minimum, however, identify the statutory or regulatory provisions that defendants allegedly violated." Id.

[8] The definition of an unfair business practice in consumer cases has been unsettled since the California Supreme Court ruling in Cel–Tech, which provided a definition in the context of an antitrust case, but did not address unfairness in the consumer context. See Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tele. Co., 20 Cal. 4th 163 (1999). After Cel-Tech, California appellate courts applied three different tests to determine "unfairness" in the consumer context, but the Supreme Court has not yet ruled on the issue. Where the state's highest court has not decided an issue, the task of the federal court is to determine how the state high court would decide it. Dimidowich v. Bell & Howell, 803 F.2d 1473, 1482 (9th Cir. 1986). Accordingly, the federal court must look to decisions of state intermediate appellate courts for guidance as to how the high court would decide. Id.; see also Lyons v. Bank of America, NA, 2011 WL 3607608 (N.D. Cal. Aug. 15, 2011).

In 2006, the appellate court in Camacho v. Automobile Club of So. Calif., 142 Cal. App. 4th 1394 (2006), used the Federal Trade Commission Act as guidance for the definition of unfairness. "(1) The consumer injury must be substantial; (2) the injury must not be outweighed by any countervailing benefits to consumers or competition; and (3) it must be an injury that consumers themselves could not reasonably have avoided." Id. at 1403. Several appellate courts and district courts have accepted Camacho's test. See Davis v. Ford Motor Credit Co., 179 Cal. App. 4th 581, 596-97 (2009); Daugherty v. American Honda Motor Co., Inc., 144 Cal. App. 4th 824, 839 (2006); Lyons, 2011 WL 3607608, at *10; Tietsworth v. Sears, Roebuck and Co., 2009 WL 3320486 (N.D. Cal. Oct. 13, 2009). As such, this court will apply the test used in Camacho.

Case No. 5:11-CV-1758 EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

1    advertising.[10]  Each of the three prongs of the UCL ("unfair," "unlawful," and "fraudulent")

2    constitutes an independent basis for liability and fraud is not an essential element of a claim for

3    unfair or unlawful business practices.  Actimmune, 2009 WL 3740648, at *7.

4         Plaintiffs allege that Apple engaged in unlawful, unfair, fraudulent and/or deceptive

5    business acts and practices in violation of the UCL by advertising, marketing, and promoting apps

6    as free or at a nominal cost with the intent to lure minors to purchase game currency.  See Docket

7    Item No. 28, at ¶¶ 65-79.  Furthermore, Plaintiffs allege that the Class has suffered substantial

8    actual economic harm.  As discussed supra, for claims based on fraudulent conduct, where Rule

9    9(b)'s heightened pleading standard applies, the court finds that Plaintiffs have sufficiently pled

10   specific facts to support their claims.

11        Under the "unlawful" prong, Plaintiffs have sufficiently alleged that Apple violated the

12   CLRA.  This violation is independently actionable under the UCL.

13        Under the test for "unfair" business practices, "[a]n act or practice is unfair if the consumer

14   injury is substantial, is not outweighed by any countervailing benefit to consumers or to

15   competition, and is not an injury the consumers themselves could reasonably have avoided."

16   Tietsworth, 2009 WL 3320486, at *7 (quoting Daugherty v. Am. Honda Motor Co., Inc., 144 Cal.

17   App. 4th 824 (2006)).  Plaintiffs have shown that they suffered substantial harm by incurring

18   charges that they did not explicitly authorize, ranging from $99 to $338.72 at a time.  Plaintiffs

19   contend that no benefit existed and Apple does not claim that there was any benefit to consumers

20   or competition.  Plaintiffs also contend that they could not have avoided this harm because they

21   ───────────────────────────

22   [9] In In re Tobacco II cases, 46 Cal.4th 298 (2009), the California Supreme Court held that for a
     fraudulent business practices claim, section 17204 of the UCL mandates that plaintiff demonstrate
     "actual reliance" upon the defendant's misrepresentation or omission.  Actimmune, 2009 WL
23   3740648, at *8.  Reliance can be demonstrated by showing that but-for defendant's conduct,
     plaintiff would not, in all reasonable probability, have engaged in the injury-producing conduct.
24   Id.  Plaintiffs must allege with specificity that defendant's alleged misrepresentations: (1) were
     relied upon by the named plaintiffs; (2) were material; (3) influenced the named plaintiffs' decision
25   to purchase the product; and (4) were likely to deceive members of the public.  Tietsworth, 2009
     WL 3320486, at *8.

26   [10] To state a claim for fraudulent marketing or advertising, "a plaintiff need merely allege that
27   'members of the public are likely to be deceived' by defendants' conduct."  Actimmune, 2009 WL
     3740648, at *7 (quoting Committee on Children's Television, Inc. v. General Food Corp., 35 Cal.
28   3d 197, 211 (1983)).  This is a distinct standard from common law fraud, where deception must be
     actually false.  Id.

Case No. 5:11-CV-1758 EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

*United States District Court*
*For the Northern District of California*

United States District Court
For the Northern District of California

1  had no way of knowing that for a fifteen-minute window, purchases could be made without re-

2  entering a password.

3         Under the "fraudulent" prong, Plaintiffs must allege with specificity that Defendant's

4  alleged misrepresentations: (1) were relied upon by the named plaintiffs; (2) were material; (3)

5  influenced the named plaintiffs' decision to purchase the product; and (4) were likely to deceive

6  members of the public.  Tietsworth, 2009 WL 3320486, at *8.  Following other California courts

7  and federal courts applying California law, the sufficiency of a plaintiff's UCL fraud claim may be

8  analyzed together with the CLRA claim.  Kowalsky v. Hewlett-Packard Co., 2011 WL 3501715

9  (N.D. Cal. Aug. 10, 2011).  As discussed in the analysis of Plaintiffs' Second Cause of Action,

10  Plaintiffs have pled specific facts to support their claim.

11        Accordingly, drawing all inferences in Plaintiffs' favor, the court denies Apple's motion to

12  dismiss Plaintiffs' Third Cause of Action.

