IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE APPLE IN-APP PURCHASE LITIGATION _____/ | CASE NO. 5:11-cv-01758 EJD<br><br>**ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>[Docket Item No(s). 93] |

In this consumer litigation, presently before the court is the unopposed Motion for Preliminary Approval of Class Action Settlement filed by representative Plaintiffs Garen Meguerian, Lauren Scott, Kathleen Koffman, Heather Silversmith and Twilah Monroe ("Plaintiffs"). See Docket Item No. 93. Federal jurisdiction arises pursuant to 28 U.S.C. § 1332(d)(2). For the reasons stated below, the motion will be granted.

**I.   BACKGROUND**

According to the Consolidated Class Action Complaint ("CCAC") filed on June 16, 2011, Defendant Apple, Inc. ("Defendant") is a "market leader in the manufacture, marketing and sale of computers and computing devices." See CCAC, Docket Item No. 28, at ¶ 1. Defendant, through its iTunes store, is also the leading seller of "Apps," the common name given to software applications that users download on mobile devices, such as the iPhone, iPod, iTouch or iPad. Id. Some of the many Apps offered by Defendant are free gaming Apps that can be downloaded to a user's mobile device at no cost. Id.

This case involves those free gaming Apps that are targeted at children. Id. Plaintiffs allege that some of these Apps, while free to download, "are designed to induce purchases of what [Defendant] refers to as 'In-App Purchases' or 'In-App Content," such as "virtual supplies, ammunition, fruits and vegetables cash and other fake 'currency' within the game in order to play the game as it was designed to be played," otherwise known as "Game Currency." Id. Plaintiffs further allege that these particular gaming Apps "are highly addictive, designed deliberately so, and tend to compel children playing them to purchase large quantities" of Game Currency, "amounting to as much as $100 per purchase or more." Id.

Plaintiffs are parents whose minor children who were able to purchase virtual "Game Currency" within free gaming Apps without the knowledge or authorization of a parent. Id. at ¶ 2. They originally asserted against Defendant causes of action for declaratory relief, violation of the Consumers Legal Remedies Act, California Civil Code § 1750, violation of the Unfair Competition Law, California Business & Professions Code § 17200 et. seq., breach of the implied covenant of good faith and fair dealing, and unjust enrichment, on behalf of the following proposed class:

> All persons in the United States who paid for a purchase of Game Currency made by their minor children without their knowledge or permission.

Id. at ¶ 33.

On March 31, 2012, the court granted Defendant's Motion to Dismiss the CCAC in part and dismissed Plaintiffs' implied covenant claim with leave to amend. See Docket Item No. 66. All other causes of action remained as plead. Id.

Instead of filing an amended CCAC, the parties engaged in private settlement efforts through JAMS. Those efforts were successful, and resulted in a Stipulation of Settlement. See Decl. of Anthony D. Phillips, Docket Item No. 94, at Ex. 1. The stipulation was revised to address the court's concerns after the hearing on March 1, 2013. See Docket Item No. 101.

Based on the revised Stipulation of Settlement, Plaintiffs now seek an order preliminarily approving the settlement terms.

## II. LEGAL STANDARD

A class action may not be settled without court approval. Fed. R. Civ. P. 23(e). When the

parties to a putative class action reach a settlement agreement prior to class certification, "courts must peruse the proposed compromise to ratify both the propriety of the certification and the fairness of the settlement." Staton v. Boeing Co., 327 F.3d 938, 952 (9th Cir. 2003). At the preliminary stage, the court must first assess whether a class exists. Id. (citing Amchem Prods. Inc. v. Windsor, 521 U.S. 591, 620 (1997)). Second, the court must determine whether the proposed settlement "is fundamentally fair, adequate, and reasonable." Hanlon v. Chrysler Corp., 150 F.3d 1011, 1026 (9th Cir. 1998). If the court preliminarily certifies the class and finds the proposed settlement fair to its members, the court schedules a fairness hearing where it will make a final determination of the class settlement. Okudan v. Volkswagen Credit, Inc., No. 09-CV-2293-H (JMA), 2011 U.S. Dist. LEXIS 84567, at *6 (S.D. Cal. Aug. 1, 2011).

### III. DISCUSSION

#### A. Class Certification

Pursuant to the Federal Rules, there are four preliminary requirements for class certification: (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of representation. See Fed. R. Civ. P. 23(a)(1)-(4). If these are satisfied, the court must then examine whether the requirements of Rule 23(b)(1), (b)(2), or (b)(3) are satisfied. Wal-Mart Stores, Inc. v. Dukes, 131 S. Ct. 2541, 2548-49 (2011).

The Rule 23 requirements are more than "a mere pleading standard." Id. Indeed, the class representations are subjected to a "rigorous analysis" which compels the moving party to "affirmatively demonstrate . . . compliance with the rule - that is, he must be prepared to prove that there are *in fact* sufficiently numerous parties, common questions of law or fact, etc." Id.

##### 1. Rule 23(a)

Rule 23(a)(1) provides that a class action may be maintained only if "the class is so numerous that joinder of all parties is impracticable." Fed. R. Civ. P. 23(a)(1). In this context, "impracticability" is not equated with impossibility; it is only an apparent difficulty or inconvenience from joining all members of the class. Harris v. Palm Springs Alpine Estates, Inc., 329 F.2d 909, 913-14 (9th Cir. 1964). Moreover, satisfaction of the numerosity requirement is not

1  dependent upon any specific number of proposed class members, but "where the number of class
2  members exceeds forty, and particularly where class members number in excess of one hundred, the
3  numerosity requirement will generally be found to be met. Int'l Molders' & Allied Workers' Local
4  164 v. Nelson, 102 F.R.D. 457, 461 (N.D. Cal. 1983).

5  While Plaintiffs are unable to provide an estimate of the size the purported class, they do
6  represent that notice of this potential settlement will be sent to over 23 million iTunes account
7  holders who made a Game Currency purchase within one of the Apps subject to the settlement
8  terms. Based on that representation, the court finds that the numerosity requirement will be easily
9  satisfied.

10  Rule 23(a)(2) requires that there be "questions of law or fact common to the class." Fed. R.
11  Civ. P. 23(a)(2). In the wake of Wal-Mart, commonality now requires "the plaintiff to demonstrate
12  that the class members 'have suffered the same injury.'" Wal-Mart, 131 S. Ct. at 2551 (quoting
13  Gen. Tel. Co. of the Southwest v. Falcon, 457 U.S. 147, 157 (1982)). The claims of all class
14  members "must depend on a common contention," which is "of such a nature that it is capable of
15  classwide resolution - which means the determination of its truth or falsity will resolve an issue that
16  is central to the validity of each one of the claims in one stroke." Id.

17  Here, Plaintiffs contend the commonality requirement is met because Plaintiffs' allegations
18  stem from a claim that Defendant failed to adequately disclose the availability of In-App Purchases
19  within Apps targeted at children. Having considered this matter in light of Wal-Mart, the court
20  concurs that this constitutes a contention common to the entire class. Thus, this case meets the
21  commonality requirement of Rule 23(a)(2).

22  Rule 23(a)(3) requires that the representative party's claim be "typical of the claim . . . of the
23  class." Fed. R. Civ. P. 23(a)(3). "Under this rule's permissive standards, representative claims are
24  typical if they are reasonably co-extensive with those absent class members; they need not be
25  substantially identical." Hanlon, 150 F.3d at 1020. Here, Plaintiffs' personal claims are similar to
26  those of any and all absent class members since Plaintiffs, like all potential class members, were
27  susceptible to unauthorized In-App Purchases based on Defendants' alleged inadequate disclosure.
28  For this reason, Plaintiffs have satisfied the typicality requirement.

1    Finally, Rule 23(a)(4) requires a showing that "the representative parties will fairly and
2 adequately protect the interests of the class." Fed. R. Civ. Proc. 23(a)(4). Constitutional due
3 process is central to this determination. "[A]bsent class members must be afforded adequate
4 representation before entry of judgment which binds them." Hanlon, 150 F.3d at 1020 (citing
5 Hansberry v. Lee, 311 U.S. 32, 42-43 (1940)). Two questions must be resolved by the court: "(1) do
6 the named plaintiffs and their counsel have any conflicts of interest with other class members, and
7 (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the
8 class?" Id. Based on the information presented, the court answers the first question in the negative,
9 since Plaintiff shares the desire of all class members to be compensated for the violations alleged in
10 the CCAC. As to the second question, the court is satisfied that Plaintiffs' counsel has and will
11 continue to pursue this action vigorously on behalf of the class considering counsel's qualifications.

**2.    Rule 23(b)**

Under subsection (b)(3) of Rule 23, the court must find "that questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). "The predominance inquiry focuses on the relationship between the common and individual issues and tests whether the proposed class [is] sufficiently cohesive to warrant adjudication by representation." Vinole v. Countrywide Home Loans, Inc., 571 F.3d 935, 944 (9th Cir. 2009) (internal citations omitted).

As already addressed with regard to the Rule 24(a)(2) commonality requirement, the fact that the claims of all proposed class members arise from an allegation that Defendant failed to adequately disclose the availability of In-App Purchases within Apps targeted at children weighs in favor of finding the requirements of Rule 23(b)(3) satisfied.

For superiority, the court must consider "whether maintenance of this litigation as a class action is efficient and whether it is fair," such that litigating this case as a class action is superior to other methods of adjudicating the controversy. Wolin v. Jaguar Land Rover N. Am., LLC, 617 F.3d 1168, 1175-76 (9th Cir. 2010). As Plaintiffs note, the alternatives to class certification are either hundreds of separate proceedings, which would certainly be time-consuming and inefficient, or an

1  abandonment of claims by most class members since the amount of individual recovery is relatively
2  small - an outcome which is certainly not desirable. For these reasons, the court finds that a class
3  action is the superior method of resolving the claims of all class members. This requirement is
4  therefore satisfied.

5  Since a sufficient showing has been made as to all of the requirements contained in Federal
6  Rule of Civil Procedure 23, the settlement class will be conditionally certified for the purposes of
7  settlement.

### B. Preliminary Fairness Determination

Pursuant to Rule 23(e), the court must examine the proposed settlement and make a preliminary finding of fairness. A class action settlement may be approved only based on a finding that the settlement is "fair, reasonable, and adequate." Fed. R. Civ. Proc. 23(e)(1)(C). The burden to demonstrate fairness falls upon the proponents of the settlement. Staton, 327 F.3d at 959; see also Officers for Justice v. Civil Svc. Comm'n. of the City and County of San Francisco, 688 F.2d 615, 625 (9th Cir. 1982). The relevant factors for consideration include: the strength of the plaintiff's case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed; the stage of the proceedings; and the experience and views of counsel. Staton, 327 F.3d at 959. "[S]ettlement approval that takes place prior to formal class certification requires a higher standard of fairness." Hanlon, 150 F.3d at 1026.

Several characteristics of the settlement and the process which led to it support a finding of fairness. First, the settlement was reached after an extensive amount of investigation, discovery and document exchange. Second, the parties engaged the services of an experienced private mediator to assist them in their efforts to resolve this action at arms-length. Third, it is apparent the parties thoughtfully considered the risk, expense and complexity of further litigation in reaching a compromise. Indeed, as Plaintiffs point out, Defendant's arguments in opposition to liability under contract law and the consumer protection statutes were viable, and it was entirely possible that Defendant could ultimately prevail. Settlement at this point avoids that result for the class and saves both parties the burden of funding what could very well have been protracted litigation. Fourth,

Plaintiffs' counsel supports the settlement.

In addition to that already stated, further evidence of fairness can be found in the anticipated benefit to the class, which is adequate, if not exceptional. The proposed settlement allows every class member to receive, at a minimum, a $5.00 iTunes store credit or cash payment for those members who no longer maintain an iTunes account. In order to receive this credit, members are only required to submit a claim form attesting that they paid for Game Currency, that they did not authorize those payments, and that they have not already received a refund for those payments. Alternatively, settlement class members may elect to receive iTunes store credit or a cash refund in an amount equal to the aggregate total of all "Qualified Game Currency Charges"[1] within a single 45-day period for which they have not previously received a refund. Settlement class members may also request refunds for Qualified Game Currency Charges that occurred after the 45-day period in a claim for aggregate relief if they can furnish an explanation of the circumstances that made it possible for a minor to make to make the purchase.

For these reasons, the court is satisfied that the proposed settlement is fair and should be approved.

### C. Notice of Class Certification and Settlement Administration

Rule 23(c)(2)(B) requires "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Rule 23(e)(1) requires reasonable notice to all class members who would be bound by the proposed settlement. The notice must explain in easily understood language the nature of the action, definition of the class, class claims, issues and defenses, ability to appear through individual counsel, procedure to request exclusion, and the binding nature of a class judgment. Fed. R. Civ. P. 23(c)(2)(B).

Here, the parties agree that Defendant may choose a claims administrator and will pay all costs related to implementation of the claims process. Settlement documents in English and Spanish

---

[1] In the settlement agreement, "Qualified Game Currency Charges" are defined as "Game Currency charged to an iTunes account belonging to a Class Member by a minor without the Class Member's knowledge or permission."

United States District Court
For the Northern District of California

will be posted and available for download on a website maintained exclusively for this settlement, and shall be sent by mail or by electronic mail at no charge to class members who call a toll-free number. Settlement documents will also be e-mailed to every individual who paid for one or more purchase of Game Currency during the relevant period. Documents will be sent by mail for any member whose e-mail is no longer valid. Potential class members may then exclude themselves from the settlement or object to any party of it prior to final approval.

The court finds the procedure as summarized above and detailed within the settlement documents meets the standards of Rule 23. Moreover, the claims administration forms attached to the supplemental declaration of Plaintiffs' counsel are hereby approved. See Docket Item No. 101.

### IV. ORDER

In light of the preceding discussion, the Motion for Preliminary Approval of Class Settlement (Docket Item No. 93) is GRANTED as follows:

1. This action is certified as a class action for settlement purposes only pursuant to subsections (a) and (b)(3) of Federal Rule of Civil Procedure 23 and 29 U.S.C. § 216(b).

2. The stipulation of settlement is preliminarily approved as fair, reasonable, and adequate pursuant to Federal Rule of Civil Procedure 23(e).

3. Named plaintiffs Garen Meguerian, Lauren Scott, Kathleen Koffman, Heather Silversmith and Twilah Monroe are appointed as adequate class representatives for settlement purposes only.

4. Simon B. Paris and Patrick Howard of Saltz, Mongeluzzi, Barrett & Bendesky, P.C., and Michael J. Boni and Joshua D. Snyder of Boni & Jack are appointed as co-lead counsel for the settlement class pursuant to Federal Rule of Civil Procedure 23(g).

5. The content of the claims administration notices and forms are approved pursuant to subsections (c)(2)(B) and (e) of Federal Rule of Civil Procedure 23. The court directs the posting and mailing of the notices and forms in accordance with the schedule and procedures set forth in the settlement agreement.

6. Any class member who seeks to be excluded from the settlement must send a request by first class mail postmarked **on or before July 31, 2013.** Objections by any settlement class

1 member to the terms of the settlement or the certification of settlement class, the payment of fees to
2 class counsel, or entry of final judgment shall be heard and considered by the court only if, **on or**
3 **before August 23, 2013**, such objector files with the court a notice of the objection, submits
4 documentary proof that he or she is a member of the settlement class, states the basis for the
5 objection, and serve copies of the objection and all supporting documents on all counsel for the
6 settlement class, as designed above. In order to be considered at the hearing, all objections must be
7 actually received by counsel for the settlement class **on or before August 23, 2013.**

8  7. The hearing on final approval of class action settlement is scheduled for **October 18,**
9 **2013, at 9:00 a.m.** before this court. Class counsel shall file brief(s) requesting final approval of
10 the settlement, an award of reasonable attorneys' fees and costs, and an award of reasonable class
11 representative enhancement fees not later than 35 calendar days before the final approval hearing,
12 and shall serve copies of such papers upon each other and upon any objectors who have complied
13 with the objection procedure stated above.

14 **IT IS SO ORDERED.**

16 Dated: May 2, 2013

EDWARD J. DAVILA
United States District Judge

Case No. 5:11-cv-01758 EJD
ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT