UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| IN RE APPLE IN-APP PURCHASE LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Master File No. 11-cv-1758 EJD<br><br>CLASS ACTION<br><br>[PROPOSED] FINAL JUDGMENT & ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT; AWARD OF ATTORNEYS' FEES, COSTS AND SERVICE AWARDS TO CLASS REPRESENTATIVES |

This matter came before the Court on October 18, 2013, at 9:00 a.m., for a hearing on Plaintiffs' Motion for Final Approval of Class Action Settlement (ECF No. 120), and Plaintiffs' Motion for an Award of Attorneys' Fees, Reimbursement of Expenses and Service Awards for Class Representatives (ECF No. 115). The Court has considered the Settlement Agreement and Release ("Agreement"), oral and/or written objections and comments received regarding the proposed settlement, the record in the Action and the arguments and authorities of counsel. Good cause appearing,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:**

1. The Court, for purposes of this Final Judgment and Order Approving Settlement and Dismissing Claims of Settlement Class Members With Prejudice ("Judgment"), adopts the terms and definitions set forth in the Agreement.

2. The Court has jurisdiction over the subject matter of the Action, the Class Representatives, the Settlement Class Members, and defendant Apple Inc. ("Apple").

3. The Court finds that the notice to the Settlement Class of the pendency of the Action and of this settlement, as provided by the Agreement and by an Order of this Court (ECF No. 104), constituted the best notice practicable under the circumstances to all persons and entities within the definition of the Settlement Class, and fully complied with the requirements of Federal Rules of Civil Procedure Rule 23 and due process.

4. The Court approves the settlement as set forth in the Agreement and finds that the settlement is in all respects fair, reasonable, adequate and just to the Settlement Class Members.

5. The Court has received, reviewed and considered seven objections to this settlement (*see* ECF Nos. 109-113, 119, 123) and the arguments of Class Counsel (*see* ECF Nos. 115-116, 120-121), including the arguments of counsel for the parties during oral argument on October 18, 2013. No person filing an objection, nor any representative acting on such person's behalf, appeared during the hearing. For the reasons stated on the record during the October 18, 2013, hearing and those contained in the written submissions on behalf of the Settlement Class, the Court hereby overrules each of the seven objections on all grounds.

6. Pursuant to Rule 23(c), the Settlement Class as finally certified shall be defined as follows:

> All United States residents who prior to May 2, 2013 paid for Game Currency charged to their iTunes account by a minor without their knowledge or permission. The Settlement Class excludes Apple, any entity in which Apple has a controlling interest; Apple's directors, officers, and employees; Apple's legal representatives, successors, and assigns; and all persons who validly request exclusion from the Settlement Class.

7. Consummation of the Settlement shall proceed as described in the Settlement Agreement, and the Court hereby reserves jurisdiction over the subject matter and as to each party to the Agreement with respect to the interpretation and implementation of the Agreement for all purposes, including enforcement of any of the terms thereof at the instance of any party

and resolution of any disputes that may arise relating in any way to, or arising from, the implementation of the Agreement or the implementation of this Judgment.

8. The Court adjudges that the payment of attorneys' fees and expenses in the total amount of $ 1.3 million to Class Counsel and the payment of a service award to the Class Representatives in the amount of $ 1,500 to each is fair, reasonable and adequate, and that said attorneys' fees and costs shall be paid to Class Counsel and said service awards shall be paid to Plaintiffs Meguerian, Scott, Koffman, Silversmith, and Monroe pursuant to the terms of the Agreement. Co-Lead Counsel shall distribute the service awards above to each of the Class Representatives. Co-Lead Counsel shall also distribute the attorneys' fees and expenses between or among Class Counsel as Co-Lead Counsel shall determine in their sole discretion based on Class Counsel's relative substantive contributions to the prosecution and settlement of this Action.

9. As of the Effective Date, the Class Representatives and all Settlement Class Members shall be forever barred from bringing or prosecuting, in any capacity, any action or proceeding that involves or asserts any of the Released Claims against any Released Person and shall conclusively be deemed to have released and forever discharged the Released Persons from all Released Claims.

10. The Class Representatives and all Settlement Class Members shall, as of the Effective Date, conclusively be deemed to have acknowledged that the Released Claims may include claims, rights, demands, causes of action, liabilities, or suits that are not known or suspected to exist as of the Effective Date. The Class Representatives and all Settlement Class Members nonetheless release all such Released Claims against the Released Persons. Further, as of the Effective Date, the Class Representatives and all Settlement Class Members

shall be deemed to have waived any and all protections, rights and benefits of California Civil Code section 1542 and any comparable statutory or common law provision of any other jurisdiction.

11. The benefits and payments described in Paragraphs 7 and 8 are the only consideration, fees, and expenses Apple or the Released Persons shall be obligated to give to the Class Representatives, Settlement Class Members, and Class Counsel in connection with the Agreement and the payment of attorneys' fees and expenses.

12. The Action and all claims asserted in the Action are settled and dismissed on the merits and with prejudice as to the Class Representatives and all Settlement Class Members. Notwithstanding the foregoing, this Judgment does not dismiss any claims that have been or may be asserted in the future by any persons or entities who have validly and timely requested exclusion from the Settlement Class as provided for in the Agreement. A list of the 339 persons who validly and timely requested exclusion is on file with this Court at ECF No. 121-1, Exhibit F, and is incorporated herein. Notwithstanding the dismissal of the Action, Apple shall not claim and may not be awarded any costs, attorneys' fees, or expenses.

13. Without affecting the finality of this Judgment in any way, the Court reserves exclusive and continuing jurisdiction over the Action, the Class Representatives, the Settlement Class Members, and Apple for the purposes of supervising the implementation, enforcement, construction, and interpretation of the Agreement, the Court's Order dated May 2, 2013, and this Judgment.

14. The Agreement and this Judgment are not admissions of liability or fault by Apple or the Released Persons, or a finding of the validity of any claims in the Action or of

any wrongdoing or violation of law by Apple or the Released Persons. The Agreement and settlement are not a concession by the Parties and to the extent permitted by law, neither this Judgment, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be offered as evidence or received in evidence in any pending or future civil, criminal, or administrative action or proceeding to establish any liability of, or admission by Apple, the Released Persons, or any of them. Notwithstanding the foregoing, nothing in this Final Judgment shall be interpreted to prohibit the use of this Judgment in a proceeding to consummate or enforce the Agreement or Judgment, or to defend against the assertion of Released Claims in any other proceeding, or as otherwise required by law.

14. All other relief not expressly granted to the Settlement Class Members is denied. The Clerk shall close this file.

**IT IS SO ORDERED.**



Hon. Edward J. Davila
United States District Judge