1  Simon Bahne Paris (admitted *pro hac vice*)
   Patrick Howard (admitted *pro hac vice*)
2  **SALTZ, MONGELUZZI, BARRETT & BENDESKY, P.C.**
   One Liberty Place, 52nd Floor
3  1650 Market Street
   Philadelphia, PA 19103
4  Telephone: (215) 575-3986
   Facsimile: (215) 496-0999
5  Email:  sparis@smbb.com
           phoward@smbb.com
6
7  Michael J. Boni
   Joshua D. Snyder (admitted *pro hac vice*)
8  **BONI & ZACK LLC**
   15 St. Asaphs Road
9  Bala Cynwyd, PA 19004
   Telephone: (610) 822-0200
10 Facsimile: (610) 822-0206
   Email:  mboni@bonizack.com
11         jsnyder@bonizack.com
12 *Plaintiffs' Co-Lead Counsel*
13
14                    **UNITED STATES DISTRICT COURT**
                      **NORTHERN DISTRICT OF CALIFORNIA**
15                        **SAN JOSE DIVISION**
16 IN RE APPLE IN-APP PURCHASE           Master File No. 11-CV-1758-EJD
   LITIGATION
17                                       **CLASS ACTION**
18 This Document Relates to:             **DECLARATION OF SIMON**
                                         **BAHNE PARIS IN SUPPORT OF**
19     All Actions                       **REQUEST FOR POSTING**
                                         **APPELLATE BOND PURSUANT**
20                                       **TO FEDERAL RULE OF**
                                         **APPELLATE PROCEDURE 7**
21                                       **AND TO CONDUCT**
                                         **DISCOVERY OF OBJECTOR**
22                                       **CINDY MURREY**
23
24
25
26
27
28
   [NO. 11-CV-1758-EJD] DECLARATION OF SIMON BAHNE PARIS IN **IN SUPPORT OF REQUEST**
   **FOR POSTING APPELLATE BOND PURSUANT TO FEDERAL RULE OF APPELLATE**
   **PROCEDURE 7 AND TO CONDUCT DISCOVERY OF OBJECTOR CINDY MURREY**

1    I, Simon B. Paris, pursuant to 28 U.S.C. §1746, hereby declare as follows:

2    1.    I am an attorney currently licensed in good standing to practice law in the state of

3    New Jersey.   I am a Partner of the law firm Saltz, Mongeluzzi, Barrett & Bendesky, P.C.

4    ("SMBB"), and was appointed Co-Lead Counsel to the Settlement Class in this Action. ECF No.

5    104.

6    2.    I have personal knowledge of the matters set forth in this declaration, and those

7    specified to be on information or belief I believe to be true based upon my role in this case, and if

8    called as a witness, I could and would testify competently thereto.

9    3.    I submit this declaration in support of Plaintiffs' Motion for Posting of an Appeal

10   Bond and to Conduct Discovery of Objector Cindy Murrey ("Murrey"). All capitalized terms not

11   defined herein have the same meaning as set forth in the Stipulation of Settlement and Release

12   ("Agreement") filed with this Court on September 12, 2013. ECF No. 120.

13   **The Settlement Approval**

14   4.    On May 2, 2013, the Court entered its Order Granting the Motion for Preliminary

15   Approval of Class Action Settlement ("Preliminary Approval Order"). ECF No. 104.  In doing so,

16   the Court certified a Settlement Class consisting of: All United States residents who, prior to May

17   2, 2013, paid for Game Currency charged to their iTunes account by a minor without their

18   knowledge or permission *Id*.   The Preliminary Approval Order also set deadlines and

19   requirements for any objection to the proposed settlement as follows:

20
21       Objections by any settlement class member to the terms of the settlement or the
         certification of settlement class, the payment of fees to class counsel, or entry of
         final judgment shall be heard and considered by the court only if, on or before
22       August 23, 2013, such objector files with the court a notice of the objection,
         submits documentary proof that he or she is a member of the settlement class,
23       states the basis for the objection, and serve copies of the objection and all
         supporting documents on all counsel for the settlement class, as designed above.
24       In order to be considered at the hearing, **all objections must be actually received
         by counsel for the settlement class on or before August 23, 2013**.
25

26   ECF No. 104 at 8:28-9:7 (emphasis added).  On June 14, 2013, the Preliminary Approval Order

27   was modified, in relevant part, only to extend this deadline one week to August 30, 2013. ECF

28

1

1  No. 108 at 2:7-14. Based on the Preliminary Approval Order, the Notice to the Class similarly

2  required proof of membership in the Class and stated: "The objection and any supporting papers

3  must be mailed to and actually received by the following two addresses [the Court and Claims

4  Administrator] no later than August 30, 2013". ECF No. 121-1, Ex. A at No. 18.

5       5.     The Murrey objection was not received by either the Court or the Claims

6  Administrator until after August 30, 2013, and failed to provide proof of membership in the

7  Class. A true and correct copy of the Murrey objection is attached hereto as Exhibit B. *See also*,

8  ECF No. 119.

9       6.     The Murrey objection purports to have been sent via Federal Express Priority

10  Overnight on Wednesday, August 28, 2013. It was ***not***. (ECF No. 121-1, Ex. G). Instead, it was

11  not sent until near close of business the next day, 4:33 p.m. on August 29, not August 28; and it

12  was not sent via "Federal Express Priority Overnight" but rather sent via United States Postal

13  Service – Priority Mail Express 1-Day™. *Id*. As such, the Murrey objection was not "actually

14  received" by the Court or the Claims Administrator until September 3, 2013, after the August 30

15  deadline and in violation of the Preliminary Approval Order. *See* ECF No. 119, 121-1, Ex. G.

16  The Murrey objection is invalid as untimely; and therefore, Murrey does not possess a right of

17  appeal. *See* ECF No. 120, fn 7.

18       7.     The Murrey objection also failed to submit documentary proof of membership in

19  the Class. Murrey filed a claim for the $5 iTunes Store credit, attesting to the following

20  statement:

21         1.     I paid for game currency that a minor charged to my iTunes account in one
22         or more Qualified Apps without my knowledge or Permission;

23         2.     I did not knowingly enter my iTunes password to authorize any
       purchase(s), and I did not give my password to the minor to make any such
24         purchases(s); AND

25         3.     I have not already received a refund from Apple for these charges.

26  Ex. 1 at 5.

27

28

                                                                              2

8.      Based on the preliminary investigation of Class Counsel, it is believed that one or more of these statements may be inaccurate. An inaccuracy in any of the three statements by Murrey removes her from the Class.

9.      Murrey has two children, neither of which were minors during the Class Period. Moreover, we have not identified any grandchildren of Murrey. On November 18, 2013, Class Counsel requested Murrey identify the minor who made the minor who made the purchase upon which her membership in the Class is based. Murrey had not responded by the time this Motion was filed.

10.     Class counsel seeks to depose Murrey to determine whether Murrey is in fact a member of the Class based on these limited purchases in Qualified Apps. If not, the appeal must be dismissed. Similarly, the Murrey deposition would include inquiry of her Professional Objector status, and the questionable good faith basis for the Murrey objection and appeal given the *pro forma* nature of the objections coming from the same Murrey household.

11.     In submitting her claim for relief from the Settlement, Murrey acknowledged the following: "I understand that my claim is subject to audit, review and validation using all available information." Ex. C at 5.

**The Murrey Appeal**

12.     On November 15, 2013, Murrey filed a notice of appeal from this Court's October 18, 2013 Final Judgment & Order Granting Final Approval of Class Action Settlement; Award of Attorneys' Fees, Costs and Service Awards to Class Representatives ("Final Order") (ECF No. 127). Attached hereto as Exhibit D is a true and correct copy of Murrey's notice of appeal of the Final Order. ECF No. 130.

13.     As referenced during the Final Approval Hearing, this is not the first Murrey to file an objection. A true and correct copy of the Final Approval Transcript is attached hereto as Exhibit E. In response to the Court's inquiry about "Professional Objectors," the Murrey objection was discussed and Class Counsel's identified a prior objection made by Murrey's husband in a state court class action. Ex. E at 10:9-19.

3

1   14.   In 2012, Michael Murrey, from the same address as Murrey, filed an objection and

2   Notice of Appeal in *Chambers v. Weber-Stephen Products, LLC et al.*, San Diego Superior

3   Court, Case No. 37-2011-00085919-CU-BT-CTL.  Attached as Exhibit F is a true and correct

4   copy of the objection filed by Michael Murrey in *Chambers v. Weber-Stephen Products, LLC et*

5   *al.*, San Diego Superior Court, Case No. 37-2011-00085919-CU-BT-CTL.  The Michael Murrey

6   objection is strikingly similar, if not verbatim in large part, to the Murrey objection filed here.

7   Compare Ex. B to Ex. F.

8   15.   As with Murrey here, the Michael Murrey objection was overruled by the trial

9   court and Michael Murrey filed an appeal to the California Court of Appeals, 4th Appellate

10  District, and was assigned case number D062669. A true and correct copy of the Parties and

11  Docket sheets from that appeal are attached hereto as Exhibit H.  The Michael Murrey address

12  listed on the appeal is the same as that listed for Murrey here, and the Michael Murrey appeal

13  was dismissed by the court for lack of prosecution just weeks after it was filed. *Id.*

14  **The Requested Bond Amount**

15  16.   Plaintiffs are moving here for an Order requiring Murrey to post a Rule 7 appeal

16  bond in the amount of $75,000.

17  17.   This amount consists of anticipated taxable costs that will be incurred by Plaintiffs

18  in defending Murrey's meritless appeal, and includes the preparation and transmission of the

19  record, moving to dismiss the appeal for lack of standing, opposing the appeal, including the

20  costs of printing and copying briefs and other submissions and the reporter's transcripts.

21  Plaintiffs reasonably anticipate other items of cost incurred with the filing of various motions

22  with the appellate court, including moving to dismiss the appeal (see 9th Cir. R. 27-11) and/or

23  moving for summary affirmance (9th Cir. Rule R. 3-6), and moving to impose monetary

24  sanctions against Murrey, if his appeal is ultimately found to be frivolous. *See* Federal Rules of

25  Appellate Procedure ("FRAP") 38; 28 U.S.C. 1912; *Libby, McNeill & Libby v. City Nat'l Bank*,

26  592 F.2d 504, 514 (9th Cir. 1978). Such motions involve a substantial amount of time and

27  expense, including filing fees and the printing and copying of briefs and other submissions.

28  Plaintiffs also anticipate that they will incur additional costs related to conducting discovery in

1  relation to the appeal, not to mention incremental administration costs the parties may incur as a

2  result of Murrey's appeal. Plaintiffs' anticipate expending about $25,000, plus tax for this

3  component of costs.

4          18.     Class Counsel also anticipates incurring $50,000 in additional attorneys' fees that

5  will be reasonably incurred by Plaintiffs in defending against Murrey's appeal and related

6  motion practice in the Ninth Circuit and before this Court. I base my estimate of the attorneys'

7  fees that will be incurred as a result of Murrey's appeal on the average hourly billing rate of

8  Class Counsel and the conservatively estimated time to litigate Plaintiffs' motion to dismiss the

9  appeal or for summary affirmance, preparing briefs and other submissions to the Ninth Circuit,

10  overseeing and participating in the settlement administration process (including communications

11  with Class Representatives and Class Members anxiously awaiting relief from the Settlement),

12  and preparing for and attending oral argument, if necessary.  This conservative estimate would

13  be $500 per hour for 100 hours.

14          19.     Based on my firm's preliminary investigation, there is no evidence to indicate that

15  objector-appellant Murrey will be unable to pay the bond amount requested by Plaintiffs. On

16  November 15, 2013, my firm performed a LEXIS asset search and investigation into Murrey's

17  ability to pay this requested bond.   A true and correct copy of the results of that search are

18  attached as Exhibit I.  As this investigation indicates, Murrey owns a home in Texas, several

19  vehicles, a boat trailer, and is a Partner in a business, "Just Because Collectibles" located at 19

20  Quiet Oak Circle, Spring, Texas 77381-3161. *See* Ex. I.

21          20.     Should Murrey challenge this bond on the basis she is unable to pay, Class

22  Counsel would seek to incorporate the ability to pay as a topic of her deposition.

23          21.     Class Counsel is immediately prepared to conduct formal expedited discovery,

24  including depositions and written discovery to permit discovery of whether Murrey is a member

25  of the Class, whether Murrey is a Professional Objector; and if necessary, whether Murrey is

26  financially able to post the requested bond, or whether alternative security exists, for this

27  frivolous appeal.  And once the appeal is dismissed and established to be without merit, whether

28

1    Murrey is able to pay Class Counsel's fees and non-taxable costs in having to oppose this

2    frivolous appeal.

3         22.    On November 19, 2013, Christopher Bandas of the Bandas Law Firm, P.C.

4    ("Bandas") in Texas entered his appearance on the Ninth Circuit docket for the Murrey appeal.

5    Bandas has repeatedly been identified as a professional objector by courts across the United

6    States. *See* Ex. J.

7         23.    The requested expedited discovery will include less than ten requests for

8    production of documents, and the depositions of Murrey and the minor, if one exists and it

9    becomes necessary.

10        I declare under penalty of perjury under the laws of the United States that the above is true

11   and correct. Executed this 20th day of November, 2013, in Philadelphia, Pennsylvania.

12

13        Dated: November 20, 2013                    */s/ Simon Bahne Paris*

14                                                    SIMON BAHNE PARIS

15

16

17

18

19

20

21

22

23

24

25

26

27

28