# EXHIBIT E

```
1                    UNITED STATES DISTRICT COURT

2                   NORTHERN DISTRICT OF CALIFORNIA

3                         SAN JOSE DIVISION

4

5

6    IN RE APPLE IN-APP PURCHASE      )   C-11-01758 EJD
     LITIGATION                       )
7                                     )   SAN JOSE, CALIFORNIA
     _____ )
                                      )   OCTOBER 18, 2013
8    THIS DOCUMENT RELATES TO:        )
                                      )   PAGES 1-22
9         ALL ACTIONS.                )
                                      )
10   _____ )

11

12                  TRANSCRIPT OF PROCEEDINGS
              BEFORE THE HONORABLE EDWARD J. DAVILA
13               UNITED STATES DISTRICT JUDGE

14   A P P E A R A N C E S :

15   FOR THE PLAINTIFFS:    SALTZ, MONGELUZZI, BARRETT & BENDESKY
                            BY:  SIMON B. PARIS
16                          ONE LIBERTY PLACE, 52ND FLOOR
                            1650 MARKET STREET
17                          PHILADELPHIA, PENNSYLVANIA  19103

18                          BONI & ZACK
                            BY:  JOSHUA D. SNYDER
19                          15 ST. ASAPHS ROAD
                            BALA CYNWYD, PENNSYLVANIA  19004
20

21             APPEARANCES CONTINUED ON NEXT PAGE

22

23   OFFICIAL COURT REPORTER:    LEE-ANNE SHORTRIDGE, CSR, CRR
                                 CERTIFICATE NUMBER 9595
24

25        PROCEEDINGS RECORDED BY MECHANICAL STENOGRAPHY
              TRANSCRIPT PRODUCED WITH COMPUTER
```

1

2        APPEARANCES (CONTINUED)

3

4        FOR THE PLAINTIFFS:        BERMAN DEVALERIO
                                    BY:  ANTHONY D. PHILLIPS
5                                   ONE CALIFORNIA STREET, SUITE 900
                                    SAN FRANCISCO, CALIFORNIA  94111
6

7        FOR THE DEFENDANT:         GIBSON, DUNN & CRUTCHER
                                    BY:  GAIL E. LEES
8                                   333 SOUTH GRAND AVENUE
                                    LOS ANGELES, CALIFORNIA  90071
9
                                    BY:  ASHLIE S. BERINGER
10                                  1881 PAGE MILL ROAD
                                    PALO ALTO, CALIFORNIA  94304
11
                                    BY:  JIM ALEXANDER
12                                  555 MISSION STREET, SUITE 3000
                                    SAN FRANCISCO, CALIFORNIA  94105
13

14

15

16

17

18

19

20

21

22

23

24

25

```
1    SAN JOSE, CALIFORNIA                    OCTOBER 18, 2013

2                      P R O C E E D I N G S

3        (COURT CONVENED AT (9:02 A.M.)

4            THE CLERK:  CALLING CASE NUMBER 11-1758, IN RE: APPLE

5    IN-APP PURCHASE LITIGATION, ON FOR MOTION FOR FINAL APPROVAL OF

6    CLASS SETTLEMENT AND MOTION FOR ATTORNEYS' FEES.

7            COUNSEL, PLEASE COME FORWARD AND STATE YOUR APPEARANCES.

8            MR. PARIS:  GOOD MORNING, YOUR HONOR.  SIMON PARIS

9    FROM THE LAW FIRM OF SALTZ, MONGELUZZI, BARRETT & BENDESKY ON

10   BEHALF OF THE PLAINTIFF CLASS.

11           THE COURT:  THANK YOU.  GOOD MORNING.

12           MR. SNYDER:  GOOD MORNING, YOUR HONOR.  JOSHUA SNYDER

13   FROM BONI & ZACK FOR THE PLAINTIFF CLASS.

14           THE COURT:  THANK YOU.  GOOD MORNING.

15           MR. PHILLIPS:  GOOD MORNING, YOUR HONOR.

16   ANTHONY PHILLIPS FROM BERMAN DEVALERIO.  WE'RE LOCAL COUNSEL.

17           THE COURT:  THANK YOU, GOOD MORNING.

18           MS. LEES:  GOOD MORNING, YOUR HONOR.  GAIL LEES,

19   ASHLIE BERINGER, AND JIM ALEXANDER FROM GIBSON, DUNN & CRUTCHER

20   FOR THE DEFENDANT APPLE.

21           THE COURT:  EVERYONE APPEARS TO BE SMILING THIS

22   MORNING IN THIS CASE.

23           MS. LEES:  PEACE IS REIGNING.

24           THE COURT:  LET ME TURN TO THE PLAINTIFFS AND JUST

25   ASK YOU THE BOLD QUESTION HERE.  I'VE READ YOUR PLEADINGS --
```

1    THANK YOU FOR PROVIDING THEM, THEY'VE BEEN HELPFUL -- BUT I'LL

2    ALLOW YOU TO STATE FOR THE RECORD WHY YOU THINK THE COURT

3    SHOULD APPROVE THIS SETTLEMENT.

4         PLEASE COME FORWARD.

5         MR. PARIS:  CERTAINLY, YOUR HONOR.

6         YOUR HONOR ASKED THE PERFECT QUESTION:  WHY DO I THINK

7    THIS SETTLEMENT SHOULD BE APPROVED?  TO ME, YOUR HONOR, CLASS

8    COUNSEL FULLY ENDORSE THIS SETTLEMENT.

9         AND WHY?  THIS IS WHAT CLASS ACTIONS ARE ABOUT.  THIS IS A

10   TERRIFIC SETTLEMENT.  THIS IS A FANTASTIC SETTLEMENT FOR THE

11   CLASS MEMBERS HERE.

12        WHAT DOES THIS SETTLEMENT DELIVER?  WE PROVIDED A NOTICE

13   CAMPAIGN TO THESE PEOPLE THAT REACHED 99.99 PERCENT OF THE

14   CLASS BY DIRECT MAIL, BY DIRECT MAILINGS, NO PUBLICATION

15   NOTICE, BUT DIRECTLY.

16        OF THOSE PEOPLE, WHAT DID THEY HAVE THE OPPORTUNITY

17   THROUGH THE SETTLEMENT TO OBTAIN?  THEY GET FULL REFUNDS.

18   EVERY DOLLAR THAT THEY PAID THROUGH WHAT THE PLAINTIFFS ALLEGE

19   AS FRAUDULENT VIOLATIONS OF THE CALIFORNIA STATUTES WILL BE

20   REIMBURSED TO THEM SHOULD THEY FILE A CLAIM.  THEY ARE MADE

21   WHOLE.  THIS SETTLEMENT, THIS COMPROMISE, IS DONE IN A WAY TO

22   MAKE THE CLASS MEMBERS WHOLE.

23        AND WHEN DOES IT OCCUR?  IT OCCURS AFTER APPLE RAISES

24   LEGITIMATE, BUT THE COURT FOUND NOT VIABLE AT THIS TIME,

25   CHALLENGES TO THE SUFFICIENCY OF THE COMPLAINT.  THEY MADE

1    THEIR LEGAL CHALLENGES.  THEY LOST ON MOST OF THE COUNTS.  WE

2    WERE ALLOWED TO PROCEED TO DISCOVERY.

3            AND WHAT HAPPENED AT THAT POINT?  WE WENT INTO SETTLEMENT

4    DISCUSSIONS TO RIGHT THE WRONG.

5            APPLE DOESN'T ADMIT THAT THERE'S ANY WRONG HERE.

6            BUT WHAT DID THEY DO?  THEY SAID, "OKAY, LET'S MAKE THE

7    PEOPLE WHOLE, BE GOOD CORPORATE CITIZENS," AND THAT'S WHAT THEY

8    DID.  THEY PROVIDED THEIR CUSTOMER BASE AN OPPORTUNITY TO

9    OBTAIN THESE MONIES AGAIN.

10           AND HOW DID -- WE DIDN'T HAVE TO LITIGATE FOR TWO YEARS,

11   THREE YEARS, FIVE YEARS TO REACH THAT, TO TAKE THE CASE BEFORE

12   THE COURT AND THE JURY FOR TRIAL FIVE YEARS FROM NOW TO OBTAIN

13   WHAT WE OBTAINED THROUGH SETTLEMENT, AND THEN WE'D BE STANDING

14   HERE AT THAT POINT IN TIME ASKING THIS COURT ONLY REALLY TO

15   AWARD A BIGGER FEE IF WE WERE VICTORIOUS.

16           WE ELIMINATED THE RISK OF TRIAL, THE RISK OF MAINTAINING

17   THIS CASE AS A CLASS ACTION THROUGH TRIAL, THROUGH APPEALS,

18   AND, YOU KNOW, BASICALLY, THE RISK TO DEFENDANTS OF LOSING AND

19   HAVING TO PAY A LARGER SUM TO THEIR LAWYERS AND THE COSTS

20   ASSOCIATED WITH PAYING US AND PAYING THEIR LAWYERS.  WE

21   ELIMINATED ALL THOSE RISKS EARLY ON TO DELIVER THE SAME RELIEF

22   TO THE CLASS TODAY.

23           AND NOW THE POWER IS IN THIS COURT'S HANDS TO APPROVE WHAT

24   CLASS COUNSEL PUT BEFORE THIS COURT AS A FANTASTIC SETTLEMENT.

25   TRULY THE RELIEF GIVEN TO THE PEOPLE AND THE NOTICE PROGRAM

1    COMBINED, WEIGHED AGAINST THE RISKS OF WINNING THIS CASE, WHICH

2    WERE SUBSTANTIAL, I MEAN, APPLE HAD LEGITIMATE DEFENSES ON

3    CLASS AND MERITS PURSUANT TO THEIR TERMS AND CONDITIONS WHICH

4    WERE SIGNED BY EVERY CLASS MEMBER, PURSUANT TO THE NATURE OF

5    THE CLAIMS THAT EXISTED THAT PLAINTIFFS BELIEVE THEY COULD HAVE

6    OVERCAME, BUT THERE WERE CHALLENGES THERE AND THERE WERE RISKS

7    ASSOCIATED WITH IT.

8         QUITE FRANKLY, YOUR HONOR, AS I THOUGHT ABOUT IT LAST

9    NIGHT -- THIS GOES BACK TO YOUR ORIGINAL QUESTION, WHY DO I

10   THINK IT WOULD HAVE -- WHY SHOULD YOU APPROVE THIS SETTLEMENT?

11        QUITE FRANKLY, WHEN I THOUGHT ABOUT IT LAST NIGHT, YOUR

12   HONOR, I BELIEVE THAT IT WOULD VIRTUALLY HAVE BEEN MALPRACTICE

13   FOR CLASS COUNSEL NOT TO PUT THE SETTLEMENT BEFORE THE COURT AT

14   THIS TIME BECAUSE IT DOES DELIVER SUCH TREMENDOUS BENEFIT TO

15   THE PEOPLE WHO ARE OUT THERE WHO WERE HARMED BY THIS CONDUCT.

16        THE COURT:  SO YOU ADVOCATE THAT THIS IS A FAIR,

17   ADEQUATE, AND REASONABLE SETTLEMENT FOR THE REASONS YOU JUST

18   STATED.

19        LET ME -- LET ME ASK YOU TO TURN TO, FOR JUST A MOMENT,

20   LET'S TALK ABOUT THE OBJECTORS.  I THINK THERE WERE 28 MILLION

21   RECIPIENTS, IF I'M NOT MISTAKEN.

22        MR. PARIS:  CORRECT, YOUR HONOR, JUST OVER 28 MILLION

23   RECEIVED THE NOTICE.

24        THE COURT:  AND THE OBJECTORS NUMBERED, WHAT, SIX?

25   WERE THERE SIX OBJECTORS?

```
 1            MR. PARIS:  CORRECT, YOUR HONOR, SIX TOTAL OBJECTORS.
 2    ONE FILED TWO PIECES OF PAPER BEFORE THE COURT.
 3            THE COURT:  AND THERE WERE TWO OR THREE THAT WERE
 4    ACTUALLY OUTSIDE THE CLASS AS I RECALL.
 5            MR. PARIS:  THERE WERE ISSUES.  ONE WAS DEFINITELY --
 6    THE WADDELL OBJECTION WAS BEYOND THE CLASS.  HE'S NOT A CLASS
 7    MEMBER, DESPERATE TO BE ONE, BUT HE WAS NOT A CLASS MEMBER
 8    UNFORTUNATELY.
 9         TWO OF THE OTHER OBJECTORS DID NOT ESTABLISH THAT THEY
10    WERE MEMBERS OF THE CLASS.
11            THE COURT:  SO DO YOU WANT TO SPEAK TO THEIR
12    OBJECTIONS AND INDICATE, IF YOU HAVE ANY RESPONSE -- AGAIN,
13    I'VE READ YOUR PLEADINGS, THAT'S PART OF THE RECORD, BUT I
14    CERTAINLY WANT TO GIVE YOU AN OPPORTUNITY TO ADDRESS ANY OF THE
15    OBJECTIONS THAT THEY RAISED.
16            MR. PARIS:  WHAT --
17            THE COURT:  I THINK ONE OF THEM IS PROBABLY EASILY
18    DISMISSED AS SOMEBODY WHO, I THINK -- I CAN'T REMEMBER THE NAME
19    OF THE INDIVIDUAL -- BUT HE USES THE TERM "PERSONAL
20    RESPONSIBILITY," I THINK.
21            MR. PARIS:  YES, YOUR HONOR.  THERE IS A -- THERE IS
22    A CLASS MEMBER WHO, YOU KNOW, VOICED HER OPINION, AND THAT'S
23    THE SCHUTZ OBJECTION I BELIEVE YOU'RE REFERRING TO, WHERE SHE
24    REFERS TO IT'S A MATTER OF PERSONAL RESPONSIBILITY TO MONITOR
25    YOUR CHILD'S CONDUCT OVERSEEING THESE PRODUCTS, AND I CAN SPEAK
```

1    BRIEFLY TO THAT ONE, YOUR HONOR.

2         I THINK THE PAPERS DO A NICE JOB OF DEMONSTRATING LEGALLY

3    AND FACTUALLY WHY THEY'RE DEFICIENT, BUT FOR THE SCHUTZ

4    OBJECTION IN PARTICULAR, HER POSITION WAS THAT IT WAS, QUOTE

5    UNQUOTE, "NO BIG DEAL" BECAUSE SHE HAD ONLY LOST $3 AND SHE

6    FELT IT WAS A MATTER OF THE PARENT SHOULD BE RESPONSIBLE FOR

7    OVERSEEING THE CHILD'S CONDUCT, AND THAT REALLY WASN'T WHAT THE

8    CASE WAS ABOUT.

9         THERE WAS A PART OF THIS CASE THAT RELATED TO THE 15

10   MINUTE WINDOW, AS YOUR HONOR MAY RECALL, AND THAT 15 MINUTE

11   WINDOW DOESN'T REALLY ALLOW THE OPPORTUNITY FOR THE PARENT TO

12   OVERSEE THE CONDUCT OF THE CHILD ONCE THE FREE APP WOULD BE

13   DOWNLOADED IF YOUR HONOR RECALLS THAT SITUATION.

14        AND INTERESTINGLY, WHILE SHE MAY HAVE ONLY LOST $3, WHAT

15   WE HAVE COME TO SEE, YOU KNOW, IN THE CLAIMS HISTORY IS THAT

16   THE AGGREGATE CLAIM BEING SUBMITTED HERE FOR ITEMIZED REFUNDS

17   ON A WEEKLY BASIS VARY BETWEEN $73 AND $285 AS TO THE AVERAGE

18   AMOUNT BEING RETURNED TO CLASS MEMBERS ON ITEMIZED REFUNDS.

19        SO THE RELIEF TO THE PEOPLE IS FAR MORE THAN $3, AND I

20   THINK MRS. SCHUTZ' ISOLATED INCIDENT IS DIRECTLY CONTRADICTED

21   BY MR. WADDELL'S, W-A-D-D-E-L-L, OBJECTION, WHO IS THE

22   GENTLEMAN WHO IS NOT WITHIN THE CLASS, BUT DESPERATE TO BE

23   THERE, WHO LOST A COUPLE HUNDRED BUCKS WHO WAS -- YOU KNOW, WHO

24   WOULD PROBABLY TAKE ISSUE WITH MRS. SCHUTZ' COMMENTS.

25        SO -- AND AS FAR AS THE OTHER OBJECTIONS, YOUR HONOR,

```
 1    GENERALLY THEY FALL WITHIN A -- YOU KNOW, THERE ARE AN

 2    OVERWHELMING -- AN OVERARCHING DEFICIENCY TO EACH, YOUR HONOR,

 3    AND THAT IS THEY DON'T ARTICULATE ANY BASIS UNDER THE LAW OR

 4    TRULY ANY BASIS UNDER FACT AS TO WHY THE SETTLEMENT SHOULD NOT

 5    BE FAIR, REASONABLE, AND ADEQUATE.

 6         MANY OF THEM MISUNDERSTAND OR DON'T BOTHER TO LEARN WHAT

 7    THE SETTLEMENT REALLY PROVIDED.  SOME OF THEM WERE OBJECTING

 8    BECAUSE THEY WERE ONLY GETTING A $5 CREDIT.  AS WE ALL KNOW,

 9    THAT WAS NOT THE SETTLEMENT.

10         SOME OF THEM OBJECT TO BEING CAPPED AT $30.  AS WE ALL

11    KNOW, THAT WAS NOT THE SETTLEMENT.

12         SOME OF THEM OBJECTED TO THERE NOT BEING ENOUGH

13    INFORMATION ABOUT THE ATTORNEYS' FEES BEING PROVIDED.  AS WE

14    ALL KNOW, THAT INFORMATION WAS PROVIDED PURSUANT TO IN RE:

15    MERCURY ON AUGUST 9TH, WELL BEFORE THE OBJECTION DEADLINE,

16    BEFORE THEIR OBJECTIONS WERE FILED, SO THEY HAD AVAILABILITY TO

17    THAT INFORMATION.

18         SO THE MERITS -- NONE OF THE OBJECTORS, NONE OF THE SIX

19    OBJECTORS THAT PRESENT PAPERS TO THE COURT -- AND NONE OF THEM

20    ARE PRESENT HERE IN COURT TODAY -- PRESENT ANY BASIS TO

21    DETERMINE THE SETTLEMENT IS NOT FAIR, REASONABLE, AND ADEQUATE

22    AND CLASS COUNSEL REQUESTS THAT THEY BE OVERRULED.

23         BASICALLY MANY OF THEM ARE PROCEDURALLY DEFICIENT AS NOT

24    COMPLYING WITH THE NOTICE CAMPAIGN; THEY'RE FACTUALLY DEFICIENT

25    BECAUSE THEY DON'T ARTICULATE -- THEY'RE FACTUALLY AND LEGALLY
```

1    DEFICIENT BECAUSE THEY DON'T ARTICULATE A BASIS FOR WHY THE

2    COURT SHOULDN'T APPROVE.  THEY DON'T GIVE A BASIS FOR THE COURT

3    TO SAY, "WELL, I NEED TO THINK ABOUT THAT."  THEY DON'T PROVIDE

4    ANY INFORMATION.  THAT'S WHY THE RESPONSE IS RELATIVELY SHORT.

5    THEY'RE JUST BASICALLY COMPLAINTS ABOUT THINGS THEY WISH WOULD

6    HAVE BEEN MORE, BUT I'M NOT REALLY SURE WHAT WOULD HAVE BEEN

7    MORE REASONABLE, FAIR, AND ADEQUATE THAN A FULL RECOVERY FOR

8    THE CLASS.

9          THE COURT:  HAVE YOU BEEN ABLE TO ENGAGE ANY RESEARCH

10   TO DETERMINE WHETHER OR NOT ANY OF THE OBJECTORS WOULD HAVE

11   BEEN WHAT ARE COLLOQUIALLY CALLED PROFESSIONAL OBJECTORS?

12         MR. PARIS:  YOUR HONOR, WE LOOKED INTO THAT ISSUE AND

13   WE IDENTIFIED THE MURREY OBJECTOR AS HAVING PREVIOUSLY OBJECTED

14   IN A STATE COURT CASE.  THAT IS THE ONLY ONE WE IDENTIFIED AS A

15   PREVIOUS OBJECTOR.

16         THE SETTLEMENT DID REQUIRE DISCLOSURE IF YOU HAD OBJECTED

17   MORE THAN THREE TIMES PREVIOUSLY, BUT WE FOUND NO EVIDENCE THAT

18   THERE WAS MORE THAN THAT ONE PRIOR OBJECTION, WHICH WAS, I

19   BELIEVE, A FEW YEARS AGO.

20         THE COURT:  OKAY.  THANK YOU.

21         AND LET ME JUST STATE, ARE THERE ANY OBJECTORS PRESENT IN

22   THE COURTROOM?

23         I SEE OR HEAR NO RESPONSE.

24         MR. PARIS:  OKAY.  AND NO ONE COMPLIED WITH THE

25   OBLIGATION TO MAKE THE FILING WITH THE COURT.

```
 1              THE COURT:  THAT'S RIGHT.  THAT'S RIGHT.

 2          MS. LEES, ANYTHING YOU WANT TO SPEAK TO BEFORE I MOVE INTO

 3      ANOTHER AREA, WHICH WOULD BE ATTORNEYS' FEES?

 4              MS. LEES:  THANK YOU FOR THE OPPORTUNITY, YOUR HONOR.

 5          I JUST WANTED TO REITERATE THAT APPLE DENIES LIABILITY IN

 6      THIS CASE.  THIS IS NOT THE TIME NOR PLACE TO EXERCISE THOSE

 7      ARGUMENTS, BUT I DID JUST WANT THE RECORD TO BE CLEAR ON THAT.

 8              THE COURT:  OF COURSE.

 9              MS. LEES:  AND BEYOND THAT, WE WOULD ECHO THE

10      COMMENTS OF PLAINTIFFS' COUNSEL AND THE COURT THAT THIS IS NOT

11      ONLY ADEQUATE, BUT POSSIBLY AN EXCEPTIONAL SETTLEMENT.

12              THE COURT:  ALL RIGHT.  THANK YOU FOR THAT COMMENT.

13              MS. LEES:  THANK YOU.

14              THE COURT:  LET ME JUST OBSERVE ALSO, I THINK IT

15      MIGHT HAVE BEEN THE LAST TIME COUNSEL WERE PRESENT IN THE

16      COURTROOM WHEN WE WERE TALKING ABOUT PRELIMINARY APPROVAL AND

17      KIND OF -- I HAD SOME SUGGESTIONS, AND I THINK BOTH COUNSEL

18      SOUGHT SUGGESTIONS FROM THE COURT, AS TO HOW TO REFINE THE

19      SETTLEMENT AND MAKE IT ACCEPTABLE.

20          AND IF MY MEMORY SERVES ME CORRECTLY, I THINK, MS. LEES,

21      YOU ASKED THE COURT TO TAKE A BRIEF RECESS SO YOU COULD GO OUT

22      IN THE HALLWAY AND WORDSMITH AND DO SOME WORK, I THINK.  I

23      THINK THAT WAS YOUR SIDE THAT ASKED THAT.

24              MS. LEES:  WE DID DO THAT, YOUR HONOR.  IT MAY HAVE

25      BEEN MS. BERINGER.
```

1          THE COURT:  YEAH, THANK YOU, MAYBE IT WAS

2    MS. BERINGER.  PARDON ME.

3          MS. LEES:  THANK YOU.

4          THE COURT:  AND OF COURSE I PERMITTED THAT AND YOU

5    WENT OUTSIDE AND, SOME 17 MINUTES LATER, I WAS CALLED BACK IN

6    AND I THINK YOU HAD REACHED AGREEMENT, AND THAT WAS NOTABLE TO

7    ME.  THAT'S WHY I MENTION IT HERE ON THE RECORD, THAT YOU WOULD

8    ENDEAVOR TO CONTINUE YOUR EFFORTS.

9          I KNOW YOU WORKED DILIGENTLY WITH JUDGE WEINSTEIN AND

10   MS. YANNI TO REACH THE SETTLEMENT THAT YOU DID.

11          BUT TO GO OUT IN THE HALLWAY -- AND THAT'S WHY WE HAVE

12   SUCH COMFORTABLE HALLWAYS HERE, TO AFFORD COUNSEL AN

13   OPPORTUNITY TO SETTLE THEIR CASE IN THE WAY THAT YOU DID, SO

14   I'M GLAD THAT THEY'RE BEING PUT TO GOOD USE AND I CONGRATULATE

15   YOU FOR YOUR EFFORTS AND THANK YOU FOR THOSE EFFORTS.

16          MR. PARIS:  THANK YOU, YOUR HONOR.

17          THE COURT:  YOU'RE WELCOME.  SO LET'S MOVE TO THE

18   ATTORNEYS' FEES PART OF IT.

19          I SUPPOSE YOU'D LIKE TO BE HEARD AS TO THAT.

20          MR. PARIS:  OF COURSE, YOUR HONOR.

21          AS FAR AS THE ATTORNEYS' FEES PORTION OF THE ATTORNEYS'

22   FEES MOTION, YOUR HONOR, AGAIN, WHAT IS THE CENTRAL ISSUE THAT

23   WE'RE LOOKING AT IN THE ATTORNEYS' FEES?

24          THE WAY THE CASE SHAKES OUT IS THAT IT'S A LODESTAR

25   APPROACH TO THE APPROVAL PROCESS.  IT'S A CURVE FACTOR

1    APPROACH.

2         AND WHAT DO WE WANT TO LOOK AT?  WHAT'S MOST IMPORTANT IN

3    THE CONCEPT OF THE ATTORNEYS' FEES?  WHAT DID WE DELIVER TO THE

4    CLASS?  WHAT DID CLASS COUNSEL DELIVER TO THE CLASS AS FAR AS

5    RELIEF FOR THE CLAIMS THAT WERE ASSERTED?

6         AND AS I MENTIONED IN MY OPENING REMARKS, YOUR HONOR,

7    ESSENTIALLY WHAT WE DELIVER TO THE CLASS IS WHAT THEY COULD

8    HAVE WON IN A VICTORY AT TRIAL, THEIR FULL REFUNDS, MONEY BACK

9    TO THEM.

10         YOU KNOW, THE MONIES COME IN THE FORM OF CASH.  IN SOME

11    CIRCUMSTANCES, IT COMES IN THE FORM OF A CREDIT DIRECTLY

12    DEPOSITED TO THEIR ITUNES ACCOUNT, WHICH IS, YOU KNOW, THE

13    EQUIVALENT OF CASH FOR AN ITUNES USER.

14         AND IT'S NOT NOMINAL AMOUNTS OF MONEY.  AS I POINTED OUT A

15    FEW MOMENTS AGO, I MEAN, AS WE'VE SEEN THE CLAIMS RATES COMING

16    IN, THERE HAVE BEEN AN AVERAGE OF $73.  THE AVERAGE CLAIM IS A

17    MINIMUM OF 73 AVERAGE TO 280 PER WEEK.

18         THAT IS REAL RELIEF TO THE CLASS, AND THAT'S WHAT YOU'VE

19    GOT TO MEASURE, YOU KNOW, THE GOALS OF THE LITIGATION AND WHAT

20    WAS OBTAINED.  EVERY GOAL OF THIS LITIGATION WAS OBTAINED

21    THROUGH THE MONETARY RELIEF TO THE CLASS.

22         BUT WHAT ELSE DID WE GET IN HERE?  YOU KNOW, WE SENT A

23    NOTICE TO 28 MILLION PEOPLE, OVER 28 MILLION PEOPLE, REACHING

24    THEM DIRECTLY, PROVIDING THEM INFORMATION THAT THEY MAY NOT

25    HAVE KNOWN BEFOREHAND, LIKELY DID NOT KNOW.

1    AND WHAT DOES THAT INFORMATION DO?  IT PREVENTS FUTURE

2    UNAUTHORIZED PURCHASES.

3        NOW, YOU KNOW, THERE'S A DIRECT LINK ON THE SETTLEMENT

4    WEBSITE TO INSTRUCTIONS TO TELL YOU HOW TO OPERATE YOUR IOS

5    DEVICE, REGARDLESS OF WHICH DEVICE IT IS, BUT HOW TO GET ON

6    THERE, HOW TO TURN CONTROL -- USE THE PARENTAL CONTROLS TO

7    CONTROL USAGE OF THE APP STORE FOR PEOPLE WHO ARE USING YOUR

8    DEVICE TO PREVENT THIS TYPE OF PROBLEM FROM OCCURRING IN THE

9    FUTURE.

10       YOU KNOW, APPLE MADE TREMENDOUS ADVANCES FROM THE TIME

11   THAT THE APP STORE FIRST WENT ON-LINE AND, YOU KNOW, AND IT WAS

12   A NOVEL, COMPLEX STORE THAT APPLE PUT OUT THERE.

13       SO, YOU KNOW, IT WAS A DEVELOPING TREND TO KIND OF CREATE

14   THESE THINGS AND APPLE'S, YOU KNOW, CUTTING EDGE TECHNOLOGY HAS

15   NOW PREVENTED -- GIVES EVERY USER THE OPPORTUNITY TO PREVENT

16   ANY USAGE OF THE APP STORE OR ANY USAGE OF THE 15 MINUTE WINDOW

17   ANYMORE.  THOSE THINGS ARE GONE.  THE CUSTOMER HAS THE RIGHT TO

18   USE THEM, BUT HE'S GOT TO TURN THEM ON OR TURN THEM OFF, AND

19   NOW HE KNOWS HOW TO DO THAT.

20       SO THE DELIVERY OF BOTH THAT MONETARY AND NON-MONETARY

21   BENEFIT LEADS US TO, YOU KNOW, WHAT'S THE RIGHT THING?

22       THE COURT HAS -- WE PUT A LODESTAR IN FRONT OF THE COURT

23   OF A LITTLE OVER $2 MILLION REPRESENTING ABOUT 3800 HOURS OF

24   ATTORNEY TIME WORKED.

25       THE FEE REQUESTED IS LESS THAN THAT.  THE FEE REQUESTED IS

1    1.3 MILLION.  BUT THAT 1.3 MILLION IS INCLUSIVE OF ABOUT

2    62,000 -- WHAT WILL ULTIMATELY BE ABOUT $65,000 IN COST.

3         SO THE REAL FEE REQUEST IS A LITTLE LESS THAN 1.3.  IT'S

4    MORE LIKE 1.22.  THAT CONSTITUTES A NEGATIVE MULTIPLIER ON THE

5    LODESTAR THAT'S BEFORE THE COURT.

6         BUT -- AND UNDER THE CURVE FACTOR, IF YOUR HONOR WOULD

7    LIKE ME TO GO THROUGH THEM, I WENT THROUGH THEM IN THE BRIEFING

8    AND I STAND ON THE REPRESENTATIONS IN THE BRIEF, AND THE COURT

9    HAS BEFORE IT THE DECLARATIONS OF EACH CLASS COUNSEL WHICH

10   POINT OUT EACH HOUR SPENT, WHICH POINT OUT THEIR AVERAGE

11   BILLING RATES, AND THE AVERAGE BILLING RATES ARE ACCEPTED IN

12   THIS JURISDICTION -- I CITE A NUMBER OF CASES -- AND THOSE

13   RATES ARE GENERALLY BETWEEN, YOU KNOW, 340 AND 495 FOR

14   ASSOCIATES, 475 AND 795 FOR PARTNERS, ALL OF WHICH I CITE CASES

15   IN THE BRIEF THAT HAVE APPROVED RATES IN THAT RANGE.

16         THE COURT:  I THINK THAT WAS IMPORTANT FOR THE

17   EXTERNS THAT I HAVE IN THE JURY BOX WHO ARE LISTENING TODAY TO

18   HEAR THE HOURLY BILLING RATES OF, FOR THEIR BENEFIT, COUNSEL.

19         BUT THANK YOU.  PLEASE GO FORWARD.

20         MR. PARIS:  ABSOLUTELY.  AND IT'S -- AND THOSE RATES

21   ARE THE SAME RATES THAT ARE BILLED IN NON-CONTINGENT WORK.  SO

22   FOR INSTANCE, FOR MY FIRM, SALTZ, MONGELUZZI, THE BILLING RATES

23   THAT ARE BEFORE YOU ARE WHAT I BILL MY HOURLY CLIENTS AT.  SO

24   THERE'S NO CONTINGENT FACTOR IN THERE FOR MY FIRM.

25         AND THAT'S AN IMPORTANT -- THAT'S AN IMPORTANT

1    CONSIDERATION IN THE CASE OF CLASS COUNSEL, BECAUSE THE CASE IS

2    A CONTINGENCY CASE.  HAD APPLE WON THE MOTION TO DISMISS, WE

3    WEREN'T GETTING PAID.  HAD APPLE DEFEATED -- HAD WE GONE TO

4    CLASS CERTIFICATION AND APPLE WAS VICTORIOUS IN DEFEATING OUR

5    MOTION FOR CLASS CERTIFICATION, DEFENDANT -- PLAINTIFFS WERE

6    LIKELY NOT GOING TO BE PAID.

7        ONLY THROUGH THIS SETTLEMENT OR THROUGH A VICTORY AT TRIAL

8    WILL PLAINTIFFS BE, WILL WE BE PAID.

9        AND NOW THAT POWER, AGAIN, YOU KNOW, LIES IN YOUR HANDS,

10   YOUR HONOR.

11       BUT LIKE I SAID, THE REPRESENTATIVE FEE IS APPROXIMATELY

12   60 PERCENT OF THE EFFORT ACTUALLY PUT FORWARD IN THE CASE, AND

13   I THINK IT'S CERTAINLY A FAIR, REASONABLE, AND ADEQUATE FEE

14   UNDER THE CURVE FACTORS.

15       AND IF YOU -- THE ISSUES THAT HAVE ARISEN IN THE NINTH

16   CIRCUIT OVER THE PAST, YOU KNOW, YEAR OR -- YEAR TO TWO YEARS

17   RELATING TO CASES LIKE H-P AND BLUETOOTH ARE NOT PRESENT HERE,

18   ESPECIALLY THE BLUETOOTH CIRCUMSTANCE WHERE THE COURT SAW A

19   PROBLEM WITH THE RELIEF BEING DELIVERED TO THE CLASS AND BECAME

20   CONCERNED THAT THERE WAS A BENEFIT OR SOMETHING OF VALUE THAT

21   BELONGED TO THE CLASS THAT WAS NEGOTIATED AWAY SO THAT THE

22   LAWYERS COULD GET PAID.

23       I DON'T THINK THAT THAT COULD EVEN BE CREDIBLY ARGUED IN

24   THIS CIRCUMSTANCE GIVEN THE QUALITY OF THE RELIEF DELIVERED TO

25   THE CLASS MEMBERS AND THE -- AND TRULY THE MODEST NUMBER THAT

```
 1      IS PRESENTED TO THE COURT FOR THE FEE.

 2          SO I'M HAPPY TO DISCUSS BLUETOOTH IF THE COURT HAS

 3      QUESTIONS ABOUT IT, OR ANY CASE IF THE COURT HAS QUESTIONS

 4      ABOUT H-P RELATING TO THE COUPON OR VOUCHER NATURE, BUT I DON'T

 5      PERSONALLY -- CLASS COUNSEL DOES NOT SEE H-P AS RELEVANT HERE

 6      GIVEN THE CASH COMPONENT, AND DOESN'T SEE BLUETOOTH AS BEING

 7      APPLICABLE HERE BECAUSE IT'S PLAINLY DISTINGUISHABLE ON THE

 8      FACTS GIVEN THE RELIEF PROVIDED.

 9          THE COURT:  LET ME ASK YOU TO COMMENT, IF YOU CARE

10      TO, ON THE SERVICE AWARDS.  I THINK YOU'VE IDENTIFIED $1500.

11          MR. PARIS:  ACTUALLY, YOUR HONOR, I'D TAKE GREAT

12      PLEASURE IN THAT.  THE CASE WAS ORIGINALLY BROUGHT TO CLASS

13      COUNSEL BY GAREN MEGUERIAN.  MR. MEGUERIAN RETAINED SALTZ,

14      MONGELUZZI TO INVESTIGATE THE CASE.  AND MR. MEGUERIAN BECAME

15      THE FACE OF THIS CASE, AND NOT ALWAYS FOR THE BETTER.  THERE

16      ARE A LOT OF PEOPLE IN THE COUNTRY AND IN THE WORLD THAT LOVE

17      APPLE, LOVE APPLE PRODUCTS.

18          THE COURT:  I SEE YOU HAVE AN IPAD IN FRONT OF YOU

19      THERE.

20          MR. PARIS:  I AM CHOCKFULL OF APPLE DEVICES AND I AM

21      AN ENORMOUS FAN OF THE PRODUCT, AND FRANKLY, YOUR HONOR -- AND

22      I'LL SAY THIS -- THIS CASE MAKES ME A BIGGER FAN OF THE

23      PRODUCT, BECAUSE A CORPORATE DEFENDANT THAT, YOU KNOW, HAD

24      DEFENSES, LEGITIMATE DEFENSES TO BOTH LIABILITY AND CLASS,

25      STEPPED FORWARD ON BEHALF OF ITS CLIENTELE AND ENTERED INTO
```

1    THIS SETTLEMENT, AND I -- CLASS COUNSEL RESPECTS THAT.

2         BUT MR. MEGUERIAN EXPENDED -- AND THERE'S AFFIDAVITS,

3    DECLARATIONS FROM EACH CLASS REPRESENTATIVE AS TO THINGS THEY

4    DID AND HOURS THEY SPENT THAT ARE ATTACHED TO THE DECLARATION

5    OF JOSH SNYDER, AND THEY'RE ATTACHED, I BELIEVE, AS G THROUGH

6    K, I BELIEVE.  YES.

7         AND MR. MEGUERIAN HIMSELF SPENT OVER 125 HOURS ON THIS

8    CASE.  HE WAS HELPFUL IN, YOU KNOW, DRAFTING THE COMPLAINT.  HE

9    WAS HELPFUL IN OBTAINING INFORMATION.  ALL OF THEM GOT

10   INFORMATION FOR US FOR THE MEDIATION THAT WE SYNTHESIZED AND

11   PRESENTED TO DEFENSE COUNSEL SO THAT THEY UNDERSTOOD OUR

12   PLAINTIFFS AT THE MEDIATION.

13        YOU KNOW, AND THE -- SOME OF THE -- BEING THE FACE OF THIS

14   CASE FOR MR. MEGUERIAN, SOME OF THE E-MAILS HE RECEIVED WERE

15   NOT FRIENDLY, BUT HE RESPONDED TO THEM IN KIND EXPLAINING HIS

16   POSITION AND WHAT HE BELIEVED AND HE TOOK THE CASE VERY MUCH TO

17   HEART.

18        IT'S REALLY -- I MEAN, MR. MEGUERIAN, YOU KNOW, THESE

19   CHARGES WERE -- OCCURRED AT A TIME FOR HIM THAT WAS, YOU KNOW,

20   THAT HIS WIFE WAS GOING THROUGH -- WAS IN SURGERY FOR BREAST

21   CANCER AND HIS CHILDREN WERE USING THE DEVICES TO PLAY AND,

22   OVER THE COURSE OF THE TREATMENTS, YOU KNOW, THEY HAD RUN UP

23   THESE CHARGES WHEN HE WASN'T LOOKING AT THE BILLS COMING IN AND

24   HE WASN'T LOOKING AT THESE THINGS.  SO IT WAS KIND OF PERSONAL

25   TO HIM IN THAT REGARD.

1    AND SO, I MEAN, THE 1500 IS A RELATIVELY MODEST SERVICE

2    AWARD WHEN EACH -- THERE'S NOT A CLASS MEMBER DECLARATION THAT

3    REPRESENTS LESS THAN 40 HOURS OF WORK EXPENDED IN COLLECTING

4    THE INFORMATION AND DEALING WITH THE ISSUES IN THE CASE AND

5    REVIEWING THE MATERIALS THAT WERE SENT TO THEM BY CLASS

6    COUNSEL, SO WE BELIEVE THE NUMBER TO BE MORE THAN FAIR.

7         THE COURT:  THANK YOU.

8         MS. LEES OR MS. BERINGER, DO YOU WISH TO COMMENT ON THE

9    FEES PORTION?

10        MS. LEES:  THANK YOU FOR THE OPPORTUNITY, YOUR HONOR,

11   BUT APPLE HAS AGREED NOT TO OPPOSE THE FEE REQUEST.

12        THE COURT:  THANK YOU.

13        IS THERE ANYTHING FURTHER, MR. PARIS, YOU'D LIKE ME TO

14   KNOW IN RESPONSE TO MY QUESTION, MY ORIGINAL QUESTION AS TO

15   WHETHER OR NOT AND WHY THE COURT SHOULD APPROVE THIS FINAL

16   SETTLEMENT?

17        MR. PARIS:  NO, YOUR HONOR.  FROM CLASS COUNSEL'S

18   PERSPECTIVE, WE HOPE THE COURT WILL APPROVE IT.

19        WE DO HAVE A FORM ORDER HERE FOR YOUR HONOR TODAY IF --

20   THAT HAS BEEN MODIFIED TO ACCOUNT FOR THE OBJECTORS.  IF YOUR

21   HONOR WOULD LIKE TO SEE THAT, I'M HAPPY TO PRESENT THAT TO THE

22   COURT.

23        THE COURT:  OKAY.

24        MR. PARIS:  AND I DON'T BELIEVE THERE IS ANYTHING

25   OTHER THAN THIS CASE DEMONSTRATES A CLASS ACTION AND TWO

1    PARTIES THAT WORKED DILIGENTLY TO RESOLVE A CASE THAT DELIVERED

2    GREAT BENEFITS TO A LOT OF PEOPLE.

3              THE COURT:  THANK YOU VERY MUCH.

4              MR. PARIS:  THANK YOU, YOUR HONOR.

5              THE COURT:  MS. LEES, ANYTHING FURTHER YOU'D LIKE ME

6    TO KNOW IN REGARDS TO THE MOTION?

7              MS. LEES:  NOTHING FURTHER, YOUR HONOR.  THANK YOU.

8              THE COURT:  THANK YOU.

9         WELL, I HAVE REVIEWED THE BRIEFS.  THANK YOU FOR THE

10   BACKGROUND INFORMATION.  THANK YOU FOR YOUR PRESENTATION AND

11   FOR ANSWERING THE QUESTIONS THAT I'VE HAD THIS MORNING IN

12   REGARDS TO WHETHER OR NOT THE COURT SHOULD GIVE ITS FINAL

13   APPROVAL AS TO THIS CLASS ACTION SETTLEMENT AND THE AWARD OF

14   ATTORNEYS' FEES AND COSTS.

15        THE COURT HAS REVIEWED THE DOCUMENTS.  THE COURT, OF

16   COURSE, HAS BEEN INVOLVED IN THE LITIGATION AS IT'S BEEN IN

17   FRONT OF THIS COURT.  THE COURT HAS BEEN ABLE TO OBSERVE THE

18   ATTORNEYS AS THEY NEGOTIATED THIS CASE THROUGH THE COURTS WHEN

19   IT CAME TO US, AND I APPRECIATE YOUR GOOD EFFORTS.  I MEAN THAT

20   IN EARNEST.  YOU REALLY -- THIS IS REALLY A REMARKABLE

21   EXPERIENCE FOR ME TO SEE COUNSEL OF COURSE ADVERSE TO EACH

22   OTHER, AS THE SYSTEM IS, BUT NONETHELESS, COOPERATING WITH EACH

23   OTHER TO REACH WHAT THE COURT DOES FIND TO BE A FAIR, ADEQUATE,

24   AND REASONABLE SETTLEMENT IN THIS MATTER.

25        AND I SHOULD POINT OUT THAT THIS RESULT IS REALLY THE

1   RESULT OF YOUR GOOD EFFORTS TO NEGOTIATE THIS AT ARM'S LENGTH.

2   YOU SOUGHT THE SERVICES OF PROFESSIONALS.  JUDGE WEINSTEIN IS,

3   OF COURSE, HIGHLY RESPECTED.  MS. YANNI IS EFFICIENT AND

4   RESPECTED, AND YOU REACHED OUT TO PROFESSIONALS EARLY IN THE

5   PROCESS AND RESOLVED THIS CASE.

6        THE ISSUES, I THINK, AS PHRASED AND PLACED BY PLAINTIFFS'

7   COUNSEL IN THEIR PLEADINGS WERE CLEAR, COGENT, AND DIRECT, AND

8   THAT PROBABLY ALLOWED THE DEFENSE, THE DEFENDANTS TO LOOK AT

9   THE CASE, ANALYZE IT PROPERLY, AND COME TO A DETERMINATION OF

10  AGREEMENT, AND THAT'S WHAT YOU DID AND I APPLAUD YOU ALL FOR

11  THAT.

12       THE COURT WILL -- FIRST OF ALL, I HAVE CONSIDERED THE

13  OBJECTIONS AND READ THEM, AND I APPRECIATE THE BACKGROUND THAT

14  YOU PROVIDED THIS MORNING, MR. PARIS.

15       THE COURT FINDS THAT THOSE OBJECTIONS, THOUGH INFORMATIVE

16  TO THE COURT AND HELPFUL AND OF COURSE WE ALWAYS APPRECIATE

17  PEOPLE EXPRESSING THEIR OPINIONS, THE COURT WILL OVERRULE THE

18  OBJECTIONS.  I WILL NOTE THEM AND NOTE THE PERSONAL OPINIONS OF

19  THOSE OBJECTORS AS THEIR CRITICISM OF THE SETTLEMENT.  I DON'T

20  FIND THAT THEY RISE TO THE LEVEL SUCH THAT THE COURT SHOULD NOT

21  APPROVE THIS SETTLEMENT.

22       THE COURT WILL THEN APPROVE THIS SETTLEMENT.  THE COURT

23  DOES FIND THAT IT IS FAIR, ADEQUATE, AND REASONABLE.  THE

24  NATURE OF THE SETTLEMENT IS APPROPRIATE.

25       THE COURT WILL APPROVE THE ATTORNEYS' FEES AS REQUESTED

```
 1    WITH COSTS, AND THE COURT WILL ALSO APPROVE THE SERVICE AWARDS

 2    FOR THE NAMED PLAINTIFFS IN THIS MATTER.

 3         IF YOU HAVE A PROPOSED SETTLEMENT ORDER, I'D BE HAPPY TO

 4    RECEIVE IT AND LOOK AT IT.  YOU CAN HAND IT TO MY COURTROOM

 5    DEPUTY.

 6              MR. PARIS:  YOUR HONOR, THIS IS -- THE ORDER THAT I'M

 7    PRESENTING IS AGREED UPON BY BOTH SIDES (HANDING).

 8              THE COURT:  GREAT, OKAY.  YOU HAVE THIS, MS. LEES?

 9              MS. LEES:  YES, THANK YOU, YOUR HONOR.

10              THE COURT:  ALL RIGHT.  THANK YOU.

11         I'LL TAKE THIS AND REVIEW THIS AND I'LL HAVE IT SIGNED AND

12    DELIVERED TO OUR COURTROOM DEPUTY FOR FILING PURPOSES.

13         ANYTHING FURTHER THEN, COUNSEL?

14              MR. PARIS:  NO, YOUR HONOR.  THANK YOU.  IT'S BEEN A

15    PLEASURE.

16              MS. LEES:  THANK YOU VERY MUCH, YOUR HONOR.

17              THE COURT:  THANK YOU VERY MUCH.  GOOD TO SEE YOU ALL

18    AGAIN.

19         (THE PROCEEDINGS WERE CONCLUDED AT 9:29 A.M.)

20

21

22

23

24

25
```

1

2

3                           CERTIFICATE OF REPORTER

4

5

6

7           I, THE UNDERSIGNED OFFICIAL COURT REPORTER OF THE UNITED

8       STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA,

9       280 SOUTH FIRST STREET, SAN JOSE, CALIFORNIA, DO HEREBY

10      CERTIFY:

11          THAT THE FOREGOING TRANSCRIPT, CERTIFICATE INCLUSIVE, IS

12      A CORRECT TRANSCRIPT FROM THE RECORD OF PROCEEDINGS IN THE

13      ABOVE-ENTITLED MATTER.

14

15

16      _____
        LEE-ANNE SHORTRIDGE, CSR, CRR
17      CERTIFICATE NUMBER 9595

18      DATED:  NOVEMBER 7, 2013

19

20

21

22

23

24

25