# EXHIBIT J

## Motion to Compel Discovery From Objector Hull - Appendix A

### Examples of Cases in Which Christopher Bandas Has Filed Objections and Dismissed, Abandoned or Withdrawn the Objections or Appeal Without Attaining Settlement Changes or Additional Benefits for the Class

| Case | Client(s) | Outcome of Objection | Appeal | Outcome of Appeal |
|---|---|---|---|---|
| *Brown v. Wal-Mart Stores, Inc.* (Ill. Cir. Ct., Fourteenth Judicial Cir., No. 01 L 85) | Jill Carlson | Relevant excerpts from 10/29/09 "Order Denying Objections to the Settlement and Fees and the Motion to Intervene and for Pro Hac Vice Admission":<br><br>"Christopher Bandas … is a Texas lawyer well known for his practice of routinely filing objections in class action settlements across the country.<br><br>"The Bandas Objection filed on behalf of Ms. Carlson is a generic boilerplate objection prepared and filed by attorneys working for their own personal benefit and not for the benefit of this Class or for those lawyers' client. The record before the Court demonstrates that Bandas is a professional objector who is improperly attempting to 'hijack' the settlement of this case from deserving class members and dedicated, hard working counsel, solely to coerce ill-gotten, inappropriate and unspecified 'legal fees.' Bandas has filed virtually identical, frivolous objections in South Carolina, Iowa, Missouri and Florida in settlements of similar wage and hour class actions against Wal-Mart.<br><br>"In Missouri, Bandas' local counsel appeared at the final fairness hearing but only to withdraw as counsel due to the fact that he could not in 'good conscience…continue to work toward the strategic objectives outlined…by Mr. Bandas.' Judge Midkiff entered separate orders nullifying the Bandas objection and denying his motion for admission pro hac vice. … This did not dissuade Bandas from filing a Notice of Appeal (with new local counsel)… | Unknown. | Unknown. |

| Case | Client(s) | Outcome of Objection | Appeal | Outcome of Appeal |
|---|---|---|---|---|
| | | "The Court finds that a lack of involvement and participation by Ms. Carlson and her counsel, combined with their attempt to inject themselves at the last minute into this eight year litigation constitutes an effort to extort money from the Class and/or Class Counsel. Though filed by two lawyers, the Bandas Objection offers nothing in the way of specific criticisms of the proposed Settlement. The content of the Bandas Objection demonstrates that neither Ms. Carlson nor her counsel has ever visited the settlement website or read the Stipulation of Settlement in this case. "The Court therefore strikes the Bandas Objection for failure of proof, and failure to demonstrate that the objector is acting on behalf of the Class. "In *In re: Dynamic Random Access Memory Antitrust Litigation*, filed in the Northern District of California, Bandas withdrew his objection after 'further investigation,' which revealed that Bandas wholly failed to adhere to his Rule 11 obligations to thoroughly investigate his client's claims. "In Miller County, Arkansas, attorney Bandas filed a canned objection in *Lane's Gifts and Collectibles, LLC v. Yahoo! Inc.* The court denied the objection. Attorney Bandas then appealed, but he withdrew the appeal 48 hours later. "Most recently, in March 2009, Bandas withdrew an objection to a proposed settlement he filed in a class action pending in Oklahoma, *Sacket v. Great Plains Pipeline Co., et al.* The withdrawal came only after counsel for the class vehemently opposed the objection, highlighting Bandas' history of filing canned objections at the last moment in an effort to extort attorneys' fees." | | |

2

| Case | Client(s) | Outcome of Objection | Appeal | Outcome of Appeal |
|---|---|---|---|---|
| *Carter v. Wal-Mart Stores, Inc.* (S.C. Ct. Com. Pleas, Colleton Cty., No. 06-CP-I5-839) | Tabitha Forward | Relevant excerpts from 6/3/09 "Order Denying Objections to Settlement Between Class Plaintiffs and Wal-Mart": <br><br> "The second objection … was purportedly filed on behalf of a class member by a member of the South Carolina Bar and Christopher Bandas, a Texas lawyer well known for his practice of routinely filing objections in class action settlements across the country. The Court was informed that Mr. Bandas and a Missouri attorney had filed a virtually identical objection in *Hale v. Wal-Mart*, pending in Missouri. Bandas' Missouri objection was nullified after his local counsel withdrew and no one appeared on Bandas' behalf at the Missouri Fairness Hearing. <br><br> "[I]n spite of the fact that no one appeared to offer any evidence or testimony in support of the Bandas objection, in spite of the fact that the Bandas objection fails to meet the procedural requirements established by this Court, and in spite of the fact that Mr. Bandas is a serial professional objector, I have reviewed and considered the Bandas objection on its merits. The Court finds that, for a plethora of reasons, the Bandas objection lacks substantive merit." | Unknown filing date. | Voluntarily dismissed (11/19/09). |
| *In re Cellphone Termination Fee Cases*, (Alameda Super. Ct., JCCP No. 4332) | Sulekha Anand | The 6/10/08 Final Approval Order and Judgment makes no mention of objections. | Filed 6/26/08 (Cal. App. 1st Dist., No. A122765). | The California Court of Appeal affirmed the judgment. 180 Cal. App. 4th 1110 (2009), *rev. denied*, 2010 Cal. LEXIS 3458 (Apr. 14, 2010). |
| *Checkmate Strategic Group v. Yahoo! Inc.* (C.D. Cal., No. 05-cv-04588-CAS-FMO) | Backwater Safari Guide Service; Larry Ebest; Ruben Lerma | Other objectors to the settlement withdrew their objections prior to the entry of the 3/26/07 final approval order and judgment (Dkt. 200). | Filed 4/26/07 (9th Cir., No. 07-55597). | Voluntarily dismissed pursuant to stipulation (Dkt. 8, 7/31/07). |

Case3:07-cv-05944-SC   Document1089-1   Filed03/15/12   Page16 of 22

| Case | Client(s) | Outcome of Objection | Appeal | Outcome of Appeal |
|---|---|---|---|---|
| *Closson v. Bank of America* (San Francisco Super. Ct., No. CGC-436877) | Doris Saint; Aaron Petrus; Jan L. Petrus | Overruled (8/3/09 Order Finally Approving Class Action Settlement). | Filed 9/1/09 (Cal. App. 1st Dist., No. A125963). | Voluntarily dismissed (6/23/11). |
| *Conroy v. 3M Corporation* (N.D. Cal., No. C 00-2810 CW) | Lillian Rogers | Final approval order and judgment entered 4/21/06.<br><br>The Court granted plaintiffs' motion to require Bandas to post an appellate cost bond totaling $431,167. "The Court finds that the Bandas Law Firm and Ms. Rogers' objections to the proposed settlement were unfounded, and therefore views their appeals as unlikely to succeed. ... Ms. Rogers' objections were patently frivolous: her cookie-cutter written objection bore no particular relationship to the circumstances of the settlement here, and at the hearing, her counsel erroneously referred to this case as involving 'defective' tape." 2006 U.S. Dist. LEXIS 96169, at *10-11 (N.D. Cal. Aug. 10, 2006). | Bandas Law Firm, P.C. appeal of final approval order filed 5/25/06 (9th Cir., No. 06-15980).<br><br>Bandas Law Firm, P.C. appeal of bond order filed 8/21/06 (9th Cir., No. 06-16627). | Appeal of final approval order voluntarily dismissed (9/22/06).<br><br>Appeal of bond order voluntarily dismissed (9/19/06). |
| *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.* (N.D. Cal., Master File No. M-02-1486-PJH, MDL No. 1486) | Erwin Bruder; Michael Richline, dba Richline Technical Services | Bruder and Richline objections filed 10/3/06, withdrawn 10/31/06. | Not filed. | Not applicable. |
| *Fleury v. Richemont North America, Inc.* (N.D. Cal., No. C-05-4525 EMC) | Mary Meyer | "[T]he Court has considered the objections that were made but none persuade the Court that the settlement should be further altered." 7/3/08 final approval order (Dkt. 278) at 34. | Appeal of final approval order filed 7/23/08 (9th Cir., No. 08-16724).<br><br>Appeal of fee order filed 8/13/08 (9th Cir., No. 08-16995). | Both appeals voluntarily dismissed (Dkt. 11, 13, 12/9/08). Stipulated settlement of 12/4/08 in which plaintiffs and defendants paid a combined $55,000 to Meyer's counsel Bandas and Frank Liuzzi. |

4

| Case | Client(s) | Outcome of Objection | Appeal | Outcome of Appeal |
|---|---|---|---|---|
| *Hale v. Wal-Mart Stores, Inc.* (Mo. Cir. Ct., Jackson Cty., No. 01 CV 218710) | Debbie Taylor | Unknown. | Filed 7/2/09. | Voluntarily dismissed (11/10/09). |
| *Lane's Gifts and Collectibles, L.L.C. v. Yahoo! Inc.* (Ark. Cir. Ct., Miller Cty., No. CV-2005-52-1) | Depo Express; Christopher Bandas; Bandas Law Firm | Final approval order and judgment, and order denying objectors' motion to intervene entered 7/26/06 and 8/1/06. | Filed 8/23/06; withdrawn shortly thereafter. | Not applicable. |
| *Lobo Exploration Company v. BP America Production Company* (Okla. Dist. Ct., Beaver Cty., No. CJ-97-72) | Vernon Scott | In its 11/14/05 "Order Striking the 'Objection' of Vernon Scott and Denying the Motion of Christopher Bandas to be Admitted Pro Hac Vice," the court found that Bandas's client was not a class member. "Mr. Scott purports to be a royalty owner in BP America operated wells – this action involves working interest owners, and has absolutely nothing to do with royalty interests. Accordingly, Mr. Scott is not a Class Member and lacks standing to object to the Settlement or to the request for Fees and Costs." The objection was also found to be untimely.<br><br>A month later, Bandas filed an appeal on behalf of the same objector. | Filed 12/15/05. | Unknown. |
| *In re: Managed Care Litig.* (S.D. Fla., No. 00-MD-01334) | Ray G. Hooper. M.D. | The 3/15/06 final approval order (Dkt. 4876) indicated that the court had considered the various objections. | Filed 4/12/06 (11th Cir., No. 06-12354-E). | Voluntarily dismissed (on or about 5/9/06). |
| *Mussmann v. Wal-Mart Stores, Inc.* (Iowa Dist. Ct., Clinton Cty., No. LACV-27486) | Terry Healy | Relevant excerpts from 10/13/09 "Order Regarding Terry Healy's Objection and Motion to Intervene":<br><br>"Mr. Healy became involved in this lawsuit after being contacted by attorney Jim Roth at the request of Texas attorney Christopher Bandas. Attorney Bandas has filed objections in other similar lawsuits filed in other states. Mr. Bandas is a professional objector counsel. | Not filed. | Not applicable. |

5

Case3:07-cv-05944-SC   Document1089-1   Filed03/15/12   Page18 of 22

| Case | Client(s) | Outcome of Objection | Appeal | Outcome of Appeal |
|------|-----------|----------------------|--------|-------------------|
|      |           | "Mr. Healy knew from the first conversation with Mr. Roth that 'Mr. Bandas was behind this,' and that 'Mr. Bandas was doing this all across the country.' |        |                   |
|      |           | "Neither attorney Bandas, nor attorney Roth advised Mr. Healy that attorney Bandas had been found by a Florida court in the *Ouellette* Order to be engaging in a conspiracy with his clients and co-counsel to extort money from class members and class counsel, through a similar practice of objecting to the proposed settlement in the Florida Wal-Mart lawsuit. |        |                   |
|      |           | "Terry Healy's 'canned' objection in this matter closely resembles the numerous other objections filed by attorney Bandas in other jurisdictions where Wal-Mart settlements have been finally approved, including South Carolina, Florida and Missouri. The consistency of attorney Bandas' errors and the similarity between attorney Bandas' objections across different cases demonstrates the canned nature of the objection and reveals attorney Bandas' true motives. |        |                   |
|      |           | "It is obvious here that the attorneys initiating Mr. Healy's objection expended minimal time and resources, by filing a 'canned' objection to the proposed settlement and then not participating or appearing in any formal sense. In those circumstances, the merits of the objection appear to be of little consequence to the professional objector; causing delay in the settlement process generates their fees and payments, not proving to the trial court that the proposed settlement is inappropriate. … Upon filing the notice of appeal, the professional objector simply waits for class counsel to succumb to the pressure pay the extorted fees in return for dismissing the appeal and releasing the settlement funds. |        |                   |

| Case | Client(s) | Outcome of Objection | Appeal | Outcome of Appeal |
|---|---|---|---|---|
| | | "[T]his Court concludes that attorney Christopher A. Bandas is a professional objector. The Court is concerned that attorney Bandas is seeking to wrongfully use the class action settlement and objection process for personal gain, and without any corresponding benefit to any individual objector or the settlement class as a whole. Attorney Bandas, acting through local counsel, Mr. Roth, contacted a class member who did not otherwise display any motivation to object or to intervene in the proposed class action settlement.<br><br>"One Court describes these efforts by attorney Bandas and other professional objectors as 'extortion.'" (citing *Ouellette*)."<br><br>Re the deposition of objector Healy: "Mr. Healy has no doubt in his mind that the *Ouellette* Court, when they are talking about extortion of money by these attorneys, including the action of Christopher Bandas. ... Mr. Healy then wanted to stop the deposition, 'because I think it is a farce. ... [T]he fact is that neither one of these two attorneys are willing to intercede on my behalf here, and there's something wrong with that. I'm sorry. So you know, you can bother someone else. I really don't care. ... I was of the understanding I wouldn't have to give a deposition. That's a lie right there. ... I'm here and neither one of these are available to help me out here. I don't really need this. So absolutely I don't want no more [sic] to [do] with this.'" | | |
| *Ouellette v. Wal-Mart Stores, Inc.* (Fla. Cir. Ct., Washington Cty., No. 67-01-CA-326) | Kevin Dimla | Relevant excerpts from 8/21/09 "Order and Final Judgment Approving Settlement Between Class Plaintiffs and Wal-Mart Stores, Inc.":<br><br>"The Court finds that all of the objections filed against the settlement of this case were all generic boilerplate | Filed 9/25/09 (Fla. App., 1st Dist., No. 1D09-4881). | Voluntarily dismissed (10/29/09). |

7

| Case | Client(s) | Outcome of Objection | Appeal | Outcome of Appeal |
|---|---|---|---|---|
| | | objections prepared and filed by a group of attorneys who the Court finds have been working through collusion for their own personal benefit and not for the benefit of this class or their clients. … The Court finds that a lack of involvement and participation of the objectors and their counsel who were not present and a lack of involvement and participation of the attorneys that were present combined with their attempt to inject themselves at the last minute into this eight year litigation constitutes an effort to extort money from the class and/or class counsel. The court struck the objections … for failure of proof, failure to demonstrate participation in the class action on behalf of the class, and failure to appear at the fairness hearing. Further, the Court finds that all of the objections … have no substantive merit and the court overrules all of the objections on that additional ground." Slip op. at ¶¶19-20. | | |
| *Savaglio v. Wal-Mart Stores, Inc.* (Alameda Super. Ct., No. C-835687) | Lolita Wells | Final approval of settlement granted 4/8/10, overruling objections except as to amount of attorneys' fees. The 9/10/10 order on fees indicated that the court had "rejected all objections to the requested fee award." | Not filed. | Not applicable. |
| *In re Smokeless Tobacco Cases I, II* (San Francisco Super. Ct., JCCP Nos. 4250, 4258, 4259, 4262) | Sean Hull | Objection filed 2/4/08 in pro per. Involvement of Bandas was divulged on 2/20/08 by Dennis Bartlett, a Denver attorney who was representing Hull.<br><br>Final approval granted and fees awarded 3/12/08. | Hull filed notice of appeal on 4/11/08. | Voluntarily dismissed (2/26/09). |
| *In re: Wal-Mart Wage and Hour Employment Practices Litig.* (D. Nev., MDL No. 1735) | Jessica Gaona | Final approval order of 11/2/09 (Dkt. 491) indicated that the court had considered and rejected the objections.<br><br>After various objectors appealed the final approval order, the court granted plaintiffs' and defendant's motions for bond pending appeal, stating: "For the reasons articulated at the hearing conducted October 19, 2009, and for the additional reasons advanced by Plaintiff's co-lead class counsel and Defendant Wal-Mart in their respective | Filed 11/23/09 (9th Cir., No. 09-17648). | Dismissed by summary affirmance of 11/2/09 final approval order (Dkt. 47, 8/10/10). |

8

| Case | Client(s) | Outcome of Objection | Appeal | Outcome of Appeal |
|---|---|---|---|---|
| | | motions for bond pending appeal, the Court finds that the objections are not supported by law or the facts and are indeed meritless.<br><br>"Objectors' counsel have a documented history of filing notices of appeal from orders approving other class action settlements, and thereafter dismissing said appeals when they and their clients were compensated by the settling class or counsel for the settling class.<br><br>"In sum, this Court finds that the Appeals taken by Objectors Gaona, Swift, Andrews and Maddox, are frivolous and are tantamount to a stay of the Judgment entered by this Court on November 2, 2009 approving the comprehensive class settlement in this case which provides fair compensation [*18] to millions of class members, as well as injunctive relief ensuring against further loss to persons similarly situated. The Court further finds that the four Objectors should be required to file and appeal bond sufficient to secure and ensure payment of costs on appeals which in the judgment of this Court are without merit and will almost certainly be rejected by the Ninth Circuit Court of Appeal." 2010 U.S. Dist. LEXIS 21466 (D. Nev. March 8, 2010), *stay denied*, 2010 U.S. Dist. LEXIS 52001 (May 25, 2010). The objectors were ordered to pay an appeal bond of $500,000. 2010 U.S. Dist. LEXIS 21466, *18-19.<br><br>In the subsequent order on objectors' motion to stay the March 8, 2010 ruling, Judge Pro stated: "The argument's [sic] by Objectors counsel that they misunderstood the law with regard to their obligations to either to comply with this Court's Order that they post an appeal bond or otherwise seek relief from that Order rings hollow. The conduct of Objectors and their counsel is compounded by their prior demand of $800,000 to cease their appeals. | | |

| Case | Client(s) | Outcome of Objection | Appeal | Outcome of Appeal |
|---|---|---|---|---|
| | | The obligation of Objectors to comply with this Court's Order that they post an appeal bond and the justification for their failure to do so falls on the shoulders not only of the four objectors individually, but on those of their counsel." 2010 U.S. Dist. LEXIS 52001, *15-16.<br><br>On June 3, 2010, the Ninth Circuit stayed the May 25, 2010 bond order pending the appeal of the final approval order, and on August 10, 2010 affirmed the district court's order approving the settlement. | | |
| In re: Wal-Mart Stores, Inc. Wage and Hour Litig. (N.D. Cal., No. 06-CV-02069 SBA) | Nicole Clemente; Lolita Wells | Objections filed 9/7/10; withdrawn 11/6/10. | Not filed. | Not applicable. |
| Wilson v. Airborne, Inc. (C.D. Cal., No. CV-05-00770) | Kervin M. Walsh | Objections overruled in final approval and fee order (Dkt. 170, 8/13/08). | Filed 9/11/08 (9th Cir., No. 08-56542). | Voluntarily dismissed per stipulation (Dkt. 18, 2/20/09). |
| Yoo v. Wendy's Int'l (C.D. Cal., No. CV07-4515 (FMC (JCx)) | Kervin M. Walsh | Settlement approved and fees awarded 3/9/09 (order revised 3/13/09). | Filed 4/8/09 (9th Cir., No. 09-55554). | Voluntarily dismissed (10/26/09). |