Simon Bahne Paris
Patrick Howard
**SALTZ, MONGELUZZI, BARRETT
& BENDESKY, P.C.**
One Liberty Place, 52nd Floor
1650 Market Place
Philadelphia, PA19103
Telephone: (215) 575-3985
Facsimile: (215) 496-0999
Email: sparis@smbb.com
          phoward@smbb.com

*Co-Lead for The Settlement Class*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## <u>SAN JOSE DIVISION</u>

| | |
|---|---|
| **IN RE APPLE IN-APP PURCHASE LITIGATION** | Case No. 11-cv-1758 EJD<br><br>**CLASS ACTION**<br><br>**[PROPOSED] ORDER ON PLAINTIFFS' MOTION FOR POSTING OF AN APPEAL BOND TO SECURE PAYMENT OF COSTS ON APPEAL (FED. R. APP. P. 7) AND FOR LEAVE TO CONDUCT DISCOVERY ON OBJECTOR, CINDY MURREY** |
| **This Document Relates to:**<br><br>**ALL ACTIONS** | |

        This matter comes before the Court on Plaintiffs,  Garen Meguerian, Lauren Scott, Kathleen Koffman, Heather Silversmith and Twilah Monroe  and the certified settlement class's (collectively, "Plaintiffs") Motion for Posting of An Appeal Bond to Secure Payment of Costs on Appeal and for Leave to Conduct Discovery from Objector, Cindy Murrey ("Motion").  The Court has considered the written submissions and finds as follows with good cause being shown:

        In a civil case, the district court may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal."  Fed. R. App. P. 7.  District courts in this Circuit typically consider the following factors in determining the

need for a bond:  "(1) appellant's financial ability to post bond; (2) the risk that appellant would not pay the costs if the appeal loses; and (3) an assessment of the likelihood that appellant will lose the appeal and be subject to costs." *Schulken v. Washington Mut. Bank*, No. 09-CV-02708-LHK, 2013 WL 1345716, at *4 (N.D. Cal. Apr. 2, 2013).

"[C]ourts in the Northern District have recognized that collecting costs from out of state appellants may be difficult" and have found the second factor weighs in favor of requiring out-of-state class members appealing an order approving a class settlement, like Murrey who resides in Texas, to pay a bond.  *Id.* at *5.  The third factor "weighs heavily in favor of setting an appeal bond" where the appeal raises concerns by a class member objecting to the adequacy of a settlement, which have already been considered by the court and found to lack merit.  *Id.*  Here, Murrey's objection was untimely, but in any event lacks merit because, *inter alia*, her remaining challenges to the fairness of the settlement and scope of the release are conclusory and have already been rejected by this court in approving the settlement, she lacks standing to challenge the award of fees and expenses because they are separate and distinct from any benefit payable to the class. *See Glasser v. Volkswagen of Am., Inc.*, 645 F.3d 1084, 1088 (9th Cir. 2011) (dismissing appeal for objector's lack of Article III standing to challenge separately negotiated and funded fee payment),

**THEREFORE**, based upon the Court's findings, it is hereby **ORDERED** that:

1.  Cindy Murrey is ordered to post an appeal bond in the amount of $_____ within five (5) days of this order; or her appeal will face dismissal;

2.  Plaintiffs are granted leave to conduct discovery on Cindy Murrey, including her deposition, which – unless otherwise agreed to - shall take place at the Federal Courthouse in the Northern District of California, San Jose, CA within twenty (20) days of this order;

3.  Ms. Murrey shall also provide Class Counsel with sufficient proof of her standing to appeal, including the name and age of the minor who made the in-app purchases; the date that the purchase(s) occurred; and the name of the Qualified App(s); and

4.  Plaintiffs are granted leave to conduct discovery of the Bandas Law Firm, P.C. as to its history of (i) the Cindy Murrey objection and any involvement of any member of the Bandas

1 Law Firm, P.C. prior to Mr. Bandas' entry of appearance before the Ninth Circuit on November

2 19; (ii) prior objections in state or federal court by Murrey, relatives of Murrey or the Bandas

3 Law Firm, P.C. to other class action settlements; (iii) any fee sharing arrangements between the

4 Bandas Law Firm, P.C. and Murrey in relation to the Murrey objection, or other objections to

5 class actions on behalf of – or referred by – Murrey or a relative of Murrey; and (iv) any

6 settlements or payouts that the Bandas Law Firm, P.C. or Murrey have received in return for

7 withdrawing an objection to or appeal from a class action settlement.

8       **IT IS SO ORDERED**.

9       Dated: _____, 2013    _____

10                                                THE HONORABLE EDWARD J. DAVILA

11                                                UNITED STATES DISTRICT COURT JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28