Simon Bahne Paris (admitted *pro hac vice*)
Patrick Howard (admitted *pro hac vice*)
**SALTZ, MONGELUZZI, BARRETT**
**& BENDESKY, P.C.**
One Liberty Place, 52nd Floor
1650 Market Place
Philadelphia, PA 19103
Telephone: (215) 575-3985
Facsimile: (215) 496-0999
Email: sparis@smbb.com
       phoward@smbb.com

Michael J. Boni
Joshua D. Snyder (admitted *pro hac vice*)
**BONI & ZACK LLC**
15 St. Asaphs Road
Bala Cynwyd, PA 19004
Telephone: (610) 822-0200
Facsimile: (610) 822-0206
Email: mboni@bonizack.com
       jsnyder@bonizack.com

*Plaintiffs' Co-Lead Counsel for the Settlement Class*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## <u>SAN JOSE DIVISION</u>

| | |
|---|---|
| IN RE APPLE IN-APP PURCHASE LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 11-cv-1758 EJD<br><br>**CLASS ACTION**<br><br>**APPLICATION FOR AN ORDER SHORTENING TIME FOR A HEARING ON PLAINTIFFS' MOTION FOR POSTING OF AN APPEAL BOND TO SECURE PAYMENT OF COSTS ON APPEAL (FED. R. APP. P. 7) AND LEAVE TO CONDUCT DISCOVERY ON OBJECTOR, CINDY MURREY** |

# INTRODUCTION

Plaintiffs, Garen Meguerian, Lauren Scott, Karen Koffman, Heather Silversmith and Twilah Monroe and the certified settlement class (collectively "Plaintiffs") hereby move this Court, pursuant to Local Rule 6-3, for an order shortening time for a hearing on Plaintiffs' Motion for Posting an Appeal Bond to Secure Payment of Costs on Appeal and For Leave to Conduct Discovery on Objector Cindy Murrey ("Murrey").

Plaintiffs request that the Court hear their Motion on December 13, 2013.[1] In the district court action, Murrey is *pro se*, and Class Counsel contacted her both by electronic mail on November 18 and by telephone on November 19 to request that she stipulate to the requested shortened schedule to obviate the need for this motion. Murrey did not respond. (Howard Dec. at ¶¶5-6). During the afternoon of November 19, Christopher Bandas, Esquire, entered his appearance in the Ninth Circuit on behalf of Murrey. Courts in this district recognize Bandas as a known "professional" or "serial" objector who "improperly attempt[s] to 'hijack' settlement[s]…from deserving class members and dedicated, hardworking counsel, solely to coerce ill-gotten, inappropriate, and unspecified legal fees." *In re: Cathode Ray Tube Antitrust Litig.*, 281 F.R.D. 531, 533 n.4 (N.D. Cal. 2012).[2] Class Counsel contacted Bandas via email on November 19, and requested he stipulate to the shortened briefing schedule. He too did not respond. (Howard Decl. at ¶7).

At the outset, the Murrey objection was untimely, and therefore, she lacks any standing to appeal. In addition, based on postings on social networking websites, it appears that Murrey's daughter – Kelly Murrey-Jackson – works for Bandas. (Howard Decl. at Ex A). The Bandas-Murrey association is particularly troubling considering Bandas has previously

---

[1] Per the Court's standing orders, Plaintiffs contacted the Court's deputy clerk to obtain a motion reservation for December 13, 2013. Plaintiffs were advised that the Court would be available to accommodate the motion on that day.

[2] *See also In re Hydroxycut Marketing and Sales Practice Litig.*, Case No. 09-md-2087-BTM 2013 U.S. Dist. LEXIS 133413, *71(S.D. Cal Sept. 17, 2013)(striking objections filed by Bandas because they were solely intended for "the improper purpose of obtaining a cash settlement in exchange for withdrawing objections.")

*[No.. 11-cv-1758-EJD]* APPLICATION FOR AN ORDER SHORTENING TIME FOR A HEARING ON PLAINTIFFS' MOTION FOR POSTING OF AN APPEAL BOND TO SECURE PAYMENT OF COSTS ON APPEAL (FED. R. APP. P. 7) AND LEAVE TO CONDUCT DISCOVERY ON OBJECTOR, CINDY MURREY **2**

been found to have engaged in a "conspiracy with his clients…to extort money from class members and class counsel." (Howard Dec.at Ex. B at 6)(attaching chart collecting cases in which Bandas conduct in objecting to settlements has been criticized). And this is not the first attempt by the Murreys to hijack a class action settlement; indeed, another member of the Murrey family recently filed a similar, *pro forma* objection, which was overruled; appealed nonetheless; but ultimately never prosecuted the appeal. *See Chambers v. Weber-Stephen Products LLC*, San Diego Superior Court, Case No. 37-2011~00085919~CU-BT-CTL. (Howard Decl. at Exs. C, D).

Here, absent expedited consideration, the Bandas-Murrey duo will be able to improperly delay the benefits of an exceptional settlement to the entire settlement class — including to more than 30,000 parents and other individuals who have submitted claims to date—through a meritless appeal intended "solely for the improper purpose of obtaining a cash settlement" without having to provide any security to cover the unnecessary costs Plaintiffs have incurred and will continue to incur in having to defend. *See In re Hydroxycut*, 2013 U.S. Dist. LEXIS 133413, at *71.

## MEMORANDUM AND POINTS OF AUTHORITY

### I. BACKGROUND FACTS

On May 2, 2013, the Court granted preliminary approval of the proposed class action settlement and set certain deadlines for opt-outs and objectors and scheduled a final fairness hearing for October 18, 2013. (ECF No. 104). On June 14, 2013, due to the volume of the email notices as well as the need to comply with the mandates of *In re Mercury Interactive Corp. Securities Litigation*, 618 F.3d 988 (9th Cir. 2010), the Court entered a stipulation to adjust the deadlines for opt-outs and objections. (ECF No. 108). The Court ordered that Plaintiffs' motion for an award of reasonable attorneys' fees and costs and class representative enhancement fees and all supporting papers be filed with the Court on or before August 9, 2013.

The stipulation also ordered that:

> Objections by any settlement class member to the terms of the settlement or the certification of settlement class, the payment of

> fees to class counsel, or entry of final judgment shall be heard and considered by the Court only if, **on or before August 30, 2013**, such objector files with the court a notice of the objection, submits documentary proof that he or she is a member of the settlement class, states the basis for the objection, and serves copies of the objection and all supporting documents on all counsel for the settlement class, as designed above. ***In order to be considered at the hearing, all objections must be actually received by counsel for the settlement class on or before August 30, 2013.*** *Id*. (emphasis added).

On August 9, 2013, per the Court's order, Plaintiffs filed their motion for reasonable attorneys' fees and costs and posted it on the settlement website.[3] However, the Murrey objection was *not* received by either the Court or counsel by August 30, 2013, as required by the order. Although on its face the Murrey objection is dated August 28, 2013, it bears a date-stamp noting that it was received by the Court on September 3, 2013 (*see* ECF No. 119, KCC Decl. Ex. G), and the docket entry for the Murrey objection reflects a filing date of September 3, 2013. In addition, the parties' claims administrator did not receive the Murrey objection until after the August 30, 2013 deadline. *Id*.

In conclusory fashion, the Murrey objection claimed that the parties had not met their burden to show that the settlement was "fair, reasonable and adequate" and that Class Counsel did not afford her with sufficient time to evaluate the fee and expense application. (ECF No. 119). On October 18, 2013, the Court held a fairness hearing. Murrey did not attend the hearing nor did anyone on her behalf. Notwithstanding, the Court entertained argument relating to all the objections, and afterward, overruled them all (and all other objections) and entered final approval of a settlement affording class members full refunds for in-app purchases made by a minor without their knowledge and permission. (ECF No. 127, ¶5).

This is not the Murrey family's first objection to a class action settlement and subsequent appeal. Michael Murrey – Cindy's husband – filed a nearly identical objection in the consumer class action, *Chambers v. Weber-Stephen Products LLC*, in California State

---

[3]*See* https://www.itunesinapppurchasesettlement.com/ (last visited November 18, 2013).

*[No.. 11-cv-1758-EJD]* APPLICATION FOR AN ORDER SHORTENING TIME FOR A HEARING ON PLAINTIFFS' MOTION FOR POSTING OF AN APPEAL BOND TO SECURE PAYMENT OF COSTS ON APPEAL (FED. R. APP. P. 7) AND LEAVE TO CONDUCT DISCOVERY ON OBJECTOR, CINDY MURREY **4**

Court. (Howard Decl. at Ex. C). Mr. Murrey's objection – in perfunctory fashion – also claimed that settlement was "unfair, inadequate, and unreasonable" and that the request for attorneys' fees was excessive. (*See id.*). Mr. Murrey did not attend the fairness hearing, his objection was overruled and he filed an appeal. Mr. Murrey's appeal, however, was summarily dismissed. (*See* Howard Decl. at Ex. D).

Now, Murrey – likely through her daughter Kelly Murrey-Jackson – has retained Bandas, a known serial objector who has been chastised by Courts across the country for his conduct in objecting to class action settlements solely to extort a cash settlement. (Howard Decl. at Ex B).[4] Without a bond, Plaintiffs will have no security to recoup any costs they incur in having to oppose the Bandas- Murrey efforts to stymie an exceptional class action settlement.

## II. ARGUMENT

Plaintiffs intend to request the imposition of a Rule 7[5] bond, and, are filing their bond motion concurrently with this motion to shorten time. In the event that Murrey fails to post security for her appeal, Plaintiffs' intend to move for dismissal of the appeal.

An expedited hearing on a Plaintiffs' motion is appropriate here to prevent a potential

---

[4] Although not filed yet, Class Counsel intends to challenge Mr. Bandas' application for *pro hac* admission into this Court based on his long established track record of inappropriate conduct.

[5] "In a civil case, the district court may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal." Fed. R. App. P. 7. As will be explained more fully in Plaintiffs' motion for a bond, district courts in this Circuit typically consider the following factors in determining the need for a bond: "(1) appellant's financial ability to post bond; (2) the risk that appellant would not pay the costs if the appeal loses; and (3) an assessment of the likelihood that appellant will lose the appeal and be subject to costs." *Schulken v. Washington Mut. Bank*, No. 09-CV-02708-LHK, 2013 WL 1345716, at *4 (N.D. Cal. Apr. 2, 2013). "[C]ourts in the Northern District have recognized that collecting costs from out of state appellants may be difficult" and have found the second factor weighs in favor of requiring out-of-state class members appealing an order approving a class settlement, like Murrey who resides in Texas, to pay a bond. *Id.* at *5. The third factor "weighs heavily in favor of setting an appeal bond" where the appeal raises concerns by a class member objecting to the adequacy of a settlement, which have already been considered by the court and found to lack merit. *Id.* Here, Murrey's objection was untimely, but in any event lacks merit because, *inter alia*, her remaining challenges to the fairness of the settlement and scope of the release are conclusory and have already been rejected by this court in approving the settlement, she lacks standing to challenge the award of fees and expenses because they are separate and distinct from any benefit payable to the class. *See Glasser v. Volkswagen of Am., Inc.*, 645 F.3d 1084, 1088 (9th Cir. 2011) (dismissing appeal for objector's lack of Article III standing to challenge separately negotiated and funded fee payment),

abuse of the appellate process that will delay settlement benefits to thousands of class members. Absent a bond, it is far more likely that Bandas and Murrey will be able to pointlessly initiate and invoke the appellate process, just as Mr. Murrey did with his previous objection and appeal, in an effort to extort a cash payoff and do so without any consequences.  Likewise, in the event that the appeal is unsuccessful, Plaintiffs will have no security to recoup the costs they will have incurred in having to defend against this meritless appeal.

Murrey will suffer no harm or prejudice as a result of the shortened hearing date. Plaintiffs filed their motions within three business days of receiving the Murrey appeal notice. As proposed, Murrey will have twelve days – until December 2, 2013 - to file her opposition, if any.  Shortening time in this fashion will likely expedite the resolution of Murrey' s appeal because both Bandas and the Murreys' have a history of filing meritless objections, followed by meritless appeals. Requiring them to immediately post a bond, and thus face the financial consequences for filing a meritless appeal, may very well expedite the ultimate dismissal of the appeal, and thus conserve resources and reduce costs.

### III.     CONCLUSION

Based on the foregoing, Plaintiffs respectfully request that the Court grant their application to shorten time, and set their Motion for hearing on December 13, 2013.

Dated:  November 20, 2013

SIMON B. PARIS
PATRICK HOWARD
**SALTZ MONGELUZZI BARRETT & BENDESKY PC**
One Liberty Place, 52nd Floor
1650 Market Street
Philadelphia, PA  19103
Telephone: (215) 575-3986
Facsimile: (215) 496-0999

By:     */s/ Patrick Howard*
         PATRICK HOWARD

*[No..* 11-cv-1758-EJD] APPLICATION FOR AN ORDER SHORTENING TIME FOR A HEARING ON PLAINTIFFS' MOTION FOR POSTING OF AN APPEAL BOND TO SECURE PAYMENT OF COSTS ON APPEAL (FED. R. APP. P. 7) AND LEAVE TO CONDUCT DISCOVERY ON OBJECTOR, CINDY MURREY    **6**

Michael J. Boni
Joshua D. Snyder (admitted *pro hac vice*)
**BONI & ZACK LLC**
15 St. Asaphs Road
Bala Cynwyd, PA 19004
Telephone: (610) 822-0200
Facsimile: (610) 822-0206
Email:  mboni@bonizack.com
             jsnyder@bonizack.com

*Plaintiffs' Co-Lead Counsel for the Settlement Class*