13  **C.  Breach of Duty of Good Faith and Fair Dealing**

14        Plaintiffs allege that Apple breached its contractual duty of good faith and fair dealing with

15  Plaintiffs and class.[11]  See Docket Item No. 28, at ¶¶ 80-88.  Apple argues that Plaintiffs' claim

16  fails as a matter of law because under California law the implied covenant cannot be used to negate

17  an express contractual provision.  See Docket Item No. 37, at 10-12.  Apple further argues that

18  Plaintiffs have not alleged any express provision of their contract that relates to their claim, and an

19  implied covenant claim untethered to an express provision fails as a matter of law.

20        It has long been recognized in California that every contract contains an implied covenant

21  of good faith and fair dealing that neither party will injure the right of the other party to receive the

22  benefits of the agreement.  Wolf v. Walt Disney Pictures & Tel., 162 Cal. App. 4th 1107, 1120

23  (2008) (quoting Kransco v. American Empire Surplus Lines Ins. Co., 23 Cal. 4th 390, 400 (2000)).

24  The covenant protects the express covenants or promises of the contract.  Carma Developers (Cal.),

25  Inc. v. Marathon Development California, Inc., 2 Cal. 4th 342, 373 (1992).  As such, the implied

26

27  ─────────────────────
[11] Plaintiffs argue that, in the alternative, this claim should survive at least with respect to
allegations concerning the fifteen-minute window during which users could make an in-app
28  purchase without re-entering the password.  See Docket Item No. 44, at 27 n. 14.

Case No. 5:11-CV-1758 EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

covenant will only be recognized to further the contract's purpose; it will not be read into a contract to prohibit a party from doing that which is expressly permitted by the agreement itself.[12]  Id. at 374.  However, "breach of a specific provision of the contract is not a necessary prerequisite [for breach of implied covenant of good faith and fair dealing]."  Id. at 373.

To establish a claim for breach of the implied covenant of good faith and fair dealing, Plaintiffs must show that Apple lacked subjective good faith in the validity of its act or the act was intended to and did frustrate the common purpose of the agreement.  Id. at 372.  The Terms & Conditions signed by Plaintiffs expressly provide that Plaintiffs are responsible for activity occurring on or through their accounts and Apple may charge them for any such activity.  Thus, the implied covenant cannot negate Apple's ability to charge Plaintiffs.

Plaintiffs have failed to show how Apple's act breached the duty of good faith and fair dealing.  Accordingly, the claim for breach of the implied covenant is dismissed with leave to amend.

**D.  Restitution / Unjust Enrichment / Money Had and Received**

Plaintiffs claim that Plaintiffs and the Class are entitled to recover from Apple all amounts wrongfully collected and improperly retained by Apple, plus interest.  Apple alleges that no such independent claim exists in California.

There is a split between federal courts regarding the viability of unjust enrichment as an independent claim.  This court has recognized that a claim for unjust enrichment exists under California law when there is no contractual relationship between the parties.  See Sanders v. Apple, Inc., 672 F. Supp. 2d 978, 989 (N.D. Cal. 2009) ("To plead a claim for unjust enrichment, a plaintiff must allege a receipt of a benefit and unjust retention of the benefit at the expense of another"); Blennis v. Hewlett-Packard Co., 2008 WL 818526, at *4. (N.D. Cal. Mar. 25, 2008) ("[a] plaintiff can recover for unjust enrichment only where there is no contractual relationship between the parties . . . . Plaintiffs are entitled to plead an unjust enrichment claim in the

---

[12] In Carma, the California Supreme Court rejected an implied covenant claim where the contract at issue permitted the lessor to terminate the lease if the lessee asked to sublet.  When this occurred, the lessor terminated, and the lessee sued for breach of the implied covenant, but the court upheld the termination because it was expressly permitted by the agreement.  Carma, 2 Cal. 4th 342.

Case No. 5:11-CV-1758 EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

alternative"). However, as reiterated by this court, a party may state as many different claims as the party has, regardless of consistency. Blennis, 2008 WL 818526, at *4. Therefore, the court will not dismiss Plaintiffs' claim for unjust enrichment.

Money had and received is also a recognized cause of action. California courts held that when a common count is used as an alternative claim seeking the same recovery demanded in a specific cause of action based on the same facts, the common count may be dismissed if the cause of action is dismissed. McBride v. Boughton, 123 Cal. App. 4th 379, 394–95 (2004). Because the court has not dismissed Plaintiffs' first, second, and third causes of action, it need not dismiss the claim for money had and received. See 3W s.a.m. tout bois v. Rocklin Forest Products, Inc., 2011 WL 489735 (E.D. Cal. Feb. 7, 2011).

Accordingly, the court does not dismiss Plaintiffs' Fifth Cause of Action.

## VI.   CONCLUSION

For the reasons stated, the court GRANTS in part and DENIES in part Defendant's motion to dismiss. Defendant's motion to dismiss the first, second, third, and fifth claims for relief is denied. Defendant's motion to dismiss the fourth claim for relief is granted with leave to amend. **IT IS SO ORDERED.**


Dated: March 31, 2012

EDWARD J. DAVILA
United States District Judge

Case No. 5:11-CV-1758 EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